JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION LLC, an Arizona Limited Liability Company, | CASE NO. CV 16-3546-R |
| Plaintiff, | ORDER GRANTING IN PART DEFENDANTS' MOTION TO STAY ACTION, OR IN THE ALTERNATIVE, DISMISS ACTION |
| v. | |
| ROBERT DIMAGGIO, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion to Stay Action, or in the Alternative, Dismiss Action Pursuant to Federal Rule of Civil Procedure 12(b)(6), which was filed on May 27, 2016. (Dkt. No. 9). This matter was taken under submission on June 28, 2016.

On a motion to dismiss, the trial court takes all well-pleaded facts in the Complaint to be true and determines whether, based upon those facts, the Complaint states a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). *See Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005). To state a claim, the Complaint must contain factual assertions which make the

1  claimed relief not merely possible, but "plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009);

2  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although factual assertions are taken as

3  true, the court does not accept legal conclusions as true. *Id*.

4        Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper only when a complaint

5  exhibits either a "(1) lack of a cognizable legal theory or (2) the absence of sufficient facts alleged

6  under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.

7  1988). Under the heightened pleading standards of *Twombly* and *Iqbal*, a plaintiff must allege

8  "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives

9  "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at

10  570. The Plaintiff must plead factual content that allows the court to draw the reasonable

11  inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The

12  court will not accept "threadbare recitals of the elements of a cause of action, supported by mere

13  conclusory statements . . ." *Id*.

14        Plaintiff brings two causes of action: (1) Unfair Competition pursuant to Cal. Bus. & Prof.

15  Code § 17200, *et seq.* ("UCL Claim"); and (2) False Advertising pursuant to Cal. Bus. & Prof.

16  Code § 17500, *et seq.* ("FAL Claim"). "To establish standing to bring a claim under these

17  statutes, plaintiffs must meet an economic injury-in-fact requirement." *Reid v. Johnson &*

18  *Johnson*, 780 F.3d 952, 958 (9th Cir. 2015); *see also Hinojos v. Kohl's Corp.*, 718 F.3d 1098

19  (1103-04) (explaining that suits under the UCL and FAL are not intended for those "who have not

20  used the defendant's product or service, viewed the defendant's advertising, or had any other

21  business dealings with the defendant.") (quoting *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758 (2010)).

22  As for the UCL Claim, "[t]here are innumerable ways in which economic injury from unfair

23  competition may be shown. [For example, a] plaintiff may (1) surrender in a transaction more, or

24  acquire in a transaction less, than he or she otherwise would have; (2) have a present or future

25  property interest diminished; (3) be deprived of money or property to which he or she has a

26  cognizable claim; or (4) be required to enter into a transaction, costing money or property, that

27  would otherwise have been unnecessary." *Law Offices of Mathew Higbee v. Expungement*

28  *Assistance Servs.*, 214 Cal. App. 4th 544, 561 (2013). In addition, and in contrast to Plaintiff's

Exhibit 98, Page 84

assertions to the contrary, the UCL requires that Plaintiff adequately "show that that economic injury was the result of, i.e., *caused by,* the unfair business practice . . . that is the gravamen of the claim." *Id.* at 562 (citations omitted) (internal quotation marks omitted) (emphasis in original).

Here, Plaintiff fails to adequately allege either injury in fact or that this injury was actually caused by Defendants' conduct. In its Complaint, Plaintiff makes only broad statements such as: "Defendant's [*sic*] false, misleading, illegal and deceptive practices have unjustly enriched Defendant[s] at the expense of Plaintiff, and have caused Plaintiff extensive and irreparable harm, including, but not limited to, loss of revenue, disparagement, and loss of goodwill." Compl. ¶ 4. However, Plaintiff fails to allege any complaints by any current or former customers, any non-conclusory information that might suggest that those in the market for Plaintiff's supplements are also in the market for Defendants' "research chemicals," that Plaintiff itself had purchased or used Defendants' products at any point, or that Plaintiff has lost even one order from one customer at all—let alone from Defendants' conduct. Plaintiff instead argues in its Opposition that "performance-minded men are likely to choose the stronger pharmaceutical (in this case the generic Viagra and Cialis), instead of a weaker herbal supplement to cure performance problems." Opp. at 6. Conclusory allegations based only on bare-assertions and unsupported assumptions cannot form a basis for relief. *See Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

**IT IS HEREBY ORDERED** that Defendants' Alternative Motion to Dismiss is GRANTED. (Dkt. No. 9).

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Application for Preliminary Injunction is DENIED as moot. (Dkt. No. 13).

Dated: July 8, 2016.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

3