1 | Damon D. Mircheff (State Bar No. 216257)
dmircheff@rutan.com
2 | Proud Usahacharoenporn (State Bar No. 278204)
pusaha@rutan.com
3 | RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
4 | Costa Mesa, California 92626-1931
Telephone:   714-641-5100
5 | Facsimile:   714-546-9035

6 | Attorneys for Defendants
IronMag Labs, LLC and
7 | Robert DiMaggio

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 |

11 | NUTRITION DISTRIBUTION LLC, an
Arizona Limited Liability Company,
12 |
Plaintiff,
13 | vs.

14 | IronMag Labs, LLC, a Nevada Limited
Liability Company, Robert DiMaggio, an
15 | individual, and DOES 1 through 10,
inclusive,
16 | Defendants.

| Case No. 2:15-cv-08233-R-JC |
| Hon. Manuel L. Real |

**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT  [L.R. 16-4]**

| Action Filed: | October 21, 2015 |
| Discovery Cutoff: | October 15, 2018 |
| Pretrial Conf.: | November 5, 2018 |
| Trial Date: | December 4, 2018 |

21 | / / /

22 | / / /

23 | / / /

24 | / / /

25 | / / /

26 | / / /

27 | / / /

28 | / / /

Rutan & Tucker, LLP
attorneys at law

# **TABLE OF CONTENTS**

**Page**

1.    INTRODUCTION ........................................................................1

2.    PLAINTIFF'S CLAIMS .............................................................1

    A.    Plaintiff's Claims for Relief..............................................1

    B.    Elements of Plaintiff's Claims ..........................................1

        (1)    Elements Required to Establish Plaintiff's Claim for Violation of the Lanham Act (false advertising)......................1

        (2)    Elements Required to Establish Plaintiff's Claims for Violation of the UCL ..............................................2

        (3)    Elements Required to Establish Plaintiff's Claims for Violation of the FAL..............................................3

    C.    Key Evidence in Opposition to Plaintiff's Claims ...............4

3.    DEFENDANTS' AFFIRMATIVE DEFENSES...........................8

    A.    Summary of Defendants' Unclean Hands Affirmative Defense................................................................................8

    B.    Elements of Defendants' Unclean Hands Affirmative Defense................................................................................8

    C.    Key Evidence Supporting Defendants' Unclean Hands Defense................................................................................9

        (1)    Plaintiff's Conduct is Inequitable ..............................9

        (2)    Plaintiff's Conduct Relates to the Subject Matter of Plaintiff's Claims in this Action ..............................11

    D.    Summary of Defendants' Failure to Mitigate Affirmative Defense..............................................................................11

    E.    Elements of Defendants' Failure to Mitigate Affirmative Defense..............................................................................12

    F.    Key Evidence Supporting Defendants' Failure to Mitigate Affirmative Defense.........................................................13

    G.    No Private Right of Action/Lack of Standing on Alleged FDCA Violations .............................................................13

4.    ANTICIPATED EVIDENTIARY ISSUES ...............................14

5.    ANTICIPATED LEGAL ISSUES GERMANE TO THE CASE................17

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12928277.2 a10/15/18

-i-

DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC

**Page**

6.    BIFURCATION OF ISSUES..................................................................20

7.    ISSUES TO BE RESOLVED BY THE JURY AND THE
      COURT............................................................................................20

      A.    Issues Triable to the Jury ....................................................20

      B.    Issues Triable to the Court ...................................................21

            (1)    The Court Should Decide Whether Plaintiff Is
                   Entitled To The Equitable Remedies It Seeks.........................22

                   (a)    Disgorgement of Profits ................................22

                   (b)    Injunctive Relief ............................................22

            (2)    Plaintiff's unclean hands...........................................23

            (3)    Plaintiff's failure to mitigate....................................23

            (4)    "Exceptional case"....................................................23

8.    ATTORNEYS' FEES FOR DEFENDANTS ............................................23

9.    ABANDONMENT OF ISSUES ..........................................................25

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12928277.2 a10/15/18

-ii-

DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC

1  **1.**    <u>**INTRODUCTION.**</u>

2        Defendants IronMag Labs, LLC ("IronMag Labs") and Robert DiMaggio

3  ("DiMaggio;" collectively, "Defendants") submit the following Memorandum Of

4  Contentions Of Law And Fact pursuant to Local Rule 16-4 of the Central District of

5  California.

6  **2.**    <u>**PLAINTIFF'S CLAIMS.**</u>

7      **A.**    <u>**Plaintiff's Claims for Relief.**</u>

8        <u>Claim 1</u>:  Defendants engaged in false advertising under the Lanham Act,

9  15 U.S.C. § 1125(a).

10        <u>Claim 2</u>:  Defendants violated the California Unfair Competition Law

11  ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.

12        <u>Claim 3</u>:  Defendants violated the California False Advertising Law ("FAL"),

13  Cal. Bus. & Prof. Code § 17500 et seq.

14      **B.**    <u>**Elements of Plaintiff's Claims.**</u>

15        **(1)**    <u>**Elements Required to Establish Plaintiff's Claim for**</u>

16            <u>**Violation of the Lanham Act (false advertising).**</u>

17        Plaintiff's Claim 1 is that some of Defendants' advertisements for two

18  products IronMag Labs sold between 2012 and 2016, OSTA RX and Super DMZ

19  4.0, were false or misleading in violation of the Lanham Act, 15 U.S.C. § 1125.  To

20  establish a false advertising claim under the Lanham Act based on Defendants' said

21  advertisements, Plaintiff must prove the following elements:

22        •  Defendants' advertisements contained false or misleading statements of

23            fact about those IronMag Labs products;

24        •  Defendants' advertisements for those IronMag Labs products misled a

25            substantial segment of its audience;

26        •  Such deception was material, *i.e.*, it was likely to influence consumers'

27            purchasing decisions;

28

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12928277.2 a10/15/18

-1-

DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC

- Defendants' advertisements for those IronMag Labs products were introduced into interstate commerce or in such a way as to have an impact on interstate commerce; and

- Plaintiff has an actual injury or damages caused by the alleged false or misleading statements in Defendants' advertisements for OSTA RX and Super DMZ 4.0.

*See Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1181 (9th Cir. 2003); *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 244 (9th Cir. 1990); *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1036 (C.D. Cal. 1998); *In re Century 21-Remax Real Estate Adver. Claims Litig.*, 882 F. Supp. 915, 922 (C.D. Cal. 1994).

### (2)   Elements Required to Establish Plaintiff's Claims for Violation of the UCL.

Plaintiff's counsel indicated on October 12, 2018 that Plaintiff would abandon Plaintiff's UCL and FAL claims.  Because Plaintiff has not confirmed that position in writing, in an abundance of caution, Defendants provide the following law with respect to those two pendant state law claims for relief.

