Damon D. Mircheff (State Bar No. 216257)
dmircheff@rutan.com
Proud Usahacharoenporn (State Bar No. 278204)
pusaha@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Defendants
IronMag Labs, LLC and
Robert DiMaggio

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION LLC, an Arizona Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>IronMag Labs, LLC, a Nevada Limited Liability Company, Robert DiMaggio, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:15-cv-08233-R-JC<br>Hon. Manuel L. Real<br><br>**DEFENDANTS' NOTICE OF EX PARTE APPLICATION AND APPLICATION TO VACATE OR CONTINUE NOVEMBER 5 HEARING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, SET DEFENDANTS' MSJ FOR HEARING ON NOVEMBER 19, 2018, AND TO ALLOW INCLUSION OF SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MSJ**<br><br>**Filed With Declaration Of Damon Mircheff And Proposed Order**<br><br>Date Action Filed: October 21, 2015<br>Discov. Cutoff: October 15, 2018<br>Pretrial Conf.: November 5, 2018<br>Trial Date: December 4, 2018 |

/ / /

/ / /

/ / /

/ / /

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12987410.1 a10/22/18

DEFENDANTS' EX PARTE APPLIC. RE
HEARING ON DEFENDANTS' MSJ
Case no. 2:15-cv-08233-R-JC

**TO THE HONORABLE COURT, AND TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendants IronMag Labs, LLC ("IronMag Labs") and Robert DiMaggio ("DiMaggio;" collectively, "Defendants") will and hereby do apply to this Court *ex parte*, pursuant to Rules 7-19 and 7-19.1 of the Central District of California Local Rules, and paragraph 3 of the Standing Order in this action, for an Order: (1) vacating or continuing the November 5, 2018 hearing on Defendants' Motion For Summary Judgment or, in the alternative, Motion for Partial Summary Judgment ("Defendants' MSJ") filed on October 5, 2018; (2) setting Defendants' MSJ for hearing on November 19, 2018; (3) allowing Defendants to include their Separate Statement Of Undisputed Material Facts, which was inadvertently omitted from the October 5, 2018 filing, in support of Defendants' MSJ (and subsequently filed on October 12, 2018); and (4) setting briefing deadlines for the remaining briefing on Defendants' MSJ consistent with the November 19, 2018 hearing date.

Defendants bring this ex parte Application on the grounds that Defendants' counsel inadvertently omitted the Separate Statement Of Undisputed Material Facts in support of Defendants' MSJ when filing Defendants' MSJ on October 5, 2018 and setting the MSJ for hearing on November 5, 2018. Defendants' counsel was first made aware of this omission by Plaintiff's counsel on October 12, 2018. Defendants' counsel immediately emailed Plaintiff's counsel a copy of the Separate Statement Of Undisputed Material Facts and filed it with a Notice of Errata. Dkt. no. 69 and 69-1. Plaintiff's counsel stated Defendants' MSJ was untimely and objected on that basis. Defendants thus filed a new Notice of Summary Judgment on October 15, 2018, seeking to set Defendants' MSJ for hearing on November 19, 2018. Plaintiff has already advised it intends to file an Opposition to Defendants' MSJ by October 29, 2018, consistent with a November 19, 2018 hearing date.

Defendants' bring this ex parte application on the further grounds that

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12987410.1 a10/22/18

-2-

DEFENDANTS' EX PARTE APPLIC. RE HEARING ON DEFENDANTS' MSJ
Case no. 2:15-cv-08233-R-JC

Defendants' counsel inadvertently omitted the Separate Statement Of Undisputed Material Facts from the papers filed on October 5, 2018, that Defendants sought to cure the omission immediately upon learning of the omission, that it is in the interest of justice of judicial economy for the Court to consider Defendants' MSJ on the merits, and that there will be no prejudice to Plaintiff from the Court granting the requested relief.

Defendants' counsel notified Plaintiff's counsel Robert Tauler and Valerie Saryan of Defendants' intended ex parte application at about 3:30 p.m. on October 22, 2018.  Mircheff decl., ¶ 14, Ex. 6.  Counsel's contact information is:   Robert Tauler, Esq. and Valerie Saryan, Esq., Tauler Smith LLP, 626 Wilshire Blvd., Suite 510, Los Angeles, CA 90017; Tel: (310) 590-3927; rtauler@taulersmith.com; vsaryan@taulersmith.com.  Id., ¶ 15.  Defendants' counsel asked Plaintiff's counsel to advise whether Plaintiff would oppose, and stated that under Judge Real's standing order, a party opposing an ex parte application must submit a written opposition within 24 hours of being served the ex parte papers.  Id., ¶ 14, Ex. 6.  There was no response as of Defendants filing this ex parte Application. Id., ¶ 16.

