JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION LLC, | CASE NO. CV 15-8233-R |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| IRONMAG LABS, LLC; et al., | |
| Defendants. | |

Before the Court are Plaintiff's Motion for Summary Judgment (Dkt. Nos. 44, 45), filed on September 17, 2018, and Defendants' Motion for Summary Judgment (Dkt. No. 61), filed on October 5, 2018.  Having been thoroughly briefed by the parties, this Court took the matters under submission on October 12 and October 30, 2018, respectively.

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  To meet its burden of proof on a motion for summary judgment, "the moving party must either produce evidence negating an

1  essential element of the nonmoving party's claim or defense or show that the nonmoving party

2  does not have enough evidence of an essential element to carry its ultimate burden of persuasion at

3  trial." *Nissan Fire & Marine Ins. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  Once the

4  moving party meets its initial burden of showing there is no genuine issue of material fact, the

5  opposing party has the burden of producing competent evidence and cannot rely on mere

6  allegations or denials in the pleadings.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,

7  475 U.S. 574, 585-86 (1986).  "Where the record taken as a whole could not lead a rational trier of

8  fact to find for the non-moving party, there is no genuine issue for trial."  *Id*. at 587.

9           This is a false advertising case between two competitors in the business of selling fitness

10  supplements.  Plaintiff Nutrition Distribution LLC ("Plaintiff") contends that Defendants IronMag

11  Labs LLC, Robert DiMaggio, and IronMag Research ("Defendants") have engaged in "false and

12  misleading advertising regarding [IronMag's] products 'OSTA RX' and 'Super DMZ 4.0' which

13  are unlawfully marketed by Defendants as 'dietary supplements' and falsely marketed as having

14  no side effects."  Both products contain Ostarine, a type of Selective Androgen Receptor

15  Modulator ("SARM").  Plaintiff contends that these products are known to have adverse side

16  effects and that they have been deemed dangerous to human health by the FDA.  Plaintiff seeks to

17  enjoin Defendants from the marketing of any and all products containing SARMs, and seeks

18  damages under the Lanham Act (15 U.S.C. § 1051 *et seq*.) and California Business and

19  Professions Code sections 17200 *et seq.* ("UCL") and 17500 *et seq.* ("FAL").

20  **Lanham Act**

21           The elements of a false advertising claim under the Lanham Act are: (1) a false statement

22  of fact by the defendant in a commercial advertisement about its own or another's product; (2) the

23  statement actually deceived or has the tendency to deceive a substantial segment of its audience;

24  (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the

25  defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or

26  is likely to be injured as a result of the false statement, either by direct diversion of sales from

27  itself to defendant or by a lessening of the goodwill associated with its products.  *Southland Sod*

28  *Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

Summary judgment should be granted in Defendants' favor on Plaintiff's Lanham Act claim for monetary damages because there is no genuine dispute of material fact regarding whether Plaintiff has shown that it suffered any injury caused by Defendants.  Courts may grant summary judgment in non-comparative false advertising cases where, as here, the plaintiff cannot produce proof of past injury or causation to support its claim.  *See, e.g.*, *Hansen Beverage Co. v. Vital Pharm., Inc.*, No. 08-CV-1545-IEG (POR), 2010 WL 3069690, at *9 (S.D. Cal. Aug. 3, 2010) (granting summary judgment and declining to award plaintiff monetary relief under either the Lanham Act or California Business and Professions Code §§ 17200 and 17500); *BMMG v. Am.-Telecast Corp.*, 1993 WL 850564, at *3-*4 (C.D. Cal. May 6, 1993) (granting summary judgment, despite "clear evidence of falsity" in defendant's infomercials because there was "no evidence that the false advertising caused any damage").

The Lanham Act allows an award of profits only to the extent the award "shall constitute compensation and not a penalty."  15 U.S.C. § 1117(a).  "In a [non-comparative] suit for damages under [Lanham Act] section 43(a)…actual evidence of some injury resulting from the deception is an essential element of the plaintiff's case."  *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, 310 F. Supp. 3d 1089, 1126 (S.D. Cal. 2018) (citing *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 210 (9th Cir. 1989)).  On the other hand, "an inability to show actual damages does not alone preclude a recovery under section 1117."  *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1411 (9th Cir. 1993), *abrogated on other grounds by SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (quoting *Bandag, Inc. v. Bolser's Tire Stores*, 750 F.2d 903, 919 (Fed. Cir. 1984)).  *Lindy Pen* allows the district court in its discretion to fashion relief, including monetary relief, based on the totality of the circumstances.  *Southland*, 108 F.3d at 1146.

