Damon D. Mircheff (State Bar No. 216257)
dmircheff@rutan.com
Proud Usahacharoenporn (State Bar No. 278204)
pusaha@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone:  714-641-5100
Facsimile:   714-546-9035

Attorneys for Defendants
IronMag Labs, LLC and
Robert DiMaggio

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION LLC, an Arizona Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>IronMag Labs, LLC, a Nevada Limited Liability Company, Robert DiMaggio, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:15-cv-08233-R-JC<br>Hon. Manuel L. Real<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF NUTRITION DISTRIBUTION'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF PLAINTIFF'S OTHER SUPPLEMENT FALSE ADVERTISING LAWSUITS**<br><br>Hearing:<br>Date:           December 3, 2018<br>Time:          10:00 a.m.<br>Courtroom:  880<br><br>Date Action Filed: October 21, 2015<br>Discov. Cutoff:     October 15, 2018<br>Pretrial Conf.:      November 26, 2018<br>Trial Date:           December 4, 2018 |

/ / /

/ / /

/ / /

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
13080794.1 a11/19/18

DEFENDANTS' OPPN. TO PLAINTIFF'S MIL
NO. 1 RE OTHER LAWSUITS
Case no. 2:15-cv-08233-R-JC

## I. INTRODUCTION AND ARGUMENT SUMMARY.

Plaintiff Nutrition Distribution, LLC must prove causation and actual injury as part of its claim for relief for false advertising under the Lanham Act, and to establish a right to any remedy.[1] More specifically, it must prove Defendants' alleged false advertising of two of IronMag Labs' former products, OSTA RX and Super DMZ 4.0, caused the "loss of revenue," "loss of goodwill" and "disparagement" Nutrition Distribution alleges and for which it seeks significant monetary relief. Cplt., ¶¶ 7, 8, 43. Nutrition Distribution's own allegations concede it must prove causation and injury resulting from the acts of false advertising it alleges Defendants committed. Cplt., ¶¶ 15, 43.

Evidence that Nutrition Distribution has filed not fewer than 83 other false advertising lawsuits against other competing supplement companies since 2015 alleging those companies caused the same injuries that Nutrition Distribution alleges Defendants caused (loss of revenue through the diversion of business, loss of goodwill, and disparagement) is highly relevant to Nutrition Distribution's claims of causation and injury here. Over half of those lawsuits concern the same class of substance – SARMs – at issue in this action, and most of the rest concern other "muscle gainer" products Nutrition Distribution alleged compete with its muscle gainer products Advanced PCT or Mass FX Black at issue in this case. For the other supplement products, like stimulants, Nutrition Distribution still contends the false advertising by other competing companies injured it in the form of loss of goodwill and disparagement which remain part of its claims here.

---

[1] Nutrition Distribution has abandoned its claims for relief for unfair competition and false advertising under California law, California Business & Professions Code sections 17200 et seq. and 17500 et seq. Dkt nos. 76 and 95. It's claim for false advertising under the Lanham Act is its only remaining claim for relief. In addition, the Court entered its Order on November 16, 2018 granting in part and denying in part the parties' cross-motions for summary judgment, which, to Defendants' knowledge, fully disposes of Plaintiff's Lanham Act claim. Dkt no. 117, Defendants file their Oppositions to Plaintiff's two (untimely) motions in limine in an abundance of caution because of the filing deadline, and because no judgment has yet been entered.

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
13080794.1 a11/19/18

-1-

DEFENDANTS' OPPN. TO PLAINTIFF'S MIL
NO. 1 RE OTHER LAWSUITS
Case no. 2:15-cv-08233-R-JC

Defendants do not offer evidence of these other highly similar (and in some cases, almost identical) complaints as character evidence.  Defendants do not offer it to show Nutrition Distribution is litigious.  Rather, these parallel lawsuits are evidence of causation and injury, or lack of causation and injury caused by Defendants, and evidence concerning Nutrition Distribution's right to any remedy (including damages and disgorgement), which are part of Nutrition Distribution's prima facie case.  Defendants request that the Court deny Nutrition Distribution's Motion.

## II. ARGUMENT.

### A. Nutrition Distribution's Motion And Objections To Defendants' Trial Exhibits 77-86, 125-126, and 201-344 Are Untimely.

Nutrition Distribution's Motion is untimely.  Nutrition Distribution filed its two motions in limine on November 12, 2018, noticing them for hearing on December 3 – in other words, on notice of 21 days.  Central District Local Rules require 28-days' notice.  Defendants, in contrast, filed their motions in limine on November 5, providing sufficient notice.

Nutrition Distribution's objections to Defendants' exhibits are also untimely. Pursuant to Federal Rule of Civil Procedure 26(a)(3)(B) and Local Rule 16-6.3, parties must include objections to exhibits with the proposed joint pretrial conference order.  Nutrition Distribution emailed the Court the joint pretrial conference order on October 29, 2018 (the deadline to lodge it under the scheduling Order) in an apparent unsuccessful attempt to lodge it, then lodged it on November 2, 2018.  Dkt no. 95.  Nutrition Distribution did not include objections to Defendants' proposed exhibits in the proposed joint pretrial conference order.[2]

/ / /

---

[2] Under FRCP 26(a)(3)(B) an objection not made within the time set forth in that rule, "except for one under Federal Rule of Evidence 402 or 403" is waived. Nutrition Distribution's Motion relies in part on Rules 402 and 403, and such objections would not be waived.  Any objection under FRE 404 would be waived, but Defendants are not offering this evidence as character evidence.

