| | |
|---|---|
| 1 | Damon D. Mircheff (State Bar No. 216257) |
|   | dmircheff@rutan.com |
| 2 | Proud Usahacharoenporn (State Bar No. 278204) |
|   | pusaha@rutan.com |
| 3 | RUTAN & TUCKER, LLP |
|   | 611 Anton Boulevard, Suite 1400 |
| 4 | Costa Mesa, California 92626-1931 |
|   | Telephone:  714-641-5100 |
| 5 | Facsimile:   714-546-9035 |
| 6 | Attorneys for Defendants |
|   | IronMag Labs, LLC and |
| 7 | Robert DiMaggio |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION LLC, an Arizona Limited Liability Company, | Case No. 2:15-cv-08233-R-JC |
|  | Hon. Manuel L. Real |
| Plaintiff, | |
| vs. | **DEFENDANTS' OPPOSITION TO PLAINTIFF NUTRITION DISTRIBUTION'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF CRIMINAL INFORMATIONS, GUILTY PLEAS AND ACTIONS THAT WERE THE BASIS OF THE CRIMINAL ENFORCEMENT ACTIONS AGAINST NUTRITION DISTRIBUTION AND ANABOLIC XTREME** |
| IronMag Labs, LLC, a Nevada Limited Liability Company, Robert DiMaggio, an individual, and DOES 1 through 10, inclusive, | |
| Defendants. | |
|  | Hearing: |
|  | Date:         December 3, 2018 |
|  | Time:         10:00 a.m. |
|  | Courtroom:    880 |
|  | Date Action Filed: October 21, 2015 |
|  | Discov. Cutoff:    October 15, 2018 |
|  | Pretrial Conf.:    November 26, 2018 |
|  | Trial Date:        December 4, 2018 |

26  / / /

27  / / /

28  / / /

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
13085745.2 a11/19/18

DEFENDANTS' OPPN. TO PLAINTIFF'S MIL
NO. 2 RE CRIM. ENFORCEMENT ACTIONS
Case no. 2:15-cv-08233-R-JC

## I. INTRODUCTION AND ARGUMENT SUMMARY.

In an effort to avoid looking hypocritical in front of a jury, Plaintiff Nutrition Distribution, LLC asks the court to exclude evidence of its prior conduct advertising dietary supplement products it later admitted were misbranded drugs it was selling as supplements with an intent to mislead the public, and evidence of the resulting guilty pleas by Plaintiff and its sister company Anabolic Extreme.  In other words, Plaintiff seeks to exclude evidence that it pleaded guilty to doing effectively the same thing it has accused Defendants of doing – while sanctimoniously arguing this lawsuit and its other false advertising lawsuits were in part to protect the public.  Because the "manner of dirtying" its own hands is so closely related to Plaintiff's claim in this action, Plaintiff's previous conduct is relevant to Defendants' unclean hands defense.  *Precision Instr. Mfg. Co. v. Auto. Maint. Mach. Co*., 324 U.S. 806, 814-15 (1945); *Trafficschool.com, Inc. v. Edriver, Inc*., 653 F.3d 820, 833 (9th Cir. 2011).  Plaintiff's Motion in Limine No. 2 should be denied.

## II. PLAINTIFF'S MOTION IS UNTIMELY.

Plaintiff's Motion is untimely.  Plaintiff filed its two motions in limine on November 12, 2018, noticing them for hearing on December 3, or 21 days before the hearing date.  Central District Local Rule requires 28-days' notice.  Defendants, in contrast, filed their motions in limine on November 5, providing sufficient notice.

## III. PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE DEFENDANTS MEET THE ELEMENTS FOR THE UNCLEAN HANDS AFFIRMATIVE DEFENSE.

Plaintiff's previous improper conduct – selling dietary supplement products in commerce that it later admitted were "misbranded drugs" under the FDCA with the intent to defraud or mislead – is relevant to Defendants' unclean hands defense.

### A. Legal Standard For Unclean Hands.

The equitable defense of unclean hands has two elements:  (1) Plaintiff engaged in inequitable conduct; and (2) Plaintiff's inequitable conduct relates to the

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
13085745.2 a11/19/18

-1-

DEFENDANTS' OPPN. TO PLAINTIFF'S MIL
NO. 2 RE CRIMI. ENFORCEMENT ACTIONS
Case no. 2:15-cv-08233-R-JC

1 subject matter of its claims. *Precision Instr. Mfg. Co. v. Auto. Maint. Mach. Co*., 324 U.S. 806, 814-15 (1945); *Trafficschool.com, Inc. v. Edriver, Inc*., 653 F.3d 820, 833 (9th Cir. 2011); *Adler v. Fed. Republic of Nigeria,* 219 F.3d 869, 877 (9th Cir. 2000); *Republic Molding Corp. v. B.W. Photo Utils*., 319 F.2d 347, 349 (9th Cir. 1983). Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), provides that available remedies are "subject to principles of equity" like the doctrine of unclean hands. To prevail on an unclean hands defense, "[a] defendant must demonstrate that the plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims." *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987). The defense has often been applied in the Ninth Circuit to bar relief in false advertising suits under the Lanham Act. *See Emco, Inc. v. Obst*, 2004 WL 1737355, at *4-*6 (C.D. Cal. May 7, 2004); *Worden & Co. v. Cal. Fig Syrup Co.*, 187 U.S. 516, 528 (1903).

