1 | Damon D. Mircheff (State Bar No. 216257)
dmircheff@rutan.com
2 | Proud Usahacharoenporn (State Bar No. 278204)
pusaha@rutan.com
3 | RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
4 | Costa Mesa, California 92626-1931
Telephone: 714-641-5100
5 | Facsimile: 714-546-9035

6 | Attorneys for Defendants
IronMag Labs, LLC and
7 | Robert DiMaggio

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 |

11 | NUTRITION DISTRIBUTION LLC, an
Arizona Limited Liability Company,

Case No. 2:15-cv-08233-R-JC
Hon. Manuel L. Real

12 |

13 | Plaintiff,
vs.

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE THE REPORT AND TESTIMONY OF PLAINTIFF'S RETAINED EXPERT DR. FRANCIS PERRY WILSON**

14 | IronMag Labs, LLC, a Nevada Limited
Liability Company, Robert DiMaggio, an
15 | individual, and DOES 1 through 10,
inclusive,

16 | Defendants.

**Motion 1 of 6**

17 |

Hearing:
Date:                    December 3, 2018
18 | Time:                    10:00 a.m.
Courtroom:               880

19 |

Date Action Filed:  October 21, 2015
20 | Discov. Cutoff:     October 15, 2018
Pretrial Conf.:     November 26, 2018
21 | Trial Date:         December 4, 2018

22 |

23 |

24 |

25 | / / /

26 | / / /

27 | / / /

28 | / / /

## I.   PLAINTIFF FAILS TO RESPOND TO THE CONTROLLING LAW ON THE LEGAL STANDARD REQUIRING AN EXPERT HAVE SPECIFIC EXPERTISE ON THE DESIGNATED TOPIC, WHICH DR. WILSON LACKS AS TO SARMS.

Plaintiff Nutrition Distribution LLC's Opposition does not address the controlling case law holding that an expert's failure to have the specialized knowledge relating to the *specific* issue he or she was designated to opine upon precludes that expert from offering testimony at trial. *Warner Brothers Entertainment v. Global Asylum, Inc.*, 2013 WL 12114836, at *7 (C.D. Cal. Jan. 29, 2013) ("In the absence of any evidence showing that Keegan has *specific experience or training in the field of consumer survey analysis*, the Court cannot find that he is qualified to testify as an expert on the topic."0 (emphasis added); *Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 817 (9th Cir. 2014) (excluding a purported expert's testimony – who testified during his deposition that he did not know the precise issue he was designated to testify about – as "not reliable because he did not have the knowledge or experience required under Rule 702 to permit him to give expert testimony"); *Jinro Am. Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 1005-06 (9th Cir. 2001) (reasoning that despite the purported expert's background as an investigator tasked with investigating Korean companies doing business with the armed forces, the purported expert did not have the legal, business, or financial expertise, education, or training to evaluate Korean transactions and the specific transaction at issue); *Bogosian v. Mercedes-Benz of N. Am.*, 104 F.3d 472, 477 (1st Cir. 1997) (reasoning that while the purported expert had extensive experience in *automotive repair*, he could not qualify as an expert in relevant areas such as the *design or manufacture of automobiles* or their components).

Plaintiff does not refute this law and cannot establish Dr. Wilson meets the standard for expertise on the specific health issues on which he was designated – the health effects of Ostarine and SARMs.

II.  **<u>PLAINTIFF FAILS TO ESTABLISH DR. WILSON HAS THE</u>**
**<u>KNOWLEDGE, SKILL, EXPERIENCE, TRAINING, AND</u>**
**<u>EDUCATION NECESSARY TO TESTIFY ABOUT THE HEALTH</u>**
**<u>EFFECTS OF SARMS OR IRONMAG LABS TWO FORMER</u>**
**<u>PRODUCTS OSTA RX AND SUPER DMZ 4.0.</u>**

Plaintiff's Opposition points to two pieces of information that supposedly support Dr. Wilson's ability to testify about the health effects of SARMs: (1) Dr. Wilson is a Yale professor; and (2) Dr. Wilson has previously engaged in "such analysis." Neither shows Dr. Wilson meets the standard to testify as an expert on the health effects of the SARM Ostarine or IronMag Labs' former products OSTA RX and Super DMZ 4.0.

As to the first point, Dr. Wilson's CV does establish he is a well-educated doctor with a position at a prestigious university. But Dr. Wilson's impressive position and training as a kidney specialist does not equate to him having the specialized knowledge to opine on the precise issue here – the health effects of SARMs. Just because he is a doctor and generally knowledgeable about many parts of human health does not mean he is an *expert* in every medical field, or the specific field at issue here. *See Wood v. Southwest Airlines Co.*, 2016 WL 696599, at *2 (E.D. Cal. Feb. 22, 2016) (quoting *Morin v. United States*, 534 F. Supp. 2d 1179, 1185 (D. Nev. 2005), *aff'd*, 244 F. App'x 142 (9th Cir. 2007)) ("Just as a lawyer is not by general education and experience qualified to give an expert opinion on every subject of the law, so too a scientist or medical doctor is not presumed to have expert knowledge about every conceivable scientific principle or disease.").

