Damon D. Mircheff (State Bar No. 216257)
dmircheff@rutan.com
Proud Usahacharoenporn (State Bar No. 278204)
pusaha@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone:   714-641-5100
Facsimile:   714-546-9035

Attorneys for Defendants
IronMag Labs, LLC and
Robert DiMaggio

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION LLC, an Arizona Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>IronMag Labs, LLC, a Nevada Limited Liability Company, Robert DiMaggio, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:15-cv-08233-R-JC<br>Hon. Manuel L. Real<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING DEFENDANTS' ALLEGED VIOLATIONS OF THE FOOD, DRUG & COSMETIC ACT**<br><br>**Motion 2 of 6**<br><br>Hearing:<br>Date:             December 3, 2018<br>Time:            10:00 a.m.<br>Courtroom:   880<br><br>Date Action Filed: October 21, 2015<br>Discov. Cutoff:    October 15, 2018<br>Pretrial Conf.:      November 26, 2018<br>Trial Date:           December 4, 2018 |

/ / /

/ / /

/ / /

/ / /

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
13091885.1 a11/19/18

REPLY FOR DEFENDANTS' MOTION IN
LIMINE NO. 2 RE FDCA VIOLATIONS
Case no. 2:15-cv-08233-R-JC

# I.     INTRODUCTION.

Plaintiff Nutrition Distribution's Opposition to Defendants' Motion in Limine No. 2 to excluding evidence and argument regarding Defendants' alleged violations of the Food, Drug & Cosmetic Act ("FDCA") does not respond to Defendants' Motion on how Plaintiff improperly attempts to rely on alleged violations of the FDCA in support of its false advertising claim.[1]  Nutrition Distribution's Opposition instead discusses evidence it argues shows that defendant Robert DiMaggio ("DiMaggio") continued to advertise SARMs through different companies and was not accurate in his response to the FDA's October 23, 2017 warning letter.  The evidence shows otherwise, as discussed below.  Plaintiff makes speculative and in some cases false statements about DiMaggio's involvement with certain "shell companies."  Plaintiff also makes unsupported and in some cases false statements about the substances at issue – including a claim about the "SARM" Ibutamoren that Plaintiff's own expert says is not a SARM.  Plaintiff ignores these facts in its ongoing effort to attack DiMaggio and try to keep life in this case where Plaintiff, from the beginning, had no evidence of harm or injury caused by Defendants' alleged false advertising, but persisted to try to make an example of one of the few defendants who defended himself against a serial Plaintiff whose CEO testified had no evidence of damages caused by the alleged false advertising of any given defendant before filing its many complaints, but filed those complaints anyway.

Defendants' Motion in Limine No. 2 properly seeks to preclude Plaintiff from offering evidence or argument on IronMag Labs' alleged violations of the FDCA in support of its Lanham Act claim, as opposed to evidence of IronMag Labs' advertising statements about the health effects of OSTA RX and Super DMZ 4.0, the truth/falsity, tendency to deceive, and materiality of which are factual issues for

---

[1]   On November 16, 2018 the Court entered its Order granting in part and denying in part the parties' cross-motions for summary judgment.  Dkt no. 117.  Based on that Order, there is nothing left to be tried.  Defendants file their Reply papers in an abundance of caution because judgment is not entered, and because of the filing deadline for the Reply and Opposition papers for the motions in limine.

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
13091885.1 a11/19/18                                      -2-

REPLY FOR DEFENDANTS' MOTION IN
LIMINE NO. 2 RE FDCA VIOLATIONS
Case no. 2:15-cv-08233-R-JC

1  the trier of fact.  Plaintiff offers no authority to rebut or distinguish the controlling

2  law in Defendants Motion in Limine No. 2, and Defendants respectfully request the

3  Court grant their Motion.

4  **II.   ARGUMENT.**

5     **A.   Plaintiff Seeks To Offer Evidence And Argument That Defendants'**

6        **Advertising Of OSTA RX and Super DMZ 4.0 Violated The FDCA And**

7        **Supporting Regulations.**

8     Contrary to Plaintiff's argument that Defendants' Motion does not specify the

9  evidence and argument they seek to exclude, the Motion identifies evidence and

10 argument Plaintiff has signaled it intends to offer, including through the "opinion

11 testimony" of its retained expert, regulatory attorney Benjamin England.

