Damon D. Mircheff (State Bar No. 216257)
dmircheff@rutan.com
Proud Usahacharoenporn (State Bar No. 278204)
pusaha@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone:   714-641-5100
Facsimile:   714-546-9035

Attorneys for Defendants
IronMag Labs, LLC and
Robert DiMaggio

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION LLC, an Arizona Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>IronMag Labs, LLC, a Nevada Limited Liability Company, Robert DiMaggio, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:15-cv-08233-R-JC<br>Hon. Manuel L. Real<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE AND ARGUMENT THAT DEFENDANTS FALSELY ADVERTISED OSTA RX AND SUPER DMZ 4.0 BY LABELING THEM "DIETARY SUPPLEMENTS"**<br><br>**Motion 3 of 6**<br><br>Hearing:<br>Date:              December 3, 2018<br>Time:              10:00 a.m.<br>Courtroom:     880<br><br>Date Action Filed: October 21, 2015<br>Discov. Cutoff:      October 15, 2018<br>Pretrial Conf.:        November 26, 2018<br>Trial Date:             December 4, 2018 |

/ / /

/ / /

/ / /

/ / /

Rutan & Tucker, LLP
attorneys at law

2530/101901-0006
13096770.2 a11/19/18

DFS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 3
Case no. 2:15-cv-08233-R-JC

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants IronMag Labs, LLC ("IronMag Labs") and Robert DiMaggio ("DiMaggio") submit this reply in support of their Motion in Limine No. 3 for an Order excluding evidence and argument that Defendants falsely advertised IronMag Labs' products OSTA RX and Super DMZ 4.0 by labeling them "dietary supplements" when those products did not qualify as "dietary supplements" under the definitions and parameters of the Food, Drug & Cosmetic Act ("FDCA").

Contrary to Plaintiff's argument, Defendants clearly described what the Motion seeks to exclude — any evidence or argument that Defendants' labeling of OSTA RX and Super DMZ 4.0 as "dietary supplements" before the FDA's October 23, 2017 warning letter on Super DMZ 4.0 constituted false advertising. For example, Plaintiff alleges in paragraph 1 of its Complaint: "Defendants have misbranded OSTA RX and Super DMZ as a 'dietary supplements'. . ." Plaintiff's designated expert Benjamin England states in part in his report, "I understand that one of the Plaintiff's claims in this case is that Defendants have made and are making unlawful false and misleading statements by referring to OSTA RX and Super DMZ 4.0 as 'dietary supplements'. . . " Dkt no. 44-34, ¶ 25.  He further states, "FDA charged Super DMZ 4.0 as violating the FDCA because its label declares it to be a dietary supplement . . . ." Id., ¶ 34.  The entire purpose of Plaintiff designating Mr. England (a regulatory lawyer) is to have him offer testimony about the FDCA and its application to OSTA RX and Super DMZ 4.0. Plaintiff has demonstrated, and indeed expressly stated, it seeks to argue and offer evidence Defendants falsely advertised OSTA RX or Super DMZ 4.0 by labeling them dietary supplements.

Plaintiff, however, does not refute the key events or respond to the directly applicable case law cited in the Motion.  Specifically, Plaintiff does not dispute that during the time period IronMag Labs allegedly mislabeled OTSA RX or Super DMZ 4.0 as dietary supplements (about 2012 through mid-2016), the FDA had not

Rutan & Tucker, LLP
attorneys at law

2530/101901-0006
13096770.2 a11/19/18

-1-

DFS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 3
Case no. 2:15-cv-08233-R-JC

made an administrative determination on the application of the FDCA to products containing SARMs.  This Court dismissed Plaintiff's October 2015 Complaint without prejudice under the primary jurisdiction doctrine in April 2016 pending FDA administrative findings or action on Ostarine and SARMs.  Dkt No. 21. IronMag Labs stopped advertising and selling OSTA RX and Super DMZ on its own (without FDA order or action) later in 2016.  Not until late October 2017, while this case was on appeal, did the FDA issue a warning letter to Defendants asserting a position on IronMag Labs' advertising Super DMZ as a dietary supplement.  And Plaintiff has recently produced documents (only produced within the last few days after the Court ordered production) in which Plaintiff inherently admits that before the FDA's October 2017 warning letters, the FDA had not taken an administrative position on the advertising or sale of SARMs.  Until the FDA made that preliminary determination in October 2017 as to IronMag Labs' former product Super DMZ 4.0, Defendants' labeling OSTA RX and Super DMZ 4.0 "dietary supplements" constituted statements of opinion on the interpretation and application of FDCA, which are not actionable by Plaintiff under a false advertising claim.  *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725 (9th Cir. 1999); 21 U.S.C. § 337(a); *PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 924 (9th Cir. 2010).

