Damon D. Mircheff (State Bar No. 216257)
dmircheff@rutan.com
Proud Usahacharoenporn (State Bar No. 278204)
pusaha@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Defendants
IronMag Labs, LLC and
Robert DiMaggio

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION LLC, an Arizona Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>IronMag Labs, LLC, a Nevada Limited Liability Company, Robert DiMaggio, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:15-cv-08233-R-JC<br>Hon. Manuel L. Real<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE REPORT AND TESTIMONY OF PLAINTIFF'S ATTORNEY EXPERT WITNESS BENJAMIN ENGLAND**<br><br>**Motion 4 of 6**<br><br>Hearing:<br>Date: December 3, 2018<br>Time: 10:00 a.m.<br>Courtroom: 880<br><br>Date Action Filed: October 21, 2015<br>Discov. Cutoff: October 15, 2018<br>Pretrial Conf.: November 26, 2018<br>Trial Date: December 4, 2018 |

/ / /

/ / /

/ / /

/ / /

Rutan & Tucker, LLP
attorneys at law

2705/101901-0006
13101119.2 a11/19/18

REPLY RE DEFENDANTS' MOTION IN LIMINE NO. 4 RE EXPERT ENGLAND
Case no. 2:15-cv-08233-R-JC

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants IronMag Labs, LLC and Robert DiMaggio submit this reply in support of their Motion in Limine No. 4 for an Order excluding the report and testimony of Plaintiff's retained expert witness Benjamin L. England on the interpretation of the Food, Drug & Cosmetic Act ("FDCA") and application of the FDCA and related statutes and regulations to IronMag Labs' advertising and sale of OSTA RX and Super DMZ 4.0.

Plaintiff has failed to show any permissible basis on which Mr. England can testify as an expert witness. Instead, Plaintiff's opposition establishes that Mr. England will provide impermissible opinion testimony as to ultimate legal issues (i.e., the legal meaning of an FDA warning letter) and impermissible factual testimony as to questions that are not at issue in this case (i.e., speculation as to why the FDA "has not taken more aggressive action against Defendants"). Plaintiff's enumerated bases for Mr. England's proposed testimony do not fall within the scope of FRE 702 because he is not helping the trier of fact understand the evidence or to determine a factual issue in dispute.[1]

The only matters Plaintiff's Complaint put at issue are whether advertising statements made by Defendants' about the health effects of OSTA RX and Super DMZ 4.0 were false or misleading, had a tendency to deceive, and were material, and caused actual injury to Plaintiff.[2] Speculation on why the FDA has not taken further action against the Defendants has no bearing on whether the statements are true or false, or caused injury to Plaintiff, etc. Mr. England's theories that the FDA is too busy to pursue every manufacturer, or that dietary supplements are not a priority to the FDA are not relevant to the contested issues. (See Opposition [Dkt.

---

[1] Defendants also incorporate by reference their Reply in support of their Motion in Limine No. 2 on why evidence and argument on alleged violations of the FDCA is inadmissible.

[2] On November 16, 2018 the Court entered its Order granting in part and denying in part the parties' cross-motions for summary judgment, which leaves no issues remaining to be tried. Defendants file their reply papers in support of their Motions in Limine in an abundance of caution because judgment is not formally entered.

109] at p. 1.)  Plaintiff acknowledges as much in its opposition where it argues that Mr. England's testimony will "inform the jury that despite the lack of more aggressive oversight from the FDA, Defendants misconduct is no less wrongful." (Opposition [Dkt. 109] at p. 2.)  Plaintiff may not rely on an attorney to argue, under the guise of witness opinion testimony, Defendants' conduct was wrongful.  Such testimony, moreover, does not help the fact finder understand the evidence in the case (i.e., truth or falsity of the statements) and therefore is inadmissible under FRE 702.  Plaintiff's argument, moreover, also ignores the fact that the FDA sent IronMag Labs a warning letter in October 2017, that IronMag Labs responded to the FDA, that IronMag Labs had already stopped advertising and selling OSTA RX and Super DMZ 4.0 in 2016, and that, in other words, the regulatory process was proceeding as intended – with the FDA acting on its legislative mandate under the FDCA.

Plaintiff admits that Mr. England "will also opine on the meaning of the FDA warning letter."  (Opposition [Dkt. 109] at p. 2.)  The legal impact (meaning) of a letter from a regulatory agency is squarely a question of law and can only be resolved by the trial judge.  *United States v. Brodie*, 858 F.2d 492, 497 (9th Cir. 1988) ("Resolving doubtful questions of law is the distinct and exclusive province of the trial judge.")  Mr. England's role, as envisioned by Plaintiff, is to instruct the jury as to how to interpret the letter and what legal ramifications must flow therefrom.  In other words, Mr. England will be presented as an attorney surrogate to argue the legal merits of the case.  This is impermissible under FRE 702 and should be barred.[3]

/ / /

/ / /

/ / /

---

[3] Plaintiff also argues defendants could have deposed Mr. England, who charges $1,000 an hour for his time, to determine his opinions.  Of course, all opinions Mr. England intended to offered needed to be stated in his report.

Rutan & Tucker, LLP
attorneys at law

2705/101901-0006
13101119.2 a11/19/18

-2-

REPLY RE DEFENDANTS' MOTION IN LIMINE NO. 4 RE EXPERT ENGLAND
Case no. 2:15-cv-08233-R-JC

Plaintiff's opposition has not shown that Mr. England's testimony is permissible under FRE 702, and thus Plaintiff has not rebutted the legal or factual foundation for Defendants' Motion in Limine No. 4. Defendants respectfully request the Court grant that Motion to exclude the testimony of Mr. England.

Dated:  November 19, 2018                    RUTAN & TUCKER, LLP

                                             By: /s/ *Damon Mircheff*
                                                 Damon D. Mircheff
                                                 Attorneys for Defendants
                                                 IronMag Labs, LLC and Robert DiMaggio

Rutan & Tucker, LLP
attorneys at law

2705/101901-0006
13101119.2 a11/19/18

-3-

REPLY RE DEFENDANTS' MOTION IN
LIMINE NO. 4 RE EXPERT ENGLAND
Case no. 2:15-cv-08233-R-JC