1  Damon D. Mircheff (State Bar No. 216257)
   dmircheff@rutan.com
2  Proud Usahacharoenporn (State Bar No. 278204)
   pusaha@rutan.com
3  RUTAN & TUCKER, LLP
   611 Anton Boulevard, Suite 1400
4  Costa Mesa, California 92626-1931
   Telephone:   714-641-5100
5  Facsimile:    714-546-9035

6  Attorneys for Defendants
   IronMag Labs, LLC and
7  Robert DiMaggio

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 NUTRITION DISTRIBUTION LLC, an          Case No. 2:15-cv-08233-R-JC
   Arizona Limited Liability Company,      Hon. Manuel L. Real
12
                Plaintiff,                 **REPLY IN SUPPORT OF
13       vs.                               DEFENDANTS' MOTION *IN LIMINE*
                                           NO. 5 TO EXCLUDE EVIDENCE
14 IronMag Labs, LLC, a Nevada Limited     AND ARGUMENT THAT FAILING
   Liability Company, Robert DiMaggio, an  TO DISCLOSE OSTARINE WAS
15 individual, and DOES 1 through 10,      BANNED BY WADA, ETC. WAS
   inclusive,                              FALSE ADVERTISING**
16
                Defendants.                **Motion 5 of 6**
17
                                           Hearing:
18                                         Date:            December 3, 2018
                                           Time:            10:00 a.m.
19                                         Courtroom:       880

20                                         Date Action Filed: October 21, 2015
                                           Discov. Cutoff:    October 15, 2018
21                                         Pretrial Conf.:    November 26, 2018
                                           Trial Date:        December 4, 2018
22

23

24

25 / / /

26 / / /

27 / / /

28 / / /

Rutan & Tucker, LLP
attorneys at law

2705/101901-0006
13101984.2 a11/19/18

REPLY RE DEFS' MOTION IN LIMINE NO. 5
RE WADA, ETC.
Case no. 2:15-cv-08233-R-JC

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants IronMag Labs, LLC and Robert DiMaggio submit this reply in support of their motion to exclude evidence and argument that Defendants' engaged in false advertising by *omitting information* on alleged prohibitions against SARMs by the World Anti-Doping Agency or the U.S. Anti-Doping Agency.

Plaintiff's opposition relies primarily on the misplaced assertion that an out-of-district order on a different legal issue at a different stage of the case (i.e., on a motion to dismiss) is controlling here.  The cited decision from the *Custom Nutraceuticals* case is not instructive here.  Plaintiff also mischaracterizes the partial quote from the Order in that action by framing it as the court applying the Lanham Act.  In fact, the court ruled that "***the FDCA*** does not prohibit all omissions that might be material to a consumer, but only those that are material 'with respect to consequences which may result from the use of the article.'" *Nutrition Distribution, LLC v. Custom Nutraceuticals* (D. Ariz) Case 2:16-cv-00173-DGCFDCA (July 8, 2016 Order on Motion to Dismiss) (emphasis added).  Plaintiff cropped the quote, and based on that edit, argues that the district court made this finding as to the ***Lanham Act, not the Food, Drug and Cosmetic Act***.  (Opposition [Dkt. 110] at p. 1:10-12.)

In the *Custom Nutraceuticals* case, the issue on the defendants' Motion to Dismiss was whether Nutrition Distribution's complaint should be dismissed under the primary jurisdiction doctrine.  After Nutrition Distribution lost a similar motion to dismiss in this action, it substantially revised its stock false advertising complaint, excising almost all of its allegations invoking and relying upon the FDCA and supporting regulations.  Nutrition Distribution's false advertising complaint in *Nutrition Distribution, LLC v. Custom Nutraceuticals* was thus materially different from Nutrition Distribution's Complaint in this case as to the allegations on the FDCA (although both complaints sought money for alleged injuries caused by the false advertising of SARMs).  The *Custom Nutraceuticals* court's denial of a motion

Rutan & Tucker, LLP
attorneys at law

2705/101901-0006
13101984.2 a11/19/18

-1-

REPLY RE DFS' MOTION IN LIMINE NO. 5
RE WADA, ETC.
Case no. 2:15-cv-08233-R-JC

1  to dismiss – on the grounds Nutrition Distribution's false advertising claim did not

2  depend upon determinations to be made by the FDA under the FDCA – is not

3  relevant to this motion *in limine*.  Plaintiff's insistence the legal question is settled in

4  its favor is a mischaracterization of the law.

5      Plaintiff's argument also reverses the order of proof.  Plaintiff must first show

6  that the *omissions of facts* on policy positions by private entities like WADA on

7  SARMs were false or misleading, then prove such "omissions" were material to the

8  purchasers' decision.  Instead, Plaintiff here starts from the supposition that the anti-

9  doping agency omissions are material, and then works backward from there to

10  attempt to prove the omission of information on policy positions taken by private

11  agencies like WADA (as opposed to statements and omissions on the health effects

12  of SARMs) is false or misleading.

13      As Defendants show in their Motion, it is not a false or misleading statement

14  simply because a manufacturer does not list every possible non-governmental

15  agency's position on a given substance.  It is only potentially false if the omission

16  negates an affirmative advertising statement regarding the substance.  *Casper Sleep,*

17  *Inc. v. Mitcham*, 204 F. Supp. 3d 632, 638 (S.D.N.Y. 2016); see also *K&N Eng'g,*

18  *Inc. v. Spectre Performance,* No. EDCV 09-01900-VAP, 2011 WL 4387094, at *18

19  (C.D. Cal. Sept. 20, 2011).  Plaintiff has made no showing that would tend to show

20  that the so-called omissions negated an affirmative statement by Defendants on

21  OSTA RX or Super DMZ 4.0.

22      Plaintiff has not rebutted Defendant's Motion to exclude evidence and

23  argument on the so-called omissions regarding anti-doping agencies.  The only case

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Rutan & Tucker, LLP
attorneys at law

2705/101901-0006
13101984.2 a11/19/18                    -2-

REPLY RE DFS' MOTION IN LIMINE NO. 5
RE WADA, ETC.
Case no. 2:15-cv-08233-R-JC

1 law that addresses the issue uniformly states that omissions are actionable only if

2 they negate affirmative statements, which Plaintiff cannot show.  The evidence on

3 this topic should thus be excluded.

4 Dated:  November 19, 2018          RUTAN & TUCKER, LLP

5

6                                    By: /s/ *Damon Mircheff*
                                         Damon D. Mircheff
                                         Attorneys for Defendants
7                                        IronMag Labs, LLC and Robert
                                         DiMaggio
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Rutan & Tucker, LLP
attorneys at law

2705/101901-0006
13101984.2 a11/19/18                  -3-

REPLY RE DFS' MOTION IN LIMINE NO. 5
RE WADA, ETC.
Case no. 2:15-cv-08233-R-JC