1  Damon D. Mircheff (State Bar No. 216257)
   dmircheff@rutan.com
2  Proud Usahacharoenporn (State Bar No. 278204)
   pusaha@rutan.com
3  RUTAN & TUCKER, LLP
   611 Anton Boulevard, Suite 1400
4  Costa Mesa, California 92626-1931
   Telephone: 714-641-5100
5  Facsimile:  714-546-9035

6  Attorneys for Defendants
   IronMag Labs, LLC and
7  Robert DiMaggio

8  UNITED STATES DISTRICT COURT

9  CENTRAL DISTRICT OF CALIFORNIA

11 NUTRITION DISTRIBUTION LLC, an Arizona Limited Liability Company,

   Case No. 2:15-cv-08233-R-JC
   Hon. Manuel L. Real

12            Plaintiff,

13       vs.

   **REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* NO. 6 TO EXCLUDE EVIDENCE AND ARGUMENT OF COMPANIES AND PRODUCTS NOT AT ISSUE IN THIS ACTION, AND REQUEST FOR FRE 402 HEARING RE SAME**

14 IronMag Labs, LLC, a Nevada Limited Liability Company, Robert DiMaggio, an individual, and DOES 1 through 10, inclusive,

16            Defendants.

   **Motion 6 of 6**

   Hearing:
   Date:       December 3, 2018
   Time:       10:00 a.m.
   Courtroom:  880

   Date Action Filed:  October 21, 2015
   Discov. Cutoff:     October 15, 2018
   Pretrial Conf.:     November 26, 2018
   Trial Date:         December 4, 2018

25 ///
26 ///
27 ///
28 ///

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
13101188.1 a11/19/18

DFS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 6
Case no. 2:15-cv-08233-R-JC

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants IronMag Labs, LLC ("IronMag Labs") and Robert DiMaggio ("DiMaggio") submit this reply in support of their Motion in Limine No. 6 for an Order (1) excluding evidence and argument on companies and products that are not at issue in this action, and (2) for a preliminary hearing outside the presence of the jury under Federal Rule of Evidence 402 to determine the admissibility of Plaintiff's expected evidence on these non-party companies and their advertisements and products.

In late August 2018, as the parties were approaching the mid-October 2018 discovery cutoff, Plaintiff launched a new collateral attack based on advertisements of companies not in this case (e.g., MA Labs, Muscle Gelz) and selling products not at issue, in an apparent attempt to prop up its case in which (among other problems) Plaintiff had a fatal failure of proof as to causation and injury caused by Defendants' alleged false advertising. Plaintiff sent demand letters to Defendants' counsel threatening to amend its Complaint to add new parties to this action. But it did not do so.

Plaintiff now seeks to offer evidence on those non-party companies and their products as evidence of intent. The evidence should be excluded for the reasons stated in Defendants' Motion. Plaintiff's argument that this evidence is relevant to DiMaggio's "willfulness" for purposes of Plaintiff's disgorgement remedy further fails for an additional reason that is dispositive: the conduct is *after* IronMag Labs stopped selling the products at issue (OSTA RX and Super DMZ 4.0) in 2016. Assuming evidence of intent is relevant, it is the *intent at the time of the advertising at issue*, which ended in 2016 – well before the acts on which Plaintiff seeks to rely.

Plaintiff, in fact, seeks to offer this evidence to try to paint DiMaggio as a bad actor – notwithstanding that IronMag Labs voluntarily stopped selling OSTA RX and Super DMZ 4.0 after prevailing on its Motion to Dismiss in April 2016, and well before the FDA's ultimate warning letter to IronMag Labs on Super DMZ 4.0

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
13101188.1 a11/19/18

-1-

DFS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 6
Case no. 2:15-cv-08233-R-JC

in October 2017.  The evidence, in short, is not relevant to Plaintiff's false advertising claim, is impermissible character evidence under Federal Rule of Evidence 404, and should be excluded.

