UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nutrition Distribution LLC, an Arizona Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>IronMag Labs, LLC, a Nevada Limited Liability Company, Robert DiMaggio, an individual, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:15-cv-08233-R-JC<br>Hon. Manuel L. Real<br>Courtroom 880<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Date Action Filed: October 21, 2015<br>Trial Date:      December 4, 2018 |

Pursuant to the Court's Order granting in part and denying in part Plaintiff's Motion for Partial Summary Judgment and granting in part and denying in part Defendants' Motion for Summary Judgment (Dkt. No. 117), which fully resolves all claims and issues before the Court in this false advertising action, the Court makes the following findings of fact and conclusions of law:

**FINDINGS OF FACT.**

    1.     Plaintiff Nutrition Distribution, LLC ("Plaintiff") is a company with its principal place of business in Arizona that develops, advertises, and sells fitness supplements to consumers within the United States, including fitness supplements for body builders. Two of those products that Plaintiff advertises as muscle-gainer

supplements are Advanced PCT and Mass FX Black.

2. Defendant IronMag Labs, LLC ("IronMag Labs") is a company with its principal place of business in Nevada that advertises and sells fitness supplements to consumers within the United States, including for body builders, and is a competitor of Plaintiff in the marketplace for fitness supplements.

3. IronMag Labs and defendant Robert DiMaggio ("DiMaggio") advertised two products that were sold by IronMag Labs and that contained the ingredient Ostarine: OSTA RX and Super DMZ 4.0.

4. Ostarine is a type of Selective Androgen Receptor Modulator ("SARM").

5. OSTA RX and Super DMZ 4.0 were advertised as muscle-gainer supplements.

6. Defendants advertised OSTA RX and Super DMZ 4.0 in interstate commerce.

7. Defendants did not compare IronMag Labs' products to supplements advertised or sold by Plaintiff. In other words, Defendants did not engage in comparative advertisement vis-a-vis Plaintiff's supplements.

8. Defendants did not associate IronMag Labs' products with Plaintiff's products to appropriate Plaintiff's good will or brand value.

9. At all times relevant to Plaintiff's claim for false advertising, Plaintiff and IronMag Labs were two of many competitors in an industry comprised of a broad range of fitness supplement products. See, e.g., Keplinger decl., ¶¶ 4-9, Exs. A-F [Dkt no. 89-1].

10. In support of their Motion, Defendants established by competent evidence that Plaintiff did not have evidence to prove that Defendants' advertising of OSTA RX or Super DMZ 4.0 caused Plaintiff monetary damages or injury, or caused Plaintiff any reputational injury. Plaintiff's deposition testimony through its corporate representatives Kevin Smith ("Smith") and Michael Keplinger

("Keplinger"), Plaintiff's responses to IronMag Labs' Interrogatories, Plaintiff's Initial Disclosures and Amended Initial Disclosures, Plaintiff's Expert Witness Disclosures and Reports, and Plaintiff's other false advertising lawsuits since 2015 against other supplement companies concerning SARMs and other muscle-gainer supplements, establish that Plaintiff cannot prove Defendants' advertising of OSTA RX or Super DMZ 4.0 caused Plaintiff monetary damages or injury, or reputational injury.

11. Plaintiff has not provided proof of lost profits or lost business opportunities traceable to Defendants' conduct, or proof that Plaintiff suffered damages or injury caused by Defendants' advertising of OSTA RX or Super DMZ 4.0. The declaration of Keplinger that Plaintiff offered in opposition to Defendants' Motion (Dkt no. 89-1) contain only conclusory statements without concrete facts or foundation, and was not accompanied by other evidence to support them. Keplinger's statements and Plaintiff's evidence in general also fail to causally connect any damages or injury suffered by Plaintiff to Defendants' advertisement of OSTA RX or Super DMZ 4.0.

12. Plaintiff's own Motion offers no evidence Plaintiff suffered damages or injury caused by Defendants' advertising of OSTA RX or Super DMZ 4.0; rather, Plaintiff sought to rely on a presumption of causation and injury.

13. Plaintiff produced no evidence purchasers of OSTA RX or Super DMZ 4.0 were diverted from purchasing Plaintiff's fitness supplements by Defendants' advertisements of OSTA RX or Super DMZ 4.0.

14. Plaintiff has provided no basis for a trier of fact to infer that any profits made by IronMag Labs would have otherwise gone to Plaintiff partially or in full.

15. Because Plaintiff offered no proof of actual injury, the Court has "no way to determine with any degree of certainty what award would be compensatory." *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 831 (9th Cir. 2011).

16. Prior to the Court entering its Order on the parties' cross-motions for

summary judgment, Plaintiff abandoned its state law claims for relief for unfair competition under California Business & Professions Code section 17200 et seq. (the "UCL") and for false advertising under California Business & Professions Code section 17500 et seq. (the "FAL"). Dkt nos. 76 [Pltf's Memorandum of Contentions of Law and Fact] and 95-1 [proposed Joint Pretrial Conf. Order]. Nevertheless, because the matter was briefed as part of Defendants' Motion, and because some of the Court's findings on Plaintiff's Lanham Act claim are also germane to Plaintiff's state law claims, the Court makes the following findings as to Plaintiff's UCL and FAL claims:

    a.    Plaintiff did not buy any products from Defendants or pay any money to Defendants.

    b.    Plaintiff did not show that Defendants acquired money or other property to which Plaintiff was entitled.

    c.    Plaintiff did not seek the return of money or property from Defendants that was once in Plaintiff's possession, or show that Plaintiff had a vested interest in the money IronMag Labs made from selling OSTA RX or Super DMZ 4.0.