The UCL provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising . . . ."  Cal. Bus. & Prof. Code § 17200.  "Although the unfair competition law's scope is sweeping, it is not unlimited."  *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 541 (Cal. 1999).  "California's UCL provides a cause of action for business practices that are (1) unlawful, (2) unfair, or (3) fraudulent."  *Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1204 (N.D. Cal. 2014).

Under California's UCL, a private person has standing to bring a UCL action only if he or she "has suffered injury in fact *and* has lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code § 17204 (emphasis

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12928277.2 a10/15/18

-2-

DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC

added).  A private plaintiff must prove it suffered: (1) "a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*," and (2) that the economic injury "was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim."  *Veera v. Banana Republic, LLC*, 6 Cal. App. 5th 907, 916 (2016), quoting *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320 (2011) (emphasis added in original).

A plaintiff's remedies under the UCL are limited to restitutionary disgorgement and injunctive relief.  *Tomlinson v. Indymac Bank, F.S.B.*, 359 F. Supp. 2d 891, 892 (C.D. Cal. 2005).  "The California Supreme Court has held that, while *restitutionary* disgorgement may be an available remedy under the UCL, *nonrestitutionary* disgorgement is *not* available in a UCL individual action or in a UCL *representative* action."  *In re Tobacco Cases II*, 240 Cal. App. 4th 779, 800 (2015) (quoting *Meister v. Mensinger*, 230 Cal. App. 4th 381, 398 (2014) (italics in original).  A plaintiff must prove it is "seeking the return of money or property that was once in its possession" or that it has a "vested interest in the money it seeks to recover."  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003).

### (3)   Elements Required to Establish Plaintiff's Claims for Violation of the FAL.

"California's False Advertising Law makes it unlawful for any person to 'induce the public to enter into any obligation' based on a statement that is 'untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.'"  *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1161 - 62 (9th Cir. 2012) (citing Cal. Bus. & Prof. Code § 17500).  "Whether an advertisement is misleading must be judged by the effect it would have on a reasonable consumer."  *Id.* (internal quotation marks and citations omitted).  "A reasonable consumer is 'the ordinary consumer acting reasonably under the circumstances.'"  *Id.* (citing *Colgan v. Leatherman Tool Group, Inc.,* 135 Cal. App. 4th 663 (2006)).  To prevail under this standard, a plaintiff must "'show

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12928277.2 a10/15/18

-3-

DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC

1  that members of the public are likely to be deceived'" by the advertisement. *Id.*

2  (citing *Williams v. Gerber Prods.*, 552 F.3d 934, 938 (9th Cir. 2008)); *see also*

3  *Freeman v. Time, Inc.,* 68 F.3d 285, 289 (9th Cir. 1995).

4       To have standing to advance an FAL claim, a private plaintiff must prove it

5  suffered:  (1) "a loss or deprivation of money or property sufficient to qualify as

6  injury in fact, i.e., *economic injury*," and (2) that the economic injury "was the result

7  of, i.e., *caused by*, the unfair business practice or false advertising that is the

8  gravamen of the claim." *Veera v. Banana Republic, LLC*, 6 Cal. App. 5th 907, 916

9  (2016) (quoting *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320 (2011)

10  (emphasis added in original).

11       A plaintiff's remedies under the FAL are limited to restitutionary

12  disgorgement and injunctive relief. *Cortez v. Purolator Air Filtration Products Co.*,

13  23 Cal. 4th 163, 177 n.10 (2000) (noting that "[t]he restitutionary remedies of

14  section 17203 and 17535 . . . are identical and are construed in the same manner");

15  *Phillips v. Apple, Inc.*, 725 Fed. App'x 496, 498 n.2 (9th Cir. 2018) ("The

16  restitutionary remedies provided by the UCL and the FAL 'are identical and are

17  construed in the same manner.'" (quoting *Hambrick v. Healthcare Partners Med.*

18  *Grp., Inc.*, 238 Cal. App. 4th 124, 155 (2015)).

19      **C.**   **Key Evidence in Opposition to Plaintiff's Claims.**

20       The following is a brief description of key evidence (and Plaintiff's lack of

21  key evidence) in opposition to Plaintiff's claims for relief.

22      1.   Plaintiff has failed to provide any computation of damages as required

23  by Rule 26(a) (as shown by Plaintiff's Initial Disclosures and Amended Initial

24  Disclosures), and has offered no evidence of damages *caused by* Defendants'

25  alleged false advertising of OSTA RX and Super DMZ 4.0.  Defendants are filing a

26  motion under Rule 37(c) to exclude any last-minute attempt by Plaintiff to offer a

27  calculation or evidence of damages, etc. after the close of discovery.

28  / / /

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12928277.2 a10/15/18

-4-

DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC

2.     The deposition testimony of Plaintiff's corporate representatives under Federal Rule of Civil Procedure 30(b)(6) (Plaintiff's President Kevin Smith and Vice President Michael Keplinger) establishes Plaintiff has made no determination of damages caused by Defendants' alleged false advertising, has made no determination of any actual injury caused by Defendants' alleged false advertising, and has no evidence of actual injury caused by Defendants' alleged false advertising of OSTA RX and Super DMZ 4.0.

3.     Plaintiff has filed at least 84 false advertising lawsuits since 2015 against competing supplement companies and sellers alleging those defendants falsely advertised competing supplements, thereby causing damage and injury to Plaintiff, including by diverting sales and business from Plaintiff's products. Plaintiff's allegations against those defendants, including the identities of those defendants and their products, their false advertising, plaintiff's competing supplement products, and the injury caused by the alleged false advertising, is material evidence as to Plaintiff's claims of causation and injury against Defendants and Plaintiff's inability to either show or infer injury caused by Defendants' advertising of two products (OSTA RX and Super DMZ 4.0).

4.     Since about 2015, Plaintiff has sent cease and desist letters to many supplement companies and individuals that Plaintiff did not sue, asserting those persons falsely advertised competing supplements and injured Plaintiff and its sale of competing products.  Plaintiff has refused to produce those cease and desist demands and related correspondence; Defendants moved to compel the production, and the motion is under submission.  Dkt. No. 43.

5.     Plaintiff's corporate officers have stated in declaration testimony in this case and one or more other false advertising case that other supplement companies falsely advertising and selling competing supplements (i.e., companies other than Defendants) has injured Plaintiff and its sales.

/ / /

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12928277.2 a10/15/18

-5-

DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC

6.      Plaintiff's corporate officers have stated in correspondence that other supplement companies falsely advertising and selling supplements (i.e., companies other than Defendants), including companies selling products containing SARMs and the stimulant Amp Citrate, injured Plaintiff and its sales.

7.      There were many companies advertising and selling supplement products from 2012 through 2016 that competed with Plaintiff and IronMag Labs' products, in addition to the many companies Plaintiff sued or sent cease and desist letters.  Plaintiff's Rule 30(b)(6) witness testified Plaintiff has no information on how or to what extent "fair" competition or truthful advertising from competing companies effected Plaintiff's sales of its product Advanced PCT.