Defendants' ex parte Application is based upon this Notice of ex parte Application and Application, the supporting declaration of Damon Mircheff and exhibits thereto; the proposed order; Defendants' previously filed papers in support of Defendants' MSJ (Dkt Nos. 61-65, 69, 71), the complete court file, and any other oral or documentary evidence the Court may allow or request.

Dated:  October 22, 2018   RUTAN & TUCKER, LLP

By: /s/ *Damon Mircheff*
    Damon D. Mircheff
    Attorneys for Defendants
    IronMag Labs, LLC and Robert DiMaggio

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12987410.1 a10/22/18

-3-

DEFENDANTS' EX PARTE APPLIC. RE HEARING ON DEFENDANTS' MSJ
Case no. 2:15-cv-08233-R-JC

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION AND STATEMENT OF REQUESTED RELIEF.

Defendants IronMag Labs, LLC ("IronMag Labs") and Robert DiMaggio ("DiMaggio;" collectively, "Defendants") apply ex parte for an Order to (1) vacate or continue the November 5, 2018 hearing on Defendants' Motion For Summary Judgment or, in the alternative, Motion for Partial Summary Judgment ("Defendants' MSJ") filed on October 5, 2018; (2) set Defendants' MSJ for hearing on November 19, 2018; (3) allow Defendants to include their Separate Statement Of Undisputed Material Facts, which was inadvertently omitted from the October 5, 2018 filing (and subsequently filed on October 12, 2018) in support of Defendants' MSJ; and (4) set the briefing deadlines for the remaining briefing on Defendants' MSJ consistent with the November 19, 2018 hearing date.

Defendants filed their MSJ on October 5, 2018 (Dkt nos. 61 – 65) setting the matter for hearing on November 5, 2018, but Defendants' counsel inadvertently omitted Defendants' Separate Statement Of Undisputed Material Facts. Plaintiff's counsel noted that omission on Friday, October 12 and Defendants immediately provided a copy and filed it (Dkt. Nos. 69, 69-1), but Plaintiff's counsel unequivocally stated Plaintiff would oppose Defendants' MSJ on procedural grounds because the Separate Statement was untimely and hence the MSJ was defective. Defendants thus sought to re-notice Defendants' MSJ, filing a New Notice of MSJ on October 15 (Dkt. no. 71) seeking to set Defendants' MSJ for hearing on November 19, 2018. Having been informed by the Court on October 22, 2017 that this process was defective, Defendants bring this Application and respectfully seek the relief stated herein so Defendants' MSJ may be heard on the merits.

///
///
///

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12987410.1 a10/22/18

-2-

DEFENDANTS' EX PARTE APPLIC. RE
HEARING ON DEFENDANTS' MSJ
Case no. 2:15-cv-08233-R-JC

///

## 2. FACTS AND ARGUMENT RELEVANT TO DEFENDANTS' EX PARTE APPLICATION RE MSJ HEARING AND THE REQUESTED RELIEF.

On October 5, 2018, Defendants filed their MSJ. Dkt. Nos. 61-65, Mircheff decl., ¶ 4. The MSJ included an application to file certain documents plaintiff Nutrition Distribution, LLC ("Plaintiff") had designated as "Highly Confidential, Attorneys' Eyes Only" under seal (which was granted). Id. Defendants' counsel, however, inadvertently omitted Defendants' Separate Statement Of Undisputed Material Facts, which had been prepared for filing, but which was omitted from the actual filing. Id. Defendants' MSJ was set for hearing on November 5, 2018.

Defendants' counsel was not made aware of the omission of the Separate Statement Of Undisputed Material Facts until the afternoon of Friday, October 12, 2018, when Plaintiff's lead trial counsel Robert Tauler sent an email stating Defendants' Separate Statement Of Undisputed Material Facts was apparently omitted from Defendants' MSJ filing. Mircheff decl., ¶ 5, Ex. 1. Defendants' counsel immediately sent Plaintiff's counsel the Separate Statement Of Undisputed Material Facts, as requested. Id. Defendants' counsel confirmed that they had inadvertently omitted the Separate Statement from the MSJ filing on October 5, and filed a Notice of Errata on October 12, 2018 attaching the Separate Statement in support of Defendants' MSJ. Dkt. Nos. 69 and 69-1; Mircheff decl., ¶ 6.

Mr. Tauler, however, sent a further email on October 12 stating that Defendants' Separate Statement was not timely filed, that Defendants' MSJ thus did not comply with Federal Rule of Civil Procedure 56, and that Plaintiff would bring a sanctions motion unless Defendants withdrew their MSJ. Mircheff decl., ¶ 7. Defendants' counsel responded that Plaintiff had only discovered the omission that afternoon, that Defendants immediately sent a copy, and there was no prejudice to Plaintiff. Mircheff decl., ¶ 7, Ex. 2. Mr. Tauler did not respond. Id.