In support of its claim that it is entitled to monetary damages, Plaintiff cites to three cases in which it was awarded disgorgement of profits.  *Nutrition Distribution, LLC v. Nutraclipse, Inc., et. al.*, No. CV-17-01087-PHX-SPL (Dist. Ariz. 2018); *Nutrition Distribution, LLC v. Chaos and Pain, LLC*, No. 16-CV-1932 (S.D. Cal. 2018); *Nutrition Distribution, LLC v. Icon Supplements, LLC,* No. 16-CV-03572-PHX-JJT (Dist. Ariz. 2017).  In each of these cases, however, Plaintiff

3

1 prevailed by way of default judgment.  *Id.*  Moreover, none of the orders granting judgment for

2 Plaintiff in these cases contained any discussion even suggesting that Plaintiff in fact suffered any

3 monetary or reputational injury, which is a necessary element to obtain monetary damages in a

4 Lanham Act claim.  *Id*; *Obesity Research*, 310 F. Supp. 3d at 1126.

5   "An award of profits with no proof of harm is an uncommon remedy in a false advertising

6 suit.  It's appropriate in false *comparative* advertising cases, where it's reasonable to presume that

7 every dollar defendant makes has come directly out of plaintiff's pocket."  *TrafficSchool.com, Inc.*

8 *v. Edriver Inc.*, 653 F.3d 820, 831 (9th Cir. 2011) (emphasis in original) (citation omitted).  Here,

9 Plaintiff has not alleged that Defendants advertised their products as superior to Plaintiff's or that

10 they actively disparaged Plaintiff's products.  "It's also appropriate where ordinary damages won't

11 deter unlawful conduct: for example, when defendant associates its product with plaintiff's

12 noncompetitive product to appropriate good will or brand value."  *Id*. (citation omitted).  This is

13 neither a comparative advertising case nor a case where defendant has appropriated Plaintiff's

14 good will or brand name.  Rather, the parties are two of many competitors in an industry

15 comprised of a broad range of products, and Plaintiff has provided no basis to infer that any profits

16 made by Defendants would have otherwise gone to Plaintiff partially or in full.  This case can be

17 distinguished from a case like *Lexmark Intern., Inc. v. Static Control Components, Inc.*, relied on

18 by Plaintiff, where Static Control alleged that Lexmark disparaged its business and products by

19 asserting that Static Control's business was illegal.  572 U.S. 118, 138 (2014).  For contrast, in

20 *TrafficSchool.com*, the Ninth Circuit upheld the district court's decision not to award monetary

21 damages where "Plaintiffs didn't produce any proof of past injury or causation, so the district

22 court had no way to determine with any degree of certainty what award would be compensatory."

23 *Id.*  The Lanham Act requires that damages awards be compensatory and not designed to punish.

24 15 U.S.C. § 1117(a).  Because Plaintiff has offered no proof of actual injury, the Court has "no

25 way to determine with any degree of certainty what award would be compensatory."

26 *TrafficSchool.com*, 653 F.3d at 831.  Considering the totality of the circumstances, the Court has

27 determined that this is not a case that calls for an award of monetary damages.

28   Lastly, when determining a request for fees, a district court should examine the "'totality

4

of the circumstances' to determine if the case was exceptional…exercising equitable discretion in light of the nonexclusive factors…and using a preponderance of the evidence standard." *SunEarth, Inc.*, 839 F.3d at 1181.  For the same reasons discussed above, this is not an exceptional case, and an award of fees in this case is not appropriate.

**<u>Injunctive Relief</u>**

"A plaintiff seeking a permanent injunction must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  *eBay Inc. v. MercExchange LLC*, 547 U.S. 388, 391 (2006).  In the Ninth Circuit, plaintiffs need not prove actual injury in order to be entitled to injunctive relief on a Lanham Act false advertising claim where "it can be shown that the advertisement has misled, confused, or deceived the consuming public."  *Southland,* 108 F.3d at 1140-45 (quoting *Harper House*, 889 F.2d at 210).  Where a plaintiff succeeds on the merits of its claim and meets the test for injunctive relief, a district court may grant such relief even where monetary damages are unavailable.  *See Harper House*, 889 F.2d at 210; *TrafficSchool.com*, 653 F.3d at 828-31.  Plaintiff has met this standard for injunctive relief.

The elements of a false advertising claim under the Lanham Act are listed above.  The Court will address each of those five elements here.  First, it is indisputable that Defendants have made false statements regarding whether products containing Ostarine have side effects.  Plaintiff has met its burden of proving that statements made by Defendants—that their products OSTA RX and Super DMZ 4.0 either have no negative side effects or that side effects are "basically non-existent"—were literally false.  Moreover, Defendant DiMaggio himself admitted at his deposition that Ostarine does have side effects, and the FDA has identified Ostarine and other SARMs as potentially dangerous to public health and safety.  It is undisputed that these false statements were made in the context of commercial advertisement.  Accordingly, the first factor is met.