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
13080794.1 a11/19/18

-2-

DEFENDANTS' OPPN. TO PLAINTIFF'S MIL
NO. 1 RE OTHER LAWSUITS
Case no. 2:15-cv-08233-R-JC

1  Also, under Local Rule 16-6.3 "the grounds for all objections shall be stated
2  separately as to each exhibit." Nutrition Distribution has not done that either.

### B. Evidence Of Nutrition Distribution's Other Supplement False Advertising Lawsuits Since 2015 Are Relevant To Causation And Actual Injury And The Right To Remedies.

The Lanham Act is not a private attorney general act. A plaintiff must have and prove damage or actual injury to itself to recover damages or disgorgement. *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 210 (9th Cir. 1989) (re damages); *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 824-27 (9th Cir. 2011) (showing for disgorgement); *Biocell Tech. LLC v. Arthro-7*, 2013 WL 12063914, at *8 (C.D. Cal. May 22, 2013) (showing for disgorgement).

Nutrition Distribution's own allegations acknowledge it must prove causation and injury. Nutrition Distribution alleges "Plaintiff's injuries as herein alleged were *proximately caused* by the aforementioned defendants." Cplt., ¶ 15, emphasis added. It also alleges, "Plaintiff has suffered both an ascertainable economic loss of money and reputational injury by the diversion of business from Plaintiff to IMG and the loss of goodwill in Plaintiff's products" it contends was caused by the alleged false advertising. *Id*., ¶ 43. Actual injury caused by the alleged false advertising of OSTA RX and Super DMZ 4.0 are necessary elements of Nutrition Distribution's claim.

Those injuries, according to Nutrition Distribution, were the diversion of its sales and resulting loss of revenue, the loss of goodwill, and disparagement. It alleges, "Plaintiff has suffered both an ascertainable economic loss of money and reputational injury by the diversion of business from Plaintiff to IMG and the loss of goodwill in Plaintiff's products," and that Defendants' advertisements have "the tendency to disparage Plaintiff's products and goodwill." Cplt., ¶¶ 43, 70. Nutrition Distribution alleges Defendants' advertising "unjustly enriched Defendants at the expense of Plaintiff," and that Defendants' false advertisements "caused Plaintiff

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
13080794.1 a11/19/18

-3-

DEFENDANTS' OPPN. TO PLAINTIFF'S MIL
NO. 1 RE OTHER LAWSUITS
Case no. 2:15-cv-08233-R-JC

extensive and irreparable harm, including, but not limited to, loss of revenue, disparagement, and loss of goodwill." Cplt., ¶¶ 7, 8. The only Nutrition Distribution product identified in the Complaint is Advanced PCT, which Nutrition Distribution calls a muscle gainer, but it has also recently sought to put its "muscle gainer" product Mass FX Black at issue in this action.

In addition to the absence of evidence that Defendants' advertising of OSTA RX and Super DMZ 4.0 caused any damage or injury to Nutrition Distribution, Nutrition Distribution has the further problem of having contended that hundreds of other persons and companies injured its sales and goodwill through the false advertising of other competing supplement products, most of which Nutrition Distribution contended competed with its muscle gainer supplements. Specifically, 49 of Nutrition Distribution's false advertising lawsuits concerned SARMs, 10 concerned peptides, 7 concerned "prohormones," 4 concerned "DMZ," 3 concerned products described as growth hormones, and 2 concerned other products alleged to be like steroids (with some of the lawsuits concerning more than one category of "muscle gainer"). Dkt no. 61-2 [Mircheff decl., ¶ 3, Ex. 1 – chart of lawsuits]; Dkt no. 50 [RJN, Exs. 9-91 – Nutrition Distribution's false advertising complaints re supplements]. Many of those lawsuits concern more than one "competing" product advertised by the defendant(s), like in this lawsuit.

Even for the small group of lawsuits on competing supplement products that were not muscle gainers, like stimulants and "male enhancement" products, because Nutrition Distribution alleges loss of goodwill and disparagement injury in those actions, Nutrition Distribution's lawsuits concerning non-muscle gainers alleging those injuries are still relevant to the causation of those injuries Nutrition Distribution must prove here -- even if such products did not directly compete with its muscle gainer products. See Dkt. nos. 50, 61-2.