For purposes of unclean hands, the plaintiff need not have engaged in the exact same or identical conduct. Rather, "[i]n applying the doctrine, 'what is material is . . . that [plaintiff] dirtied [his hands] in acquiring the right he now asserts, or that the manner of dirtying renders inequitable the assertion of such rights against the defendant.'" *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1097 (9th Cir. 1985) (internal citation and editing marks omitted). Here, it is "the manner of dirtying" that makes Plaintiff's prior conduct relevant to Defendants' unclean hands defense.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
13085745.2 a11/19/18

-2-

DEFENDANTS' OPPN. TO PLAINTIFF'S MIL
NO. 2 RE CRIMI. ENFORCEMENT ACTIONS
Case no. 2:15-cv-08233-R-JC

### B. The Prior Criminal Enforcement Actions Against Plaintiff And Anabolic Xtreme, And The Conduct Of Plaintiff And Its Principals On Which Those Enforcement Actions Were Based, Support The Application Of Defendants' Unclean Hands Affirmative Defense.

Plaintiff asks the Court to award it hundreds of thousands or millions of dollars in disgorgement as an equitable remedy based on Defendants allegedly falsely advertising two products formerly sold by IronMag Labs containing Ostarine, which Plaintiff contends could not be advertised or sold as supplements pursuant to the FDCA (although the FDA, at the time IronMag Labs was selling them, had not taken an agency-level administrative position on SARMs). In light of the stated grounds for Plaintiff seeking this remedy, the manner in which Plaintiff dirtied its hands – selling misbranded drugs, advertised as supplements, with the intent to mislead – is relevant and within the scope of the unclean hands affirmative defense.[1]

The two elements of unclean hands are simply: (1) the plaintiff engaged in inequitable conduct; and (2) plaintiff's inequitable conduct relates to the subject matter of its claims. *Precision Instr. Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814-15 (1945). Those elements, based on the manner Nutrition Distribution dirtied its hands, are met. Moreover, the current principals of Nutrition Distribution, Kevin Smith and Michael Keplinger, were the principals of Nutrition Distribution and Anabolic Xtreme at the time those companies committed the acts resulting in the criminal informations and guilty pleas. See Defs.' MSJ and Oppn. to Plaintiff's MSJ re same.

/ / /

---

[1] Plaintiff's previous wrongdoing – including its prior criminal guilty plea – is further relevant in light of Plaintiff's contention that this matter is an "exceptional case," as defined under the Lanham Act, entitling Plaintiff to attorneys' fees. Plaintiff has repeatedly argued that it brought this lawsuit in part to "protect the public." However, Plaintiff's previous behavior of mislabeling supplement products and misleading the public demonstrates that Plaintiff does not care about the public, but has brought this case for self-interested reasons.

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
13085745.2 a11/19/18

-3-

DEFENDANTS' OPPN. TO PLAINTIFF'S MIL
NO. 2 RE CRIMI. ENFORCEMENT ACTIONS
Case no. 2:15-cv-08233-R-JC

The fact that Plaintiff's unlawful conduct predated IronMag Labs' sale of OSTA RX by several years does not provide an equitable limitations period given the nature of Plaintiff's offense. It would not be equitable to award hundreds of thousands of dollars or more to Plaintiff for "regulating" its competitors where Plaintiff, controlled by the same owners then as now, was an admitted offender not long ago.

Plaintiff contends that unclean hands has no application here because "the prior wrongdoing has no relationship to the case or parties at issue and has caused no harm whatsoever to Defendants," citing *Pom Wonderful LLC v. Coca Cola Co.*, 166 F. Supp. 3d 1085, 1099 (C.D. Cal. 2016); *Hynix Semiconductor Inc. v. Rambus Inc.*, 591 F. Supp. 2d 1038, 1067 (N.D. Cal. 2006); and *Pond v. Insurance. Co. of N.A.*, 151 Cal. App. 3d 280, 290 (1984). These cases do not establish grounds for excluding Defendants' evidence.

*Pom Wonderful* in fact supports Defendants' position that Plaintiff's previous wrongful conduct – selling misbranded drugs advertised as supplements – is relevant evidence of Plaintiff's unclean hands. The court therein reasoned that "a defendant must merely prove that the plaintiff engaged in 'inequitable' conduct that is ***sufficiently related*** to the subject matter of the plaintiff's claims." *Pom Wonderful*, 166 F. Supp. 3d at 1099 (emphasis added).