As to Plaintiff's contention that Dr. Wilson has previously engaged in "such analysis," Plaintiff overstates Dr. Wilson's prior analysis. Plaintiff points to one opinion-piece article, written by someone else, and that quotes Dr. Wilson one time. Oppn. at 1:20-24 and Ex. A to Oppn. The article does not establish Dr. Wilson

/ / /

engaged in any particular analysis on SARMs or serve as evidence he is an expert on SARMs, let alone establish his expertise.  Decl. of Robert Tauler, ¶ 2, Ex. A.

Finally, Plaintiff argues that "there are no medical doctors who have the narrow experience Defendants suggest is required under Rule 702."  Oppn. at 1.  This argument fails legally and factually.  Plaintiff provides no authority supporting its contention that this supposed unavailability of qualified experts would change the requirements of Federal Rule of Evidence 702 analysis.  Opp. at 1.  And it is factually inaccurate because there are numerous doctors who almost certainly have the requisite expertise.  There are many doctors who have worked on studies on SARMs (Selective Androgen Receptor Modulators), and others who, if not SARMs experts, have extensive clinical experience with treating patients as it relates to the hormone system and hormone receptors who might also qualify.  Plaintiff need look no further than Defendants' designate expert Dr. Adrian Sandra Dobs, MD, MHS.  Dr. Dobs' clinical and research focus is on the area of sex hormones (i.e., testosterone) and hormone-related health effects and treatments, and has been involved with the development of multiple hormone and hormone-related products including SARMs.  Declaration of Damon Mircheff in support of MIL 1 ["Mircheff Decl."], ¶ 8, Ex. 6; Supp. Mircheff decl., ¶ 3, Ex. 11.

Dr. Wilson's own report cites a report authored in part by Dr. Dobs, which explains research into a specific SARM that was completed in part by Dr. Dobs.  Mircheff decl., ¶ 5, Ex. 3. pg. 23, fn. 7 [Dobs et al. Lancet Oncology. Apr 2013. doi:10.1016/S1470-2045(13)70055-X].  Dr. Wilson's report cites multiple published reports on SARMs authored by doctors involved in the studies of those SARMs, and who have specific expertise in the endocrine system and hormone receptors.  *Id.*, p. 21-25.  Many of these authors would likely have the requisite knowledge, skill, experience, training, and education necessary to testify about the health effects of SARMs.

/ / /

As just two further examples from Plaintiff's own evidence, James T Dalton is an author of two studies Dr. Wilson cites in his report:  (1) Effects of Enobosarm on Muscle Wasting and Physical Function in Patients with Cancer:  a Double-Blind Randomized Controlled Phase 2 Trial; and (2) Study Design and Rationale for the Phase 3 Clinical Development Program of Enobosarm, a Selective Androgen Receptor Modulator, for the Prevention and Treatment of Muscle Wasting in Cancer Patients (POWER Trials).  *Id.*, ¶ 5, Ex. 3, pg. 6 [Footnotes 9 and 10 to Dr. Wilson's report]; Mircheff decl., Ex. 8.  Mary Ann Johnston is also listed as an author of two studies Dr. Wilson cites in his report:  (1) Effects of Enobosarm on Muscle Wasting and Physical Function in Patients with Cancer:  a Double-Blind Randomized Controlled Phase 2 Trial; and (2) Study Design and Rationale for the Phase 3 Clinical Development Program of Enobosarm, a Selective Androgen Receptor Modulator, for the Prevention and Treatment of Muscle Wasting in Cancer Patients (POWER Trials).  Mircheff decl., ¶ 5, Ex. 3, pg. 6 [Footnotes 9 and 10 to Dr. Wilson's report] and Ex. 4; Supp. Mircheff decl., ¶ 2, Ex. 10.

There may not be thousands of doctors with the necessary expertise to testify about the health effects of Ostarine in supplements, but there are clearly more potentially qualified experts than just Dr. Dobs.  Instead of choosing one of these other doctors with the specific relevant expertise, Plaintiff chose Dr. Wilson – a well-trained doctor with no specialized educational or work background on or material to SARMs.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**III.    CONCLUSION.**

 Defendants respectfully request the Court grant their Motion In Limine No. 1 to exclude the opinions and testimony of Dr. Wilson on the health effects of IronMag Labs' former products OSTA RX and Super DMZ 4.0 because he lacks the specific expertise.

Dated:  November 19, 2018        RUTAN & TUCKER, LLP


          By: /s/ *Damon Mircheff*
           Damon D. Mircheff
           Attorneys for Defendants
           IronMag Labs, LLC and Robert