12    Plaintiff operative pleading is replete with allegations that Defendants

13 violated provisions of the FDCA and supporting regulations through the former

14 advertising and sale of OSTA RX and Super DMZ 4.0.  Dkt no. 1.[2]  Plaintiff alleges,

15 for example, OSTA RX and Super DMZ 4.0 were "new drugs" as defined by the

16 FDCA, that IronMag Labs' sale of those products constituted the sale of

17 "misbranded" drugs.  Complaint, ¶¶ 54, 57-58.  Plaintiff seeks to offer evidence that

18 Defendants' engaged in false advertising because IronMag Labs' products contained

19 Ostarine, which an FDA official subsequently concluded in October 2017 – *after* the

20 filing of Plaintiff's Complaint, the April 2016 order granting Defendants' Motion to

21 Dismiss, and IronMag Labs voluntarily halting sales of those products – was a "new

22 drug" under the meaning of the FDCA and supporting regulations.

23 / / /

24

---

25 [2]   Plaintiff sought leave to file its First Amended Complaint, but leave was denied
   (Dkt no. 12).  Plaintiff filed its First Amended Complaint anyway (Dkt no. 13), but
26 because it was filed without leave of court it was ineffective and a legal nullity.
   Plaintiff did not thereafter seek to amend its Complaint.  Plaintiff's operative
27 pleading is thus the original Complaint filed October 2015 – even though Plaintiff's
   counsel conceded at oral argument before the Ninth Circuit that Plaintiff's
28 allegations on alleged FDCA violations were superfluous to its false advertising
   claim.

Rutan & Tucker, LLP
*attorneys at law*

REPLY FOR DEFENDANTS' MOTION IN
LIMINE NO. 2 RE FDCA VIOLATIONS
Case no. 2:15-cv-08233-R-JC

1        Plaintiff does not refute its admission at oral argument on appeal that its false

2   advertising claim does not (or should not) depend upon the alleged violations of the

3   FDCA.  Indeed, had Plaintiff argued otherwise, the appellate court may well have

4   found Plaintiff's Complaint impermissibly sought to enforce the FDCA under the

5   guise of a false advertising action, which is prohibited.

6        As Defendants' Motion establishes, Plaintiff has no standing to sue

7   Defendants for alleged violations of the FDCA (like the sale of "misbranded"

8   products), which has no private right of action.  21 U.S.C. § 337(a); *PhotoMedex,*

9   *Inc. v. Irwin*, 601 F.3d 919, 924 (9th Cir. 2010).  Plaintiff does not refute the

10  application of that controlling law.  Plaintiff also does not refute it conceded at oral

11  argument on its appeal that its allegations based on violations of the FDCA were not

12  relevant to Plaintiff's false advertising claim, and that it offered to amend its

13  Complaint to remove those superfluous allegations.  See RJN, Ex. A  [Rec. of Dec.

14  6, 2017 Oral Argument]; Mircheff decl., ¶ 3, Ex. 1.

15       Yet Plaintiff now argues it should be permitted to offer evidence and

16  argument of alleged violations of the FDCA and supporting regulations.  Indeed,

17  Plaintiff has designed a regulatory lawyer as a retained expert (Benjamin England)

18  whose purpose is to tell the jury about material provisions of the FDCA and the

19  application of those provisions to IronMag Labs' advertising and sale of OSTA RX

20  and Super DMZ 4.0.  In addition to being an improper role for an expert witness

21  (see Defendants' Motion in Limine No. 4), this evidence and argument is precluded

22  by the law discussed in Defendants' Motion.  The evidence for trial (assuming any

23  triable issues) should be on Plaintiff's claim that Defendants made advertising

24  statements about the health effects of OSTA RX and Super DMZ 4.0 (or omitted

25  relevant information on the health effects) that were false or misleading, had a

26  tendency to deceive, and were material.  For example, Plaintiff alleges:

27  / / /

28  / / /

Rutan & Tucker, LLP
*attorneys at law*

1069/101901-0006
13091885.1 a11/19/18

-4-

REPLY FOR DEFENDANTS' MOTION IN
LIMINE NO. 2 RE FDCA VIOLATIONS
Case no. 2:15-cv-08233-R-JC

1
2
3

> Defendants [falsely] claim that OSTA RX "increases lean muscle mass," "increases strength [and] endurance," "promotes fat loss," "promotes recovery," "increase[s] libido," "increase[s] bone density," and "causes muscle growth in the same manner as steroids" — all with no adverse side effects and "no toxicity."

4   Cplt., ¶ 2, bracketed text added.  Alleged violations of the FDCA are not properly

5   the subject of Plaintiff's false advertising claim.