  Plaintiff argues that DiMaggio admitted at deposition that "he knew Ostarine was not a dietary supplement" in October 21, 2015 when this lawsuit was filed because the complaint alleged the FDA had taken a position on Ostarine. (Opposition, p. 2:14-16.)  However, the quoted deposition testimony does not support that argument.  Moreover, allegations in an unverified complaint do not constitute evidence, and certainly do not constitute a final determination by the FDA.  Indeed, even the October 2017 warning letter from the FDA does not constitute a final administrative determination by the FDA.  FDA Regulatory Procedures Manual, §§ 4-1-1 (March 2017) (A warning letter is "informal and advisory"); *see Perez v. Nidek Co.*, 711 F.3d 1109, 1120 (9th Cir. 2013) (FDA

Rutan & Tucker, LLP
attorneys at law

2530/101901-0006
13096770.2 a11/19/18

-2-

DFS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 3
Case no. 2:15-cv-08233-R-JC

1  warning letters did not constitute "final action"); *Biotics Research Corp. v. Heckler*,
2  710 F.2d 1375, 1377-78 (9th Cir. 1983) (rejecting contention that "such a letter
3  constitutes a final agency determination as to the status of their products"); 21
4  C.F.R. § 10.65, subdiv. (a) (explaining that in correspondence between the FDA and
5  "interested persons," FDA correspondence does not constitute "final administrative
6  action").

7        Plaintiff's only other argument is that DiMaggio "still sells SARMs as dietary
8  supplements on his website MA Supps." Opposition, p. 3:11-13. This allegation is
9  based solely on a conclusory declaration by Plaintiff's counsel Robert Tauler, who
10 lays no foundation for purporting to know whether DiMaggio has any involvement
11 with MA Supps (or MA Labs).[1] The evidence in this action on MA Supps (from
12 DiMaggio's deposition), which Plaintiff's counsel omitted from his declaration and
13 fails to even reference, is that MA Labs was a company owned and controlled by a
14 non-party who had full control over the products being created and sold by MA
15 Labs, and was not DiMaggio's company or products. In addition to MA Labs not
16 being DiMaggio's company, his products, or his website, the one substance Plaintiff
17 references – MK-677 (or Ibutamoren) is not a SARM according to Plaintiff's own
18 expert Dr. Francis Perry Wilson (as briefed in Defendants' Reply in support of their
19 Motion for Summary Judgment). Plaintiff's own evidence shows counsel's
20 statement that DiMaggio "still sells SARMs as dietary supplements on his website
21 MA Supps" is not true.

22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27

---

28 [1] The website address appears to be MS Supps but the products have the branding MA Labs and the asserted website pages use the company name MA Labs.

Rutan & Tucker, LLP
attorneys at law

2530/101901-0006
13096770.2 a11/19/18

-3-

DFS' REPLY IN SUPPORT OF MOTION IN
LIMINE NO. 3
Case no. 2:15-cv-08233-R-JC

1     Plaintiff fails to rebut the legal or factual foundation for Defendants' Motion
2 in Limine No. 3, and Defendants respectfully request the Court grant that Motion.

3 Dated: November 19, 2018            RUTAN & TUCKER, LLP

By: /s/ *Damon Mircheff*
    Damon D. Mircheff
    Attorneys for Defendants
    IronMag Labs, LLC and Robert
    DiMaggio

Rutan & Tucker, LLP
attorneys at law

2530/101901-0006
13096770.2 a11/19/18

-4-

DFS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 3
Case no. 2:15-cv-08233-R-JC