Plaintiff continues to make statements attacking DiMaggio based on unsupported conjecture, and in some cases based on "facts" that Plaintiff's own evidence contradicts, including arguing that DiMaggio "still sells SARMs as dietary supplements on his website MA Supps" as of 2018.  The evidence is irrelevant because, to the extent DiMaggio's intent is relevant to willfulness, the relevant time period is when IronMag Labs was advertising OSTA RX and Super DMZ 4.0, not months or years after IronMag Labs stopped advertising and selling those products.  Plaintiff's argument that DiMaggio continued selling SARMs in 2018 through "MA Supps" relies on a conclusory declaration by Plaintiff's counsel Robert Tauler, who lays no foundation for purporting to know whether DiMaggio has any involvement with MA Supps (or MA Labs).[1]  The evidence in this action on MA Supps (from DiMaggio's deposition), which Plaintiff's counsel omitted from his declaration and fails to even reference, is that MA Labs was a company owned and controlled by a non-party who had full control over the products being created and sold by MA Labs, and was not DiMaggio's company or products.

In addition to MA Labs not being DiMaggio's company, his products, or his website, the two substances Plaintiff references – MK-677 (or Ibutamoren) and GW-501516 are not SARMs.  On September 10, 2018, Plaintiff served its expert witness disclosures, which included the report of retained expert Dr. Francis Perry Wilson (also filed in support of Plaintiff's Motion for Summary Judgment).  See Dkt no. 44-31.  As to Ibutamoren, Dr. Wilson, states that it is a "growth-hormone analogue" – in other words, *not a SARM*.  Dkt no. 44-31, pg. 5 of 7.  Dr. Wilson explains Ibutamoren is sometimes included in products (not at issue here) that are advertised

---

[1] The website address appears to be MS Supps but the products have the branding MA Labs and the asserted website pages use the company name MA Labs.

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
13101188.1 a11/19/18

-2-

DFS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 6
Case no. 2:15-cv-08233-R-JC

1  as containing SARMs without being included on the labeling.  *Id*.  Dr. Wilson's
2  statement Ibutamoren is something other than a SARM is dispositive of Plaintiff's
3  conflicting claim it is a SARM.  Plaintiff's counsel also asserts the substance GW-
4  501516 is a SARM, without any support.  Given Plaintiff's repeated claim that MK-
5  677 is a SARM when *Plaintiff's own expert* says it is something else, Plaintiff's
6  assertion should draw scrutiny.  And, in fact, other evidence shows GW-501516 is
7  also not a SARM.  See Dkt no. 98-3 (Mircheff Reply decl. for MSJ reply, ¶ 4,
8  Ex. 11 (summary from US National Institute of Health chemical database)).

9        Plaintiff continues to cite portions of DiMaggio's depositions where
10 Defendants' counsel sought, correctly, to prevent abusive questioning on matters far
11 outside the scope of this case – which is about whether Defendants' made false or
12 misleading advertising statements about OSTA RX, Super DMZ 4.0 and Ostarine,
13 that were material and likely to mislead, and that caused actual injury to Plaintiff,
14 before IronMag Labs halted the advertising and sale in 2016.  Plaintiff's counsel
15 was impermissibly trolling for facts on which to base other lawsuits Plaintiff already
16 threatened to bring to gain leverage in this action.  Those efforts were an abuse of
17 the discovery process.  Plaintiff also misrepresents DiMaggio's testimony on issues
18 by quoting portions of the answers to argue the witness did not know or recall
19 certain facts, where DiMaggio in fact answered elsewhere during the deposition.

20        Plaintiff's efforts to offer extensive irrelevant, prejudicial evidence is exactly
21 why, at a minimum, there should be a pretrial Federal Rule of Evidence 402 hearing
22 on this evidence, as Defendants requested in their Motion in Limine No. 6.

23 Dated:  November 19, 2018              RUTAN & TUCKER, LLP

24                                        By: /s/ *Damon Mircheff*
25                                            Damon D. Mircheff
                                              Attorneys for Defendants
26                                            IronMag Labs, LLC and Robert
                                              DiMaggio
27
28

Rutan & Tucker, LLP
attorneys at law

1069/101901-0006
13101188.1 a11/19/18                    -3-                 DFS' REPLY IN SUPPORT OF MOTION IN
                                                            LIMINE NO. 6
                                                            Case no. 2:15-cv-08233-R-JC