17.    As to Plaintiff's request for a permanent injunction against Defendants falsely advertising products containing SARMs, the Court also finds as follows:

    a.    Defendants made advertising statements that OSTA RX did not have the negative side effects of anabolic steroids, and had "no toxicity."

    b.    Defendants made the advertising statement that the negative side effects of using Super DMZ 4.0 were "basically non-existent."

    c.    These statements were made in the context of commercial advertisements.

    d.    Based on DiMaggio's deposition testimony, the advertising statements concerning the lack of negative side effects for OSTA RX and Super DMZ 4.0 were literally false.

    e. Although Plaintiff offered no proof any consumers were misled or deceived by Defendants' advertising statements on OSTA RX or Super DMZ 4.0, because Defendants' advertising statements that OSTA RX and Super DMZ 4.0 had no negative side effects were literally false, it is presumed those statements have the tendency to deceive consumers, and Defendants did not rebut that presumption.

    f. Defendants' advertising statements that OSTA RX and Super DMZ 4.0 had no negative side effects were likely to influence the purchasing decision of consumers of fitness supplements. Although Plaintiff offered no proof consumers were influenced by these advertising statements, it can naturally be assumed consumers of fitness supplements take into account the existence and extent of negative side effects when deciding whether to buy them and in comparing different products.

    g. Although Plaintiff did not prove past injury, the element of irreparable injury under the *eBay* test is met based on the presumption that consumers were deceived by Defendants' literally false advertising statements on the lack of negative side effects of OSTA RX and Super DMZ 4.0, and the likelihood of future injury if Defendants are permitted to sell products containing Ostarine with deceptive advertising.

    h. Monetary damages and disgorgement of profits have not been awarded, and would be inadequate to protect the public in the absence of an injunction due to the possibility of Defendants falsely advertising SARMs products in the future.

    i. The balancing of hardships and public interest clearly weigh in favor of granting the stated injunctive relief. Defendants claim to no longer sell OSTA RX or Super DMZ 4.0 and, therefore, will not be burdened by the stated injunction. Plaintiff and the public, on the other hand, will benefit from an injunction protecting consumers and competitors from Defendants' potential future false advertising of SARMs.

**CONCLUSIONS OF LAW.**

1. Defendants have established as matter of law that Plaintiff has failed to show Defendants' advertisements of IronMag Labs' products OSTA RX or Super DMZ 4.0 caused any damage or actual injury to Plaintiff. Specifically, Defendants have shown that Plaintiff does not have evidence to carry its ultimate burden of persuasion at trial that Defendants' advertising of OSTA RX or Super DMZ 4.0 caused damage or injury to Plaintiff.

2. Plaintiff did not produce competent evidence in opposition to Defendants' Motion or in Plaintiff's own Motion showing there are genuine issues of material fact as to causation or injury.

3. Because Defendants did not engage in comparative false advertising, and did not associate IronMag Labs' products with Plaintiff's products to appropriate Plaintiff's good will or brand value, Plaintiff is not entitled to a presumption that Defendants' advertising of OSTA RX or Super DMZ 4.0 caused injury to Plaintiff for purposes of obtaining disgorgement of profits. *TrafficSchool.com, Inc.,* 653 F.3d at 831; *Biocell Tech. LLC v. Arthro-7*, 2013 WL 12063914, at *12 (C.D. Cal. May 22, 2013); *Pom Wonderful Ltd. Liab. Co. v. Ocean Spray Cranberries, Inc.*, 2011 U.S. Dist. LEXIS 117906, at *7-8 (C.D. Cal. Oct. 12, 2011).

4. Plaintiff cannot establish a claim for monetary relief against Defendants for false advertising under the Lanham Act as a matter of law.

5. Because the Court finds that Plaintiff has failed to show any injury caused by Defendants' advertisements of OSTA RX or Super DMZ 4.0, the Court need not make any findings on Defendants' willfulness, if any, which Plaintiff would also need to prove to establish a right to disgorgement of profits. 15 U.S.C. § 1117(a); *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 439-42 (9th Cir. 2017).

6. Considering the totality of circumstances, this action is not an

"exceptional case" pursuant to 15 U.S.C. section 1117(a) and *SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179, 1180-81 (9th Cir. 2016), for purposes of awarding attorneys' fees. Among other things, Plaintiff had no proof of injury or causation as to Defendants' advertising of OSTA RX or Super DMZ 4.0, and did not establish a right to damages or disgorgement of profits, or even a triable issue of fact, as a matter of law based on its failure of proof. Plaintiff also sought to rely on a presumption of injury (to obtain disgorgement of profits) that does not apply to the facts here (i.e., a non-comparative advertising case) based on established law, as stated above and in the Court's Order.

7. Plaintiff did not establish a right to restitution or other relief on its claims under the UCL and FAL as a matter of law. *See Veera v. Banana Republic, LLC*, 6 Cal. App. 5th 907, 916 (2016), quoting *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320 (2011).

8. Because the Court finds that Plaintiff cannot establish a prima facie claim as a matter of law for monetary relief for false advertising, the Court need not make separate findings of fact or conclusions of law on whether Defendants have established their affirmative defense of unclean hands.

9. Plaintiff has proven the elements of a Lanham Act false advertising claim for purposes of establishing a right, under the *eBay* test, to a permanent injunction against Defendants falsely advertising supplements containing Ostarine or other SARMs. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Judgment shall be entered based on the Court's November 16, 2018 Order and the foregoing Findings of Fact and Conclusions of Law.

Dated: December 13, 2018

_____
Manuel L. Real, Judge
United States District Court