8.      Plaintiff has entered into many settlement agreements with supplement companies and sellers since 2015 whom Plaintiff has stated injured Plaintiff by falsely advertised competing supplements.  As to Plaintiff's false advertising lawsuits, court records show almost all of Plaintiff's lawsuits settle, usually early in the litigation.  Plaintiff has refused to produce its settlement agreements, which (without limitation) would evidence the competing companies and products (for those competitors who Plaintiff did not sue), whether the settling defendants were required to represent and warrant that they would stop falsely advertising or selling the competing products, and whether Plaintiff's agreements mandated companies selling products Plaintiff asserted were "illicit" were required to stop selling them.  Defendants have moved to compel the production of the settlement agreements.  Dkt. No. 43.

9.      Plaintiff's Rule 30(b)(6) witness testified Plaintiff has collected substantial amounts in settlements with supplement companies Plaintiff has sued for false advertising or threatened to sue for falsely advertising.  Plaintiff has refused to provide documents on the amount of monies earned through settlements relative to the amount of money earned through selling supplements (which is relevant to whether Plaintiff is primarily a supplement company or lawsuit company, and

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12928277.2 a10/15/18

-6-

DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC

claimed disparagement to Plaintiff and injury to its goodwill as a supplement company), which Defendants have moved to compel. Dkt No. 43.

10.     Plaintiff argued to the Ninth Circuit in this action that Plaintiff's allegations on Defendants' alleged violations of the Food, Drug & Cosmetic Act are not relevant to Plaintiff's false advertising claims.

11.     Plaintiff's own advertisements show that Plaintiff's only "competing" product Plaintiff specifically references in its Complaint, Advanced PCT, is not a product that competes with OSTA RX or Super DMZ 4.0, but rather compliments products like OSTA RX or Super DMZ 4.0 by providing "post-cycle therapy" after a person uses a testosterone-boosting product or similar product.

12.     Plaintiff has no evidence of any purchaser being misled by Defendants' advertising on OSTA RX or Super DMZ 4.0.

13.     Plaintiff has no evidence of purchasers of Plaintiff's alleged competing products re-directing their purchases to OSTA RX or Super DMZ 4.0.

14.     Plaintiff alleges Defendants made false statements about IronMag Labs' own products OSTA RX and Super DMZ 4.0, not that Defendants falsely compared IronMag Labs' products to Plaintiff's competing supplement products (in other words, this is *not* a *comparative* false advertising case).

15.     Plaintiff does not allege or offer evidence Defendants' advertising statements on OSTA RX or Super DMZ 4.0 sought to associate those products with Plaintiff's products to appropriate Plaintiff's goodwill or brand value.

16.     Plaintiff's retained expert concerning the health effects of Selective Androgen Receptor Modulators ("SARM"), and the SARM Ostarine in particular, is not an expert in SARMs or the endocrine system.

17.     Evidence from Plaintiff's expert on SARMs (reports of certain studies on Ostarine) supports IronMag Labs' claims about potential benefits of OSTA RX and Super DMZ 4.0, including that those products can "increase[] lean muscle mass," "increase[] strength [and] endurance," and "promote[] recovery."

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12928277.2 a10/15/18                                              -7-

DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC

18. IronMag Labs stopped advertising and selling OSTA RX and Super DMZ 4.0, the only IronMag Labs' products Plaintiff identifies as containing any SARM or alleged to contain SARMs, in 2016, and has not had a product containing any SARM since.

19. Plaintiff did not buy any OSTA RX and Super DMZ 4.0 from Defendants, did not pay any money to Defendants, and is not seeking to recover any money paid to Defendants.

20. Plaintiff's principals Kevin Smith and Michael Keplinger were principals of Plaintiff and Anabolic Resources when those companies engaged in the conduct resulting in Plaintiff and Anabolic Resources being charged in 2011 for selling products advertised as supplements but found to contain misbranded drugs with an intent to defraud or mislead.

21. In November 2011, Plaintiff and Anabolic Resources pled guilty to selling misbranded drugs with an intent to defraud or mislead based on their sales of products in interstate commerce advertised and sold as dietary supplements, and were sentenced to fines and disgorgement totaling $600,000.

## 3. DEFENDANTS' AFFIRMATIVE DEFENSES.

### A. Summary of Defendants' Unclean Hands Affirmative Defense.

Defendants intend to show that even if Plaintiff could make out a Lanham Act claim concerning IronMag Labs' products OSTA RX and Super DMZ 4.0, Plaintiff would be barred from obtaining relief due to Plaintiff's own advertisement and sale of misbranded substances in interstate commerce made with intent to defraud or mislead. Plaintiff's dirty hands completely vitiate Plaintiff's claims here.

### B. Elements of Defendants' Unclean Hands Affirmative Defense.

Defendants' Third Affirmative Defense is that Plaintiff's claims against Defendants are barred due to Plaintiff's unclean hands. To establish this defense, Defendants must prove the following elements:

- Plaintiff engaged in inequitable conduct; and

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12928277.2 a10/15/18

-8-

DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC

1    • Plaintiff's inequitable conduct relates to the subject matter of its claims.

2 *Precision Instr. Mfg. Co. v. Auto. Maint. Mach. Co*., 324 U.S. 806, 814-15 (1945);

3 *Trafficschool.com, Inc. v. Edriver, Inc*., 653 F.3d 820, 833 (9th Cir. 2011); *Adler v.*

4 *Fed. Republic of Nigeria,* 219 F.3d 869, 877 (9th Cir. 2000); *Dollar Sys., Inc. v.*

5 *Avcar Leasing Sys., Inc*., 890 F.2d 165, 173 (9th Cir. 1989); *Fuddruckers, Inc. v.*

6 *Doc's B.R. Others, Inc.,* 826 F.2d 837, 847 (9th Cir. 1987); *Ellenburg v. Brockway,*

7 *Inc*., 763 F.2d 1091, 1097 (9th Cir. 1985); *Republic Molding Corp. v. B.W. Photo*

8 *Utils*., 319 F.2d 347, 349 (9th Cir. 1983).

9    Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), provides that available

10 remedies are "subject to principles of equity" like the doctrine of unclean hands.  To

11 prevail on an unclean hands defense, "[a] defendant must demonstrate that the

12 plaintiff's conduct is inequitable and that the conduct relates to the subject matter of

13 its claims." *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th

14 Cir. 1987).  The defense has often been applied in the Ninth Circuit to bar relief in

15 false advertising suits under the Lanham Act.  *See Emco, Inc. v. Obst*, 2004 WL

16 1737355, at *4-*6 (C.D. Cal. May 7, 2004); *Worden & Co. v. Cal. Fig Syrup Co.*,

17 187 U.S. 516, 528 (1903).  For purposes of unclean hands, the plaintiff need not

18 have engaged in the exact same or identical conduct.  Rather, "[i]n applying the

19 doctrine, 'what is material is . . . that [plaintiff] dirtied [his hands] in acquiring the

20 right he now asserts, or that the manner of dirtying renders inequitable the assertion

21 of such rights against the defendant.'" *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091,

22 1097 (9th Cir. 1985) (internal citation and editing marks omitted).