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12987410.1 a10/22/18

-3-

DEFENDANTS' EX PARTE APPLIC. RE HEARING ON DEFENDANTS' MSJ
Case no. 2:15-cv-08233-R-JC

1    Nevertheless, Because of Plaintiff's position that Plaintiff would, in effect,
2 seek to invalidate Defendants' MSJ on procedural grounds because the Separate
3 Statement was not timely filed, on Monday, October 15, 2018, Defendants filed a
4 New Notice of Motion and Motion for Summary Judgment seeking to set
5 Defendants' MSJ for hearing on November 19, 2018.  Dkt. No. 71, Mircheff decl.,
6 ¶ 8.  The New Notice of Motion and Motion provided more than the required notice
7 of 28 days to Plaintiff, which at that point had had Defendants' MSJ for one week.
8    Also on October 15, Mr. Tauler sent an email stating he assumed Defendants
9 would take the November 5 hearing date off calendar so Plaintiff's Opposition
10 would not need to be filed that day (which would have been the case for the original
11 November 5 hearing date).  Mircheff decl., ¶ 9, Ex. 3.  Defendants' counsel
12 confirmed it was his expectation the hearing was now on November 19, and
13 Plaintiff's Opposition was due on a date consistent with the new November 19
14 hearing date.  Id.
15    On the night of Wednesday, October 17, in connection with Defendants'
16 Motion for Evidentiary Sanctions concerning Plaintiff's damages claim and
17 disclosures, Mr. Tauler sent an email proposing that Plaintiff file its Opposition to
18 that motion on October 29, which he stated was "the same time that our opposition
19 to your re-noticed Motion for Summary Judgment is due (October 29th)."  Mircheff
20 decl., ¶ 10, Ex. 4.  In other words, since October 15, Plaintiff has proceeded under
21 the assumption its Opposition to Defendants' MSJ would be due on October 29.
22    On the afternoon of October 22, 2018, counsel for all parties received an
23 email from the Court stating, among other things, that a motion that is on calendar
24 cannot be moved without the Court's permission, and leave of court is required to
25 move anything or add anything to an already-filed motion.  Mircheff decl., ¶ 11, Ex.
26 5.  Defendants' counsel thus immediately prepared this ex parte Application seeking
27 the relief stated herein with respect to the hearing on Defendants' MSJ.  Id.
28    It is in the interest of justice for the Court to rule on Defendants' MSJ on the

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12987410.1 a10/22/18

-4-

DEFENDANTS' EX PARTE APPLIC. RE
HEARING ON DEFENDANTS' MSJ
Case no. 2:15-cv-08233-R-JC

1  merits.  Defendants' counsel's failure to include the Separate Statement of
2  Undisputed Material Facts with Defendants' MSJ filing was inadvertent, and
3  counsel sought to cure it immediately upon learning of the omission.  Mircheff decl.,
4  ¶ 12.  Although Plaintiff's counsel evidently only discovered the omission on
5  October 12, and Defendant immediately provided a copy of the Separate Statement,
6  Plaintiff took the position Plaintiff would oppose Defendants' MSJ on the
7  procedural ground it was untimely because of the omitted Separate Statement.
8  Defendants' counsel thus sought to cure the procedural objection by filing the
9  Separate Statement and re-noticing Defendants' MSJ for hearing on November 19,
10 2018, which gave Plaintiff more than the required notice of 28 days (indeed,
11 Plaintiff will have had over three weeks to prepare its Opposition).  Mircheff decl.,
12 ¶ 12.  Plaintiff's counsel has not asserted prejudice from the November 19, 2018
13 hearing date.  Id.  Indeed, it was inherent in Plaintiff's objection to the omitted
14 Separate Statement that Defendants' MSJ was not given on sufficient notice to be
15 set for hearing on November 5.

16     It is also in the interest of judicial economy for the Court to rule on
17 Defendants' MSJ on the merits.  Both parties have filed motions for summary
18 judgment or partial summary judgment, which overlap on a number of issues.  A
19 ruling on the merits may well dispose of this action, or materially narrow the matters
20 that need to be tried to the jury or court.

21     Defendants thus respectfully request the Court grant the relief set forth in this
22 ex parte Application, or such other relief as it deems just and proper so that
23 Defendants' MSJ may be decided on the merits.

24 Dated:  October 22, 2018            RUTAN & TUCKER, LLP

                                      By: /s/ *Damon Mircheff*
                                      _____
                                          Damon D. Mircheff
                                          Attorneys for Defendants
                                          IronMag Labs, LLC and Robert
                                          DiMaggio

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
12987410.1 a10/22/18

-5-

DEFENDANTS' EX PARTE APPLIC. RE
HEARING ON DEFENDANTS' MSJ
Case no. 2:15-cv-08233-R-JC