Second, although Plaintiff has not provided proof of actual deception, it has met its burden of proving that Defendants' statements have the tendency to deceive consumers.  Where a

1    statement is "literally false, a violation may be established without evidence of consumer

2    deception." *Mutual Pharm. Co. v. Ivax Pharms., Inc.*, 459 F. Supp. 2d 925, 933 (C.D. Cal. 2006)

3    (*quoting Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 273 (4th Cir. 2002).  Here, it has been

4    proven that Defendants made statements that were literally false, and Defendants have not rebutted

5    the presumption that such statements have a tendency to deceive.  Even without this presumption,

6    common sense requires a finding that statements denying the existence of negative health effects

7    in a fitness product have a tendency to deceive a substantial segment of interested consumers.

8    Thus, the second element is met.

9            Third, to be material, the false or misleading nature of the advertisement must be likely to

10   influence the purchasing decision.  *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1181 (9th Cir. 2003).

11   It can naturally be assumed that consumers of fitness supplements take into account the existence

12   and extent of negative side effects when deciding whether to buy them and in comparing different

13   products.  Plaintiff need not prove that consumers have actually been influenced, only that they

14   would be *likely* to be influenced.  *Id.*  This element is clearly met here.

15           Fourth, it is undisputed that Defendants sold OSTA RX and Super DMZ 4.0 in interstate

16   commerce.  Defendants admitted in their Answer to the Complaint that "IronMag made

17   advertising statements on its website and on the internet, and shipped products in interstate

18   commerce."

19           Fifth and finally, although Plaintiff has not proven past injury, it has demonstrated a

20   likelihood of future injury if Defendants are permitted to continue selling Ostarine products with

21   deceptive advertising.  As the Ninth Circuit explained in *TrafficSchool.com*, "competitors vie for

22   the same dollars from the same consumer group, and a misleading ad can upset their relative

23   competitive positions."  653 F.3d at 827 (internal citation and quotation omitted).  Plaintiff and

24   Defendants are competitors in the fitness supplement industry, and it has been established that

25   Defendants' misrepresentations are likely to deceive target consumers.  Accordingly, the fifth

26   element is met.

27           In conclusion, Plaintiff has proven the elements of a Lanham Act false advertising claim

28   and is entitled to injunctive relief, provided it meets the *eBay* test above.  The element of

                                                    6

irreparable injury is met here due to the presumption that consumers have been deceived by Defendants' literally false statements. *Southland,* 108 F.3d at 1140-45. Monetary damages have not been awarded here and in any case would be inadequate to protect the public in the absence of an injunction due to the possibility of Defendants selling products in the future which may pose a risk to public health and safety. The balance of hardships and public interest clearly weigh in favor of granting injunctive relief as well. Defendants claim to no longer sell OSTA RX or Super DMZ 4.0 and, therefore, will not be burdened by an injunction. Plaintiff and the public, on the other hand, will benefit from an injunction protecting consumers and competitors from Defendants' false advertising. Accordingly, the *eBay* test is met here, and Plaintiff is entitled to an injunction.

**State Law Claims**

In addition to its Lanham Act claims, Plaintiff asserts causes of action under California's UCL and FAL. Business and Professions Code section 17203 allows courts to grant monetary relief under the UCL and FAL "to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." Cal. Bus. & Prof. Code § 17203. In *Theme Promotions v. News America Marketing FSI,* the Ninth Circuit explained that section 17203 "allows awards of restitution, but not awards of non-restitutionary disgorgement." 546 F.3d 991, 1008-1009 (9th Cir. 2008). Here, Plaintiff seeks disgorgement of Defendants' profits and other non-restitutionary measures of damages. Plaintiff has not alleged that it bought products from Defendants, paid any money to Defendants, or that Defendants otherwise acquired money or other property to which Plaintiff is entitled. Plaintiff's claim that it has an interest in Defendants' profits fails because Plaintiff has not even attempted to provide proof of lost profits or lost business opportunities traceable to Defendants' conduct. Accordingly, Plaintiff's state law claims fail as a matter of law.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment is GRANTED in part and DENIED in part. (Dkt. Nos. 44, 45). Specifically, Plaintiff's request for injunctive relief under the Lanham Act is GRANTED. Defendants are permanently enjoined from falsely advertising OSTA RX, Super DMZ 4.0, and other supplements containing Ostarine or

other SARMs.  Plaintiff's request for monetary damages under the Lanham Act and California Business and Professions Code sections 17200 and 17500 are DENIED.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment is GRANTED in part and DENIED in part.  (Dkt. No. 61).  Specifically, Defendants' Motion is GRANTED with respect to Plaintiff's claim for monetary damages.  The Motion is DENIED with respect to Plaintiff's claim for injunctive relief under the Lanham Act.

Dated:  November 16, 2018.

_____

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

8