/ / /

/ / /

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
13080794.1 a11/19/18

-4-

DEFENDANTS' OPPN. TO PLAINTIFF'S MIL
NO. 1 RE OTHER LAWSUITS
Case no. 2:15-cv-08233-R-JC

Nutrition Distribution's allegations of causation and injury in its other supplement false advertising lawsuits are also relevant to the right to relief it seeks here, including disgorgement of IronMag Labs' profits. To obtain that relief, it must prove actual injury caused by the alleged false advertising. *TrafficSchool.com, Inc.*, 653 F.3d at 825, 831 (finding the plaintiff established Article III injury, but not actual injury caused by the alleged false advertising for purposes of disgorgement); *Biocell Tech. LLC*, 2013 WL 12063914 at *8-9, *12 (same). Disgorgement of a defendant's profits under 15 U.S.C. section 1117(a) without proof of actual injury caused by the alleged false advertising *only* potentially applies in two types of cases, neither of which applies here: (1) comparative false advertising, and (2) "when defendant associates its product with plaintiff's noncompetitive product to appropriate good will or brand value." *TrafficSchool.com, Inc.,* 653 F.3d 820 at 831; *Biocell Tech. LLC*, 2013 WL 12063914 at *12; *see also Pom Wonderful Ltd. Liab. Co. v. Ocean Spray Cranberries, Inc.*, 2011 U.S. Dist. LEXIS 117906, at *7-8 (C.D. Cal. Oct. 12, 2011).

Nutrition Distribution must show the monetary remedy it seeks is for injury or loss caused by Defendants' alleged false advertising – as opposed to injury caused by general market competition, or by dozens or hundreds of other competing companies also alleged to have falsely advertised SARMs or other "illicit" muscle gainers in the same time period, thus injuring it. In *TrafficSchool.com, Inc.,* for example, the Ninth Circuit affirmed the order denying the plaintiff disgorgement of the defendant's profits, holding,

> The Lanham Act allows an award of profits only to the extent the award "shall constitute compensation and not a penalty." 15 U.S.C. § 1117(a). But "when advertising does not directly compare defendant's and plaintiff's products," the injury to plaintiff "may be a small fraction of the defendant's sales, profits, or advertising expenses." *Harper House, Inc*., 889 F.2d at 209 n. 8. Plaintiffs didn't produce any proof of past injury or causation, so the district court had no way to determine with any degree of certainty what award would be compensatory.

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
13080794.1 a11/19/18

-5-

DEFENDANTS' OPPN. TO PLAINTIFF'S MIL
NO. 1 RE OTHER LAWSUITS
Case no. 2:15-cv-08233-R-JC

1  *TrafficSchool.com, Inc.*, 653 F.3d at 831.  The district court reached a similar
2  finding in *Biocell Tech. LLC*.  *Biocell Tech. LLC,* 2013 WL 12063914 at *12.  The
3  motions for summary judgement thoroughly brief this law.  In short, Nutrition
4  Distribution's allegations that hundreds of other companies and persons have injured
5  it through the false advertising and sale of other competing supplement products is
6  relevant to Nutrition Distribution's claim that Defendants' advertising has injured it
7  and how much of any injury was caused by Defendants.  Although the Court
8  determines the amount of disgorgement to award (if any), the jury makes the
9  findings of whether the plaintiff has established actual injury caused by the alleged
10 false advertising, and on damages (assuming Nutrition Distribution is permitted to
11 present damages evidence – see Defendants' Motion for Evidentiary Sanctions).

       **C.    The Evidence Should Not Be Excluded Under Federal Rules Of Evidence 403 or 404.**

14       Nutrition Distribution dislikes the optics of all the highly similar false
15 advertising lawsuits it has brought since being offered into evidence, but the
16 evidence is highly probative.  Indeed, it is essential to Defendants' defense of
17 Nutrition Distribution's prima facie case, as set forth above.  Evidence is not
18 "unfairly prejudicial" under Federal Rule of Evidence 403 because it is harmful to a
19 party proving a claim or defense.  None of the cases Nutrition Distribution cites are
20 analogous.  Defendants do not offer the evidence to show Nutrition Distribution is
21 litigious.  They offer it for the reasons stated above.

22       Defendants also do not offer this evidence as character evidence (see Fed. R.
23 Evid. 404), as set forth above and at length in the parties' cross-motions for
24 summary judgment.  There is no basis for excluding this evidence under Federal
25 Rule of Evidence 404.  And as explained above, Nutrition Distribution waived
26 objections to the subject exhibits other than under Federal Rules of Evidence 402
27 and 403 but not timely making them when lodging the proposed pre-trial conference
28 order.  Fed. R. Civ. Proc. 26(a)(3)(B).

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
13080794.1 a11/19/18

-6-

DEFENDANTS' OPPN. TO PLAINTIFF'S MIL
NO. 1 RE OTHER LAWSUITS
Case no. 2:15-cv-08233-R-JC

## III. CONCLUSION.

Defendants respectfully request that the Court deny Nutrition Distribution's Motion in Limine No. 1 in its entirety.

Dated:  November 19, 2018                    RUTAN & TUCKER, LLP

By: /s/ *Damon Mircheff*
    Damon D. Mircheff
    Attorneys for Defendants
    IronMag Labs, LLC and Robert DiMaggio

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
13080794.1 a11/19/18

-7-

DEFENDANTS' OPPN. TO PLAINTIFF'S MIL
NO. 1 RE OTHER LAWSUITS
Case no. 2:15-cv-08233-R-JC