The court's opinion in *Hynix Semiconductor*, which held that an unclean hands defense requires proof that the offending conduct materially prejudiced a party's ability to defend itself, was vacated and thus is not good law. *See*, *Hynix Semiconductor*, 591 F. Supp. 2d at 1038. The *Hynix* opinion is, moreover, an outlier that is not followed by the Central District or the Ninth Circuit. *See*, *e.g.*, *Intamin, Ltd. V. Magnetar Techs. Corp.*, 623 F. Supp. 2d 1055, 1075 (C.D. Cal. 2009) (rejecting argument that defendant must "additionally demonstrate that it was somehow injured or prejudiced" by plaintiff's conduct and holding that it was "inconsistent with controlling Supreme Court, Federal Circuit and Ninth Circuit

authority"). Lastly, *Pond* is a decision from an intermediate California appellate court that is not factually apposite and does not alter the clear United States Supreme Court and Ninth Circuit precedent holding the elements of an unclean hands defense are: (1) the plaintiff engaged in inequitable conduct; and (2) the plaintiff's inequitable conduct relates to the subject matter of its claims. *Precision Instr. Mfg.*, 324 U.S. at 814-15; *Trafficschool.com*, 653 F.3d at 833.

Put simply, Plaintiff's prior wrongful behavior is the type of conduct that gives rise to an unclean hands defense in this case in which Plaintiff seeks equitable remedies based on the claim Defendants made false statements about supplement products that tended to mislead the public.

### C. Defendants Have Asked To Try The Unclean Hands Defense To An Advisory Jury.

Plaintiff additionally argues that its prior wrongful behavior should be excluded because its being offered to support an equitable affirmative defense (unclean hands) that cannot be decided by a jury. Oppn. at 2. While equitable affirmative defenses like unclean hands are not triable to a jury as a matter of right, Defendants have requested that the Court here allow the jury to make advisory findings on Defendants' unclean hands defense (in Defendants' Memorandum of Contentions of law and Fact and in the Joint Proposed Pretrial Conference Order, Dkt nos. 73 and 95). See Fed. R. Civ. P. 39(c) (stating that, "[i]n an action not triable of right by a jury, the court, on motion or on its own . . . may try an issue with an advisory jury"); see also, e.g., *Wang Labs., Inc. v. Mitsubishi Elec. Am., Inc.*, 103 F.3d 1571, 1576 (9th Cir. 1997) (stating that the jury – "[i]n its advisory capacity" – ruled on the equitable defenses, including unclean hands); *Diodato v. Turecamo Coastal & Harbor Towing, Inc.,* 100 F.R.D. 756, 758 (S.D.N.Y. 1984) (holding that action would be tried before a jury on all issues, but that the verdict would be advisory for nonjury issues).

/ / /

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
13085745.2 a11/19/18

-5-

DEFENDANTS' OPPN. TO PLAINTIFF'S MIL
NO. 2 RE CRIMI. ENFORCEMENT ACTIONS
Case no. 2:15-cv-08233-R-JC

Submitting Defendants' unclean hands defense to the jury for an advisory verdict is appropriate given the Ninth Circuit's directive that unclean hands cannot "be properly considered independent of the merits of the plaintiff's claim," but rather requires "weigh[ing] the substance of the right asserted by plaintiff against the transgression which, it is contended, served to foreclose that right." *Republic Molding*, 319 F.2d at 350. As described above, the issue and evidence of Plaintiff's unclean hands are bound up with the issues and facts that Plaintiff has indicated it will present on its claim for liability.

## IV. CONCLUSION.

Defendants respectfully request that the Court deny Plaintiff's Motion in Limine No. 2 in its entirety, and grant Defendants' request that the jury make advisory findings on Defendants' unclean hands defense as to the evidence of Nutrition Distribution and Anabolic Xtreme's past unlawful conduct on the advertising and sale of supplement products and resulting criminal actions against them.[2]

Dated: November 19, 2018
RUTAN & TUCKER, LLP

By: /s/ *Damon Mircheff*
Damon D. Mircheff
Attorneys for Defendants
IronMag Labs, LLC and Robert DiMaggio

---

[2] The other evidence supporting Defendants' unclean hands affirmative defense is set forth in Defendants' Memorandum of Contentions of Law and Fact at pages 10-11. Dkt no. 73. Plaintiff does not seek to preclude that evidence, which includes Plaintiff's settlement agreements with other supplement companies, which Plaintiff has only produced to Defendants within the past few days, following the Court's October 29 Order to produce. Dkt no. 92.

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
13085745.2 a11/19/18

-6-

DEFENDANTS' OPPN. TO PLAINTIFF'S MIL
NO. 2 RE CRIMI. ENFORCEMENT ACTIONS
Case no. 2:15-cv-08233-R-JC