6        **B.      Plaintiff's Argument DiMaggio Made Untrue Statements To the**

7        **FDA Is Incorrect And Based On A Misstatement Of Facts.**

8        Nutrition Distribution filed its Complaint in late October 2015.  It was

9   dismissed without prejudice under the primary jurisdiction doctrine in April 2016,

10  and Plaintiff appealed.  Even before the dismissal, IronMag Labs had already

11  stopped producing OSTA RX and Super DMZ 4.0, and it sold the last of those

12  products in 2016.  On October 23, 2017, the FDA sent IronMag Labs and DiMaggio

13  a warning letter on Super DMZ 4.0, which was the FDA's first communication to

14  IronMag Labs specifically concerning SARMs.

15       In response to this warning letter, IronMag Labs responded in November and

16  December 2017 that it had stopped producing Super DMZ 4.0 in 2015, and that

17  IronMag Labs did not "make any products containing Ostarine or any other

18  SARMs" as of that point in time.  The evidence shows (and will show) those

19  statements were accurate.  Regardless, these facts are not relevant to the issue

20  Defendants' Motion presents: whether Plaintiff may offer evidence or argument that

21  Defendants violated provisions of the FDCA in IronMag Labs' advertising and sale

22  of OSTA RX and Super DMZ 4.0 before halting their adverting and sale in 2016.

23       **C.      In Arguing Certain Products Were SARMs, Plaintiff Ignores The**

24       **Testimony Of Its Own Expert Or Assumes Products Are SARMs**

25       **Without Support.**

26       As briefed in Defendants' Reply for its Motion for Summary Judgement and

27  in opposition to Plaintiff's Motion for Sanctions under Rule 11, Plaintiff's argument

28  on DiMaggio's ongoing "misconduct" again relies on the unsupported position

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
13091885.1 a11/19/18

-5-

REPLY FOR DEFENDANTS' MOTION IN
LIMINE NO. 2 RE FDCA VIOLATIONS
Case no. 2:15-cv-08233-R-JC

1   DiMaggio was continuing to sell products that Plaintiff argues were "SARM," but
2   that the evidence shows are not SARMs.  (Nor, again, is this relevant to the legal
3   issue Defendants' Motion in Limine No. 2 presents on evidence and argument on
4   alleged violations of the FDCA that are not properly part of Plaintiff's false
5   advertising claim.)

6          Specifically, Plaintiff argues DiMaggio was selling the "SARM" Ibutamoren
7   (also known as MK-677) through the company Muscle Gelz.  Setting aside whether
8   Plaintiff has evidence of those contentions and whether they would be relevant to
9   this action (which Defendants dispute), the fatal defect with Plaintiff's argument is
10  that its own expert stated Ibutamoren is *not a SARM*.  On September 10, 2018,
11  Plaintiff served its expert witness disclosures, which included the report of retained
12  expert Dr. Francis Perry Wilson, which Plaintiff also filed in support of its Motion
13  for Summary Judgment.  Dkt no. 44-31.  As to Ibutamoren, Dr. Wilson, states that it
14  is a "growth-hormone analogue" – in other words, *not a SARM*.  Dkt no. 44-31, pg.
15  5 of 7.  Dr. Wilson explains Ibutamoren is sometimes included in products (not at
16  issue here) that are advertised as containing SARMs without being included on the
17  labeling.  *Id*.  Dr. Wilson's statement Ibutamoren is something other than a SARM
18  is dispositive of Plaintiff's conflicting claim it is a SARM.  Plaintiff's accusations
19  against DiMaggio in the face of this unambiguous statement from Plaintiff's own
20  expert about Ibutamoren is disingenuous.

21         Plaintiff also argued the substance GW-501516 is a SARM, without any
22  support for that statement.  Given Plaintiff's repeated claim that MK-677 is a SARM
23  when *Plaintiff's own expert* says it is something else, Plaintiff's assertion should
24  draw scrutiny.  And, in fact, other evidence shows GW-501516 is also not a SARM.
25  See Dkt no. 98-3 (Mircheff Reply decl. for MSJ reply, ¶ 4, Ex. 11 (summary from
26  US National Institute of Health chemical database)).

27         Plaintiff continues to try to play the role of private regulator – with the
28  important differences being that Plaintiff is not an expert, and its motivation is to

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
13091885.1 a11/19/18

-6-

REPLY FOR DEFENDANTS' MOTION IN
LIMINE NO. 2 RE FDCA VIOLATIONS
Case no. 2:15-cv-08233-R-JC

1   extract millions of dollars from a competitor who did not cause Plaintiff any injury.
2   Plaintiff should not be allowed to use laws enforced by the FDA to bully a
3   competitor into paying Plaintiff non-existent damages.