23  **C.    Key Evidence Supporting Defendants' Unclean Hands Defense.**

24      **(1)    Plaintiff's Conduct is Inequitable.**

25    Here, Plaintiff admitted to engaging in the same improper conduct for which

26 it faults Defendants —namely, selling "misbranded drugs" in commerce with the

27 intent to defraud or mislead.  In about 2005-2006, Kevin Smith's company Anabolic

28 Resources sold an illegal drug called Superdrol until he received a warning letter

Rutan & Tucker, LLP
attorneys at law
1069/101901-0006
12928277.2 a10/15/18
-9-
DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC

from the FDA in March 2006.  Dkt. No. 44-10, ¶¶ 4-6 (Smith decl., for Plaintiff's MSJ).  After Smith received the FDA warning letter, Smith and Keplinger formed Nutrition Distribution in 2006, and continued selling supplements through both Anabolic Resources and Nutrition Distribution, two of which tested positive for containing misbranded drugs in 2009.  Dkt. No. 44-10, ¶ 7.  The United States filed criminal information against Anabolic Resources and Nutrition Distribution in October 2011.  Smith Decl., ¶ 8.  In November 2011, both companies pled guilty to selling misbranded drugs with the intent to mislead or defraud, and were sentenced to fines and disgorgement totaling $600,000.  Dkt. No. 44-10, ¶ 8; Defs.' RJN, Exs. 6, 8 [Judgments against Nutrition Distribution and Anabolic Resources].

Plaintiff has also sued many companies for falsely advertising supplement products that Plaintiff contends are "illicit" or unlawful to sell, including SARMs, Amp Citrate and "peptides."  Plaintiff has settled with nearly all those companies.  To the extent Plaintiff agreed in its settlements that the defendants needed to stop selling a specific product, but could continue to sell other products containing "illicit" ingredients that were also the subject of Plaintiff's lawsuit, Plaintiff has acted with unclean hands.  Plaintiff repeatedly coming to the court and alleging defendants have harmed Plaintiff by falsely advertising illicit substances where Plaintiff:  (1) allowed that conduct to continue: (2) alleged other persons were causing the harm Plaintiff was allowing to continue; and (3) sought to hide from the Court and public it allowed that conduct to continue, by making its settlements confidential so it would be difficult to prove Plaintiff allowed at least some of the targeted companies to continue to sell "illicit" products, is inequitable.  Plaintiff has refused to produce its settlement agreements; Defendants have moved to compel production.  Dkt. No. 43.

/ / /

/ / /

/ / /

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12928277.2 a10/15/18

-10-

DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC

1

2

**(2)**     **Plaintiff's Conduct Relates to the Subject Matter of**

**Plaintiff's Claims in this Action.**

3      Only a few years after Nutrition Distribution and Anabolic Resources' guilty

4   pleas, Plaintiff filed its Complaint here accusing Defendants of doing the same thing

5   to which it had pleaded guilty – selling products advertised as supplements that were

6   really "misbranded drugs" with an intent to mislead consumers.  Plaintiff should not

7   be allowed to reap a windfall from Defendants' alleged misleading sales of its

8   products where Plaintiff and its sister company owned by Plaintiff's principals

9   admitted to and was sanctioned for doing the same thing only a few years earlier.

10   The doctrine of unclean hands bars Plaintiff's claim because in order to prevail on a

11   Lanham Act claim, "it is essential that the plaintiff should not in his . . .

12   advertisements and business, be himself guilty of any false or misleading

13   representation."  *See Worden & Co. v. Cal. Fig Syrup Co.*, 187 U.S. 516, 528

14   (1903).

15      As to Plaintiff's settlement agreements with other false advertising

16   defendants, to the extent Plaintiff agreed defendants could continue to sell other

17   products containing "illicit" ingredients that were also the subject of Plaintiff's

18   lawsuit, Plaintiff has acted with unclean hands.  Plaintiff repeatedly coming to the

19   court and alleging defendants have harmed Plaintiff by falsely advertising illicit

20   substances where Plaintiff:  (1) allowed that conduct to continue: (2) alleged other

21   persons were causing the harm it was allowing to continue; and (3) sought to hide

22   from the Court and public it allowed that conduct to continue, by making its

23   settlements confidential so it would be difficult to prove Plaintiff allowed at least

24   some of the targeted companies to continue to sell "illicit" products, relates to the

25   subject of this case and Plaintiff's claims for relief.

26   **D.**     **Summary of Defendants' Failure to Mitigate Affirmative Defense.**

27      Plaintiff's false advertising lawsuits (which are public) and its cease and

28   desist demands (which Defendants have moved to compel Plaintiff to produce)

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12928277.2 a10/15/18

-11-

DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC

1   identify hundreds of competing companies and products Plaintiff alleged and
2   asserted competed with Plaintiff's products, and diverted its sales and otherwise
3   injured Plaintiff.  Plaintiff has demanded in its lawsuits the defendants stop falsely
4   advertising such products, and in many cases has demanded the defendants stop
5   selling the competing products at issue (including by seeking injunctive relief
6   against the advertising *and sale* of the subject products).  Whether Plaintiff required
7   the defendants with which it settled to stop advertising and selling the subject
8   products is relevant to whether Plaintiff mitigated its asserted harm.  If Plaintiff
9   allowed the advertising or sale of the products to continue, Plaintiff did not mitigate,
10  and in fact expressly allowed the "harmful" conduct to continue.

11          If Plaintiff allowed the advertising or sale of some of the accused products to
12  continue, that also further undercuts Plaintiff's claims of causation and injury here.

13          **E.      Elements of Defendants' Failure to Mitigate Affirmative Defense.**

14          Defendants' Sixth Affirmative Defense is that Plaintiff's claims against
15  Defendants are barred, or that Plaintiff's recovery (if any) must be reduced based on
16  its failure to mitigate.  There are not traditional elements for a failure to mitigate
17  affirmative defense, but the law on this defense is the following:

18          "A plaintiff has a duty to mitigate damages and cannot recover losses it could
19  have avoided through reasonable efforts."  *Thrifty-Tel, Inc. v. Bezenek*, 46 Cal. App.
20  4th 1559, 1568 (1996) (citing *Shaffer v. Debbas*, 17 Cal. App. 4th 33, 41 (1993)).
21  The defense is "fundamentally equitable," and may apply in "actions at law as well
22  as in equity."  2 Ann Taylor Schwing, *Cal. Affirmative Def.,* Failure to mitigate – In
23  general, § 36:1 (2d ed.) (2018); see *Dakota Gardens Apt. Investors B v. Pudwill*, 75
24  Cal. App. 3d 346, 352 (1977).  A plaintiff's failure to mitigate or ameliorate the
25  injuries caused by a defendant is a defense not to the defendant's liability but to the
26  amount for which the defendant is liable.  2 Ann Taylor Schwing, *Cal. Affirmative*
27  *Def., supra,* § 36:1, see *Steelduct Co. v. Henger-Seltzer Co*. 26 Cal. 2d 634, 654-55
28  (1945).