4       **D.    Plaintiff's Arguments About "Shell Companies" Owned By**
5           **DiMaggio Lack Support, Are Not Relevant, And Are An Attempt To**
6           **Smear Defendants To Deflect Attention From Plaintiff's Failure Of Proof**
7           **On Causation And Injury, And Plaintiff's Unclean Hands.**

8           Plaintiff argues DiMaggio was an owner of MA Labs, that MA Labs'
9   products included SARMs, and that MA Labs' sale of SARMs evidences DiMaggio
10  continued to advertise or sell SARMs in supplement products after IronMag Labs
11  stopped selling OSTA RX and Super DMZ 4.0 in 2016.  Those arguments are
12  unsupported.  In fact, the evidence (from deposition) is that, without limitation,
13  DiMaggio was not an owner of MA Labs, had no control over the products or
14  ingredients, and instead performed limited consulting services for MA Labs and its
15  owner on aspects of running a supplement company, including interfacing with the
16  manufacturers, ordering supplies other than the raw ingredients, and product
17  fulfillment.  And although not relevant to Plaintiff's case, the evidence would also
18  show the two products of MA Labs that Plaintiff claims are SARMs are not, in fact,
19  SARMs (i.e., MK-677 and GW-501516).

20          Plaintiff's argument on a company (or website) called
21  "MAResearchChems.com" delves even deeper into speculation that is contradicted
22  by other evidence Plaintiff's counsel has sought to offer.  Plaintiff's counsel
23  describes MAResearchChems.com as "yet another new sister site" of IronMag Labs
24  or DiMaggio.  Plaintiff offers no evidence Defendants are involved with
25  MAResearchChems.com.  Based on the similar "MA" branding from the
26  unauthenticated website pages offered by Plaintiff's counsel for MA Labs and
27  MAResearchChems.com, MAResearchChems.com may have some affiliation with
28  MA Labs.  This argument and evidence is a further attempted character attack – and

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
13091885.1 a11/19/18                                    -7-

REPLY FOR DEFENDANTS' MOTION IN
LIMINE NO. 2 RE FDCA VIOLATIONS
Case no. 2:15-cv-08233-R-JC

1  has nothing to do with Defendants Motion to exclude evidence and argument the

2  advertising or sale of OSTA RX and Super DMZ 4.0 violated provisions of the

3  FDCA.

4       **E.**    **Evidence Of Conduct Or Intent *After* IronMag Labs Stopped**

5            **Advertising OSTA RX And Super DMZ 4.0 Is Irrelevant To**

6            **"Willfulness".**

7       Plaintiff argues the evidence it discusses concerning actions after IronMag

8  Labs stopped advertising and selling OSTA RX and Super DMZ 4.0 is evidence of

9  willfulness, which is relevant to is claim for relief for disgorgement.  For example,

10  Plaintiff seeks to offer evidence MA Labs advertised and sold SARMs in 2018.  In

11  addition to lacking evidentiary support, Plaintiff does not explain how conduct years

12  *after* IronMag Labs stopped advertising or selling OSTA RX and Super DMZ 4.0 is

13  relevant to DiMaggio's *intent during the time period IronMag Labs was selling*

14  *OSTA RX and Super DMZ 4.0*.  Simply put, the evidence is not relevant to

15  DiMaggio's intent at the time IronMag Labs sold those two products.

16       Willfulness is also a finding only relevant to a Plaintiff's claim for

17  disgorgement of profits under the Lanham Act, which is an equitable remedy and

18  the findings for which are for the Court.  Any such evidence offered to show

19  willfulness, accordingly, should not be offered to the jury under Federal Rules of

20  Evidence 402, 403 and 404.  If the evidence is offered in support of "exceptional

21  case" attorneys' fees (it is not relevant to that issue for the same reason it is not

22  relevant to willfulness), that is also a  judge issue.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
13091885.1 a11/19/18

-8-

REPLY FOR DEFENDANTS' MOTION IN
LIMINE NO. 2 RE FDCA VIOLATIONS
Case no. 2:15-cv-08233-R-JC

**III.   <u>CONCLUSION.</u>**

For the foregoing reasons, Defendants request the Court grant Defendants'
Motion in Limine No. 2 and enter an Order excluding evidence and argument
regarding Defendants' alleged violations of the FDCA and supporting regulations.

Dated:  November 19, 2018                    RUTAN & TUCKER, LLP

By: <u>/s/ *Damon Mircheff*</u>
   Damon D. Mircheff
   Attorneys for Defendants
   IronMag Labs, LLC and Robert
   DiMaggio

Rutan & Tucker, LLP
*attorneys at law*