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12928277.2 a10/15/18                          -12-

DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC

Mitigation is also an equitable defense.  *Hitek Software LLC v. Timios, Inc.*, No. CV 12-709 CAS AJWX, 2012 WL 2366368, at *3 (C.D. Cal. June 18, 2012) (noting that the failure to mitigate is an "equitable defense[].").; *GCCFC 2005-GG5 Hegenberger Retail Ltd. P'ship v. Arce*, No. 17-CV-03854-SI, 2018 WL 2357703, at *3 (N.D. Cal. May 24, 2018) (same).

## F.   Key Evidence Supporting Defendants' Failure to Mitigate Affirmative Defense.

Public records show that almost all of Plaintiff's supplement false advertising cases and claims settled without a determination on the merits by a court. Defendants have filed a motion to compel the production of Plaintiff's settlement agreements with supplement companies Plaintiff has sued for false advertising or sent a cease and desist demand asserting false advertising that injured Plaintiff to determine, without limitation, whether Plaintiff required the defendants to stop advertising and selling the subject products at issue in Plaintiff's complaints/cease and desist demands, or allowed at least some defendants to continue to advertise or sell some of the accused products.  Dkt. No. 43.

## G.   No Private Right of Action/Lack of Standing on Alleged FDCA Violations.

This defense is not a traditional affirmative defense, but asserts that Plaintiff has no standing to sue Defendants for alleged violations of the Food Drug & Cosmetic Act, which has no private right of action.  21 U.S.C. § 337(a); *PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 924 (9th Cir. 2010).

During the counsel's discussion on October 12, 2018, before the filing of the Memoranda of Contentions of Law and Fact, Plaintiff's counsel agreed Plaintiff's claims are not predicated on violations of the FDCA, but rather on the advertising statements on the health effects of OSTA RX and Super DMZ 4.0.  Defendants will seek to preclude Plaintiff from offering evidence or argument that IronMag Labs' sales of OSTA RX and Super DMZ 4.0 was contrary to provisions of the FDCA.

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12928277.2 a10/15/18

-13-

DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC

**4.      ANTICIPATED EVIDENTIARY ISSUES.**

Defendants anticipate filing the following motions *in limine*:

1.      Motion to exclude the report and testimony of Plaintiff's expert Dr. Francis Perry Wilson concerning the health effects of Ostarine, under *Daubert.* Dr. Wilson is a qualified medical doctor and Nephrologist (i.e., kidney expert), but not an Endocrinologist or expert in SARMs, and his opinion are based entirely on studies and reports of third parties.  Dr. Wilson's report also does not provide sufficient information for the fact finder to make a finding of fact on whether Defendants' statements on the health effects of OSTA RX and Super DMZ 4.0 were false or misleading.

2.      Motion to exclude report and testimony of Plaintiff's retained expert Benjamin England.  Mr. England is an attorney who offers only legal conclusions concerning IronMag Labs' advertising and sale of OSTA RX and Super DMZ 4.0 and the application of the Food, Drug & Cosmetic Act ("FDCA") and related regulations.  As stated above, alleged violations of the FDCA are not relevant to Plaintiff's false advertising claims.  Mr. England's "opinions" invade the province of the Court and are not admissible.  See Fed. R. Civ. Proc. 701-703; *Nationwide Transport Finance v. Cass Information Sys., Inc*., 523 F.3d 1051, 1058 (9th Cir. 2008).  Plaintiff also lacks standing to bring claims for alleged violations of the FDCA, as set forth above, and Plaintiff's false advertising claims are not based on, and cannot be based on, alleged violations of the FDCA.  Mr. England's testimony thus must also be excluded under FRE 401 and 403.

3.      Motion to exclude evidence and argument re Defendants' alleged violations of the FDCA.  This would include the FDA's October 2017 warning letter to IronMag Labs' asserting the position of a subordinate FDA official concerning IronMag Labs' sale of OSTA RX and Super DMZ 4.0.  Plaintiff has no standing to sue Defendants for alleged violations of the Food Drug & Cosmetic Act, which has no private right of action.  21 U.S.C. § 337(a); *PhotoMedex, Inc. v. Irwin*, 601 F.3d

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12928277.2 a10/15/18

-14-

DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC

919, 924 (9th Cir. 2010).  Plaintiff's false advertising claim is based on Defendants' advertising statements about the health effects of OSTA RX and Super DMZ 4.0, not the application of the FDCA.  Indeed, Plaintiff conceded at oral argument on its appeal that its allegations on violations of the FDCA were not relevant to Plaintiff's false advertising claim, and offered to amend to remove those allegations.  (See Dkt Nos. 48-1 and 50, Mircheff decl. for Oppn. to Plaintiff's MSJ, ¶ 21, and RJN Ex. 94 [Rec. of Dec. 6, 2017 Oral Argument].)  Because the argument and evidence on the asserted violations of the FDCA is not relevant to the alleged false advertising and would be unduly prejudicial, it must be excluded.

    4.    Motion to exclude evidence and argument that Defendants falsely advertised OSTA RX and Super DMZ 4.0 by labeling them "supplements," and that those products did not qualify for the definition of "dietary supplement" under the FDCA.  Statements of whether a product legally falls within a certain classification "are generally inactionable opinion because they 'purport to interpret the meaning of a statute or regulation.'"  See *ThermoLife Intern., LLC v. Gaspari Nutrition Inc.*, 648 Fed.Appx. 609 (9th Cir. 2016).  In addition, there is no private right of action under the FDCA.  21 U.S.C. § 337(a); *PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 924 (9th Cir. 2010).

    5.    Motion to exclude evidence and argument that Defendants failed to state in advertisements that Ostarine was banned by anti-doping agencies, including the World Anti-Doping Agency.  Such non-disclosure is not actionable under the Lanham Act.  See *Universal City Studios, Inc. v. Sony Corp. of America*, 429 F. Supp. 407, 410 (C.D. Cal. 1977); 5 McCarthy on Trademarks and Unfair Competition (5th ed., 2018) § 27:65 ["A claim for false advertising in violation of Lanham Act § 43(a), 15 U.S.C.A. § 1125(a), requires an affirmative misrepresentation.  A mere failure to disclose something does not trigger a violation."].

/ / /

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12928277.2 a10/15/18

-15-

DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC

6.     Motion to exclude evidence concerning supplement companies and supplement products not put at issue by Plaintiff's Complaint (and expected objections to such evidence at trial).  Late in this case, Plaintiff sought to offer evidence and conduct discovery concerning other companies, including MA Labs, Muscle Gelz, MileHighKratom.com, and IronMag Research, LLC, and supplement products supposedly sold by those other companies (including Tianeptine, Kratom, Arimistane) that Plaintiff's Complaint does not put at issue, that are not relevant, and whose only purpose is to attempted to collaterally attack Defendants' character. Plaintiff stated it would seek to amend its Complaint to add those other persons and products, but did not.  Defendants will seek to exclude this evidence, including under FRE 401 and 403.

Other anticipated evidentiary issues:

7.     Defendants are filing a motion to exclude evidence and argument of Plaintiff's damages caused by the alleged false advertising, based on Plaintiff's repeated failure to comply with FRCP 26(a) requiring a calculation of damages. Defendants sent Plaintiff's counsel their portion of the Motion to Exclude under Local Rule 37 on October 2, 2018.  Defendants extended Plaintiff's deadline for its portion of the "joint stipulation" from October 9 to October 11, 2018.  Plaintiff failed to provide its portion of the joint stipulation, causing further prejudice to Defendants by delaying a ruling on this issue.

8.     Plaintiff argues its settlement agreements with other supplement-company defendants are inadmissible under FRE 408.  Defendants will not be offering those agreements for an evidentiary purpose precluded under FRE 408, but rather intend to offer those documents as evidence of Plaintiff's failure to mitigate (as discussed above) and as evidence of other products *Plaintiff contended* and believed were falsely advertised, thereby injuring Plaintiff.

Defendants will assert objections to certain exhibits proposed by Plaintiff in Plaintiff's portion of the Exhibit List (Exhibits 1 through 86).

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12928277.2 a10/15/18

-16-

DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC

**5.      ANTICIPATED LEGAL ISSUES GERMANE TO THE CASE.**

The following legal issues are discussed elsewhere in this memorandum:

- the elements of Plaintiff's Lanham Act claim, as identified in Section 2(b), *supra*;

- the elements of Plaintiff's UCL claim, as identified in Section 2(b), *supra*;

- the elements of Plaintiff's FAL claim, as identified in Section 2(b), *supra*;

- Defendants' unclean hands affirmative defense, as identified in Section 3, *supra*;

- Defendants' failure to mitigate affirmative defense, as identified in Section 3, *supra*,

- the evidentiary issues identified in Section 4, *supra*;

- the issues triable by jury and court, as identified in Section 7, *infra*; and

- the legal issues described above with respect to Defendants' anticipated motions in limine.

Defendants also anticipate the following additional issues, some of which have been briefed in the parties' cross-motions for summary judgment, will be germane should this case proceed to trial on all or some of Plaintiff's claims:

9.      <u>Plaintiff's right to damages</u>.  Plaintiff's Complaint alleges damages, but Plaintiff has never offered evidence of or a calculation of damages caused by Defendants.  Plaintiff failed to provide any computation of damages as required by Federal Rule of Civil Procedure 26(a)(1)(A) in its initial disclosures or amended initial disclosures.  Plaintiff designated no retained or percipient expert on damages. Plaintiff's Motion for Partial Summary Judgment on its Lanham Act claim does not seek damages (it seeks only disgorgement).  Plaintiff's Rule 30(b)(6) witnesses could testify to no damages caused by Defendants' alleged false advertising.  At this point in the litigation Plaintiff has abandoned trying to show damages or forfeited its

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12928277.2 a10/15/18

-17-

DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC

right to do so based on prejudice to Defendants.  Defendants prepared and sent Plaintiff's counsel Defendants' portion of the joint stipulation on October 2, 2018 for Defendants' motion to exclude evidence of damages to the extent Plaintiff attempts to offer any evidence after the close of discovery and long after Plaintiff was required to identify damages under FRCP 26(a)(1)(A).  Plaintiff has failed to timely provide its portion of the joint stipulation for this motion, further prejudicing Defendants.

10.   <u>Plaintiff's right to disgorgement of IronMag Labs' profits</u>.  Whether Plaintiff has the burden of proof in proving actual injury caused by Defendants' alleged false advertising of OSTA RX and Super DMZ 4.0 to obtain disgorgement of IronMag Labs' profits from selling OSTA RX and Super DMZ 4.0, or whether the Court may presume injury for purposes of an equitable award of disgorgement, is a central legal issue.  Plaintiff contends that IronMag Labs was a competing supplement company and that the Court thus may *presume* injury.  Defendants contend, in contrast, it is undisputed this case is not a comparative false advertising case or a case where Defendants associated IronMag Labs' product with plaintiff's product to appropriate Plaintiff's goodwill or brand value.  *TrafficSchool.com, Inc. v. Edriver Inc.,* 653 F.3d 820, 831 (9th Cir. 2011); *Biocell Tech. LLC v. Arthro-7,* 2013 WL 12063914, at *12 (C.D. Cal. May 22, 2013).  Under controlling law, it cannot be presumed IronMag Labs' sales of OSTA RX and Super DMZ 4.0 were sales diverted from Plaintiff, and thus awarding Plaintiff disgorgement without Plaintiff proving actual injury would not be compensation, but would be a penalty which the Lanham Act precludes (15 U.SC. § 1117(a)).  In other words, Plaintiff must prove actual injury, it cannot be presumed (and the evidence shows Plaintiff cannot prove injury caused by Defendants' alleged false advertising).

11.   <u>Plaintiff's right to injunctive relief</u>.  As recently as filing its Motion for Partial Summary Judgment, Plaintiff has stated it seeks a permanent injunction enjoining Defendants "from the marketing of any and all products containing

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12928277.2 a10/15/18

-18-

DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC

SARMs," or, as stated differently in the same Motion, to "enjoin Defendants from the false advertising of the Ostarine Products" (defined as OSTA RX and Super DMZ 4.0). Plaintiff cannot establish grounds for the permanent injunctive relief because a permanent injunction requires a showing of success on the merits and proof the defendant's conduct will cause Plaintiff irreparable injury unless enjoined. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Plaintiff will not succeed on its Lanham Act claim, and cannot establish any past or future harm caused by Defendants' advertising, let alone *irreparable harm*.

The request for injunctive relief is also moot because IronMag Labs stopped advertising and selling OSTA RX and Super DMZ 4.0 in 2016 and advertises and sells no other product containing any SARM. *See Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) ("Past exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects."); see *Burndy Corp. v. Teledyne Industries, Inc.*, 748 F.2d 767 (2nd Cir. 1984) (defendant cured design to bring product part into compliance with the Underwriters Laboratories standard the defendant advertised). And Plaintiff makes no showing or argument monetary relief (the claimed disgorgement) would be an inadequate remedy.

12. <u>Plaintiff's claim for attorneys' fees and enhanced damages</u>. Plaintiff is not entitled to such relief. The Lanham Act provides that the court "*in exceptional cases* may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a) (emphasis added). In assessing damages, the court may also "enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount." *Id*. Plaintiff cannot show any "damages." Double or treble damages are, like attorneys' fees, an "extraordinary remed[y]." *U-Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1041 (9th Cir. 1986). An act is "exceptional" for purposes of Lanham Act remedies when the conduct at issue is "malicious, fraudulent, deliberate or willful." *Gracie v.*

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12928277.2 a10/15/18

-19-

DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC

*Gracie*, 217 F.3d 1060, 1068 (9th Cir. 2000); accord *Int'l Olympic Comm. v. San Francisco Arts & Athletics*, 781 F.2d 733, 738 (9th Cir. 1986); see also *McClaran v. Plastic Indus., Inc.*, 97 F.3d 347, 364 (9th Cir. 1996) ("[e]xceptional cases include bad faith or other opprobrious conduct.")

13.   Whether Plaintiff may proceed against DiMaggio in his individual capacity.  Plaintiff's only claims for relief are disgorgement of IronMag Labs' profits and injunctive relief.  DiMaggio, a member and owner of IronMag Labs, had no profits.  And as argued above, Plaintiff is entitled to no injunctive relief.  Plaintiff has no grounds for proceeding against DiMaggio as an individual defendant.

**6.     BIFURCATION OF ISSUES.**

Defendants do not request any issues be bifurcated for purposes of trial.

**7.     ISSUES TO BE RESOLVED BY THE JURY AND THE COURT**

**A.     Issues Triable to the Jury.**

The parties have a right to a jury trial on the legal claims asserted in their respective cases.  U.S. CONST. amend. VII; Fed. R. Civ. P. 38(a).  Both parties made timely demands for a jury trial.

As such, the jury should decide the following issues:  (1) whether Defendants' advertisements for OSTA RX and Super DMZ 4.0 were false or misleading in violation of the Lanham Act; (2) whether Defendants' advertisements for those IronMag Labs product misled a substantial segment of its audience (assuming Plaintiff fails to prove literal falsity); (3) whether any such deception was material (i.e., it was likely to influence consumer's purchasing decisions); and (4) whether Plaintiff sustained any injury as a result of the allegedly false and misleading statements in Defendants' advertisements about OSTA RX and Super DMZ 4.0.

Whether Plaintiff has capacity to proceed as a plaintiff given Plaintiff's prior judicial admissions that its two members are dissolved corporations.  In a false advertising lawsuit Plaintiff filed in the United States District Court in New

/ / /

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12928277.2 a10/15/18

-20-

DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC

1  Hampshire in December 2017, Plaintiff alleged its two members, which are

2  corporations, were dissolved:

> The first member being Alan Investment Co., Inc.
> ("Alan"), a California corporation (dissolved), with its
> principal place of business in California. Alan's sole
> shareholder is Michael Keplinger, a natural person and a
> resident of Idaho. The second member being Liberty
> Mutual Holdings, Inc. ("Liberty"), a Utah corporation
> (dissolved), with its principal place of business in Utah.
> Liberty's sole shareholder is Kevin Smith, a natural person
> and a resident of Texas.

8  *Nutrition Distribution v. BTE Wholesalers, LLC, d/b/a Tokkyo Nutrition et al.*,

9  case no. 1:17-cv-00687-JL (D.N.H. Dec. 6, 2017).  Plaintiff has subsequently

10  testified Alan Investment Co., Inc. and Liberty Mutual Holdings, Inc. are entities in

11  good standing.  Defendants will require Plaintiff to offer competent evidence

12  Plaintiff has capacity to prosecute this action given Plaintiff's judicial admission

13  Plaintiff has no actual members because they are dissolved corporations.

14  **B.    Issues Triable to the Court.**

15  Despite the parties' jury demands, the Court – not the jury – should decide the

16  following issues:

17  1.    whether Plaintiff is entitled to equitable relief, *i.e.*, (a) disgorgement of

18  IronMag Labs' profits from OSTA RX and Super DMZ 4.0; and/or (b) an

19  injunction;

20  2.    whether Plaintiff has unclean hands (to be tried before an advisory

21  jury);

22  3.    Plaintiff's failure to mitigate its alleged injury as to Plaintiff's equitable

23  claim for relief for disgorgement;

24  4.    Plaintiff's right to attorneys' fees and/or enhanced damages;

25  5.    Defendants' right to attorneys' fees.

26  / / /

27  / / /

28  / / /

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12928277.2 a10/15/18

DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC

1       **(1)**      <u>**The Court Should Decide Whether Plaintiff Is Entitled To**</u>

2                    <u>**The Equitable Remedies It Seeks.**</u>

3         It is appropriate for the Court, rather than a jury, to rule on the equitable

4 remedies requested in this case. Specifically, the Court should decide whether

5 Plaintiff is entitled to receive the following types of relief that it seeks:

6                   **(a)**     *Disgorgement of Profits.*

7         Disgorgement of profits under the Lanham Act is an equitable remedy. For

8 this reason, it is more appropriate for the Court than a jury to determine whether an

9 award of profits is appropriate. *See, e.g.*, *Fifty-Six Hope Rd. Music v. A.V.E.L.A.,*

10 *Inc.*, 778 F.3d 1059, 1065 (9th Cir. 2015) (holding in Lanham Act case that district

11 court did not abuse its discretion in determining defendant's profits award and

12 explaining that "[t]he Seventh Amendment does not require that a jury calculate

13 these profits, because juries have not traditionally done so, and a claim for profit

14 disgorgement is equitable in nature"); *Castrol, Inc. v. Pennzoil Quaker State Co.*,

15 169 F. Supp. 2d 332, 344 (D.N.J. 2001) (holding that the argument that a defendant

16 from whom disgorgement is sought under the Lanham Act is entitled to a jury trial

17 on the issue is "legally erroneous" because "[a] plain reading of the Lanham Act

18 remedy section unqualifiedly weighs against [defendants'] interpretation that they

19 are entitled to a jury trial on the disgorgement of profits issue . . . the language of

20 this section makes no mention of a trial by jury").

21                   **(b)**     *Injunctive Relief.*

22         IronMag Labs stopped advertising and selling OSTA RX and Super DMZ 4.0

23 in 2016, and does not sell any product containing any SARM, thereby rendering

24 Plaintiff's injunctive claim moot. *See Mayfield v. United States,* 599 F.3d 964, 970

25 (9th Cir. 2010). Still, it appears Plaintiff is asserting an entitlement to injunctive

26 relief; Plaintiff requested injunctive relief as recently as its Motion for Partial

27 Summary Judgment. To the extent that claim remains viable, the Court alone is

28 capable of granting the requested relief, as there is no right to trial by jury of an

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12928272.2 a10/15/18

-22-

DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC

1   equitable claim for an injunction.  *See, e.g.*, *City of Monterey v. Del Monte Dunes at*

2   *Monterey, Ltd.*, 526 U.S. 687, 719 (1999) ("It is settled law that the Seventh

3   Amendment does not apply in" suits seeking injunctive relief).

4   **(2)    Plaintiff's unclean hands.**

5   This is an equitable defense that should be tried to an advisory jury and

6   decided by the court sitting in equity.

7   **(3)    Plaintiff's failure to mitigate.**

8   Disgorgement of profits is an equitable issue to be decided by the Court.

9   Plaintiff's failure to mitigate its alleged injury as to its claim for disgorgement of

10  IronMag Labs' profits from selling OSTA RX and Super DMZ 4.0, and amount of

11  reduction to any award of disgorgement based on a failure to mitigate, should also

12  be decided by the Court sitting in equity.

13  **(4)    "Exceptional case" attorneys' fees, and enhanced damages.**

14  The Lanham Act specifies that the decisions whether to increase a damages

15  award and whether to award attorneys' fees are for the court rather than a jury.  *See*

16  15 U.S.C. § 1117(a) ("If *the court* shall find that the amount of the recovery based

17  on profits is either inadequate or excessive *the court* may in its discretion enter

18  judgment for such sum as *the court* shall find to be just, according to the

19  circumstances of the case . . . *The court* in exceptional cases may award reasonable

20  attorney fees to the prevailing party.") (emphases added).

21  **8.    ATTORNEYS' FEES FOR DEFENDANTS.**

22  Depending upon the proof at trial, Defendants reserve the right to seek an

23  award of their costs, disbursements, and attorneys' fees in this action.  Plaintiff

24  brought this action against Defendants without a factual basis Plaintiff had any

25  damage or actual injury caused by Defendants' alleged false advertisement of OSTA

26  RX or Super DMZ 4.0, and where controlling law requires a plaintiff seeking

27  damages or disgorgement prove damages or actual injury caused by the false

28  advertising.

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12928277.2 a10/15/18

-23-

DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC

1    Defendants expect to offer evidence this is an exceptional case *in Defendants'*
2  *favor* because of Plaintiff's persistence in litigating this action to the extreme
3  without evidence of damages, injury or causation, where the law is clear that injury
4  and causation cannot be presumed as a matter of law because this is not a
5  comparative false advertising case or a case where the defendants sought to
6  associate their products with the plaintiff's products to appropriate the plaintiff's
7  goodwill or brand value.  *TrafficSchool.com, Inc. v. Edriver Inc.,* 653 F.3d 820, 831
8  (9th Cir. 2011); *Biocell Tech. LLC v. Arthro-7*, 2013 WL 12063914, at *12 (C.D.
9  Cal. May 22, 2013).

10    The evidence shows Plaintiff made no inquiry before bringing this action
11 whether it had any evidentiary support for actual injury caused by Defendants'
12 alleged false advertising, which would be based on evidence under Plaintiff's
13 control.  Plaintiff's claim of actual injury, rather, was based on speculation.  Indeed,
14 Plaintiff's multitude of other false advertising lawsuits, Plaintiff's assertions of
15 injury caused by the false advertising of other persons (including cease and desist
16 letters and public statements about injury caused generally by companies advertising
17 "illicit" products), and the testimony that Plaintiff's injury was caused by the
18 advertising of SARMs generally, among other evidence, establish that Plaintiff
19 never had a factual basis for asserting Defendants caused Plaintiff actual injury by
20 the false advertising of OSTA RX and Super DMZ 4.0.

21    To the extent Plaintiff's settlement agreements further show Plaintiff has
22 acted with unclean hands by repeatedly alleging a multitude of defendants harmed
23 Plaintiff by falsely advertising illicit substances where Plaintiff:  (1) allowed that
24 conduct to continue after settling; (2) alleged other persons were causing the harm it
25 was allowing to continue; and (3) sought to hide from the Court and public it
26 allowed that conduct to continue by making its settlements confidential (so it would
27 be difficult to prove Plaintiff allowed at least some of the targeted companies to
28 / / /

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12928277.2 a10/15/18

-24-

DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC

1  continue to sell "illicit" products), that is further grounds for the Court awarding

2  attorneys' fees in Defendants' favor.

3  **9.    ABANDONMENT OF ISSUES.**

4       Plaintiff's claim for damages.  Plaintiff has de facto abandoned or otherwise

5  forfeited its right to seek damages.  Defendants have brought a Motion to Exclude

6  evidence or argument of damages under FRCP 37(c) on this issue.  Plaintiff twice

7  failed to comply with Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requiring a

8  party to disclose "a computation of each category of damages claimed by the

9  disclosing party" and to "make available for inspection and copying as under Rule

10 34 the documents or other evidentiary material . . . on which each computation is

11 based, including materials bearing on the nature and extent of injuries suffered."

12 Plaintiff's failure to provide this information violates Rules 26(a)(1) and 37(c) of the

13 Federal Rule of Civil Procedure, and was neither substantially justified nor

14 harmless.  Plaintiff's failure to provide this essential information to support its

15 "damages" claim mandates the exclusion of evidence on Plaintiff's asserted

16 damages, including lost sales and loss of revenue, under Rule 37(c).  Plaintiff did

17 not seek or attempt to prove damages in Plaintiff's Motion for Partial Summary

18 Judgment (instead seeking only disgorgement) and may have abandoned its claim

19 for damages, even absent Defendants' Motion under FRCP 37(c).

20      Defendants are not presenting their second affirmative defense of "speculative

21 damages" as an affirmative defense.  To the extent Plaintiff belatedly seeks to offer

22 argument or evidence of damages after having failed to do so when required by

23 FRCP 26(a), Defendants have moved to exclude it under FRCP 37(c).

24      Defendants are not presenting their fourth affirmative defense for "Lack of

25 Standing On Alleged Injury To Individual Consumers Or Purchasers" as an

26 affirmative defense but will seek to exclude evidence that is irrelevant based on such

27 lack of standing.

28 / / /

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12928277.2 a10/15/18

-25-

DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC

1    Defendants are not presenting their second (misnumbered) "fourth"
2  affirmative defense for "No Private Right Of Action/Lack of Standing On Alleged
3  FDCA Violations" as an affirmative defense requiring findings of fact, but will
4  present argument the alleged violations of FDCA are not relevant or admissible, and
5  will seek to exclude such evidence, including under FRE 401 and 403.
6    Defendants are not pursuing their fifth affirmative defense of equitable
7  estoppel.
8  Dated:  October 15, 2018                    RUTAN & TUCKER, LLP
9
                                        By: /s/ Damon Mircheff
10                                          Damon D. Mircheff
                                            Attorneys for Defendants
11                                          IronMag Labs, LLC and Robert
                                            DiMaggio
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12928277.2 a10/15/18                    -26-

DEFENDANTS' MEMO OF CONTENTIONS
OF LAW AND FACT
Case no. 2:15-cv-08233-R-JC