**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| NUTRITION DISTRIBUTION LLC, an Arizona Limited Liability Company, *Plaintiff-Appellant*, <br><br> v. <br><br> IRONMAG LABS, LLC, a Nevada Limited Liability Company; ROBERT DIMAGGIO, an individual; IRON MAG RESEARCH, a Nevada limited liability company, <br><br> *Defendants-Appellees.* | No. 19-55251 <br><br> D.C. No. 2:15-cv-08233-R-JC <br><br><br> ORDER AND AMENDED OPINION |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted May 5, 2020[*]
Pasadena, California

Filed August 25, 2020
Amended October 29, 2020

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  Milan D. Smith, Jr., Bridget S. Bade, and
Daniel A. Bress, Circuit Judges.

Order;
Opinion by Judge Bress

## SUMMARY[**]

### Appellate Jurisdiction / Attorneys' Fees

The panel filed (1) an order amending its opinion and denying on behalf of the court a petition for rehearing en banc, and (2) an amended opinion dismissing as untimely plaintiff's appeal from the district court's judgment and affirming the district court's post-judgment denial of attorneys' fees in an action under the Lanham Act.

On November 16, 2018, on cross motions for summary judgment, the district court rejected plaintiff's claim for monetary relief, issued an injunction in favor of plaintiff, and denied plaintiff's request for attorneys' fees under the Lanham Act. On December 13, 2018, the district court issued findings of fact and conclusions of law and entered judgment. On December 27, 2018, plaintiff moved for attorneys' fees under Federal Rule of Civil Procedure 54(d). The district court denied the post-judgment fees motion on January 30, 2019, and plaintiff filed a notice of appeal on March 1, 2019, within 30 days of the ruling on the fees motion.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Under Federal Rule of Appellate Procedure 4(a)(1)(A), a notice of appeal must be filed within 30 days after entry of the judgment or order appealed from.  The panel held that the notice of appeal was untimely as to the district court's judgment because the motion for attorneys' fees did not itself extend the time to appeal, and the district court did not enter an order extending the time pursuant to Federal Rule of Civil Procedure 58.  Further, agreeing with the Sixth Circuit, the panel held that the fees motion could not be recharacterized as a Rule 59 motion to alter or amend the judgment for purposes of extending the time to appeal.

The panel held that the notice of appeal was timely as to the district court's later order denying attorneys' fees.  The panel held that the district court properly exercised its discretion in denying fees under the Lanham Act, which allows an award of attorneys' fees in exceptional cases.

---

## COUNSEL

Robert Tauler and Valerie Saryan, Tauler Smith LLP, Los Angeles, California, for Plaintiff-Appellant.

Treg A. Julander, Ostergar Law Group PC, Irvine, California, for Defendants-Appellees.

---

## ORDER

The court's opinion filed August 25, 2020, and appearing at 972 F.3d 1088 (9th Cir. 2020), is hereby amended.  An amended opinion is filed concurrently with this order.

With this amended opinion, the panel has voted to deny the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for rehearing en banc is **DENIED**.  No subsequent petitions for panel rehearing or rehearing en banc shall be permitted.

## OPINION

BRESS, Circuit Judge:

Although appellant did not file this appeal to present the question whether its notice of appeal was timely, that is now the principal issue we must resolve.  Generally, a notice of appeal in a civil case must be filed "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).  After the district court entered judgment in this case, appellant could have filed a notice of appeal within 30 days but did not.  Instead, appellant filed a post-judgment motion for attorneys' fees under Federal Rule of Civil Procedure 54(d) and then filed a notice of appeal 30 days after the district court denied that fees motion.  The notice of appeal purported to appeal both the later denial of fees and

the underlying judgment, which by that point had been entered 78 days prior.

We hold that the notice of appeal was untimely as to the district court's underlying judgment. The Federal Rules are clear that "[o]rdinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees." Fed. R. Civ. P. 58(e). A motion for attorneys' fees does not extend the time to appeal the underlying judgment unless the district court so orders under Rule 58(e). In this case, appellant did not seek such an order, nor did the district court enter one. Appellant's attempt to now save its untimely appeal of the underlying judgment by recasting its fees motion as a Rule 59 motion to alter or amend the judgment likewise fails. The 1993 amendments to the Federal Rules and the Supreme Court precedent that gave rise to them make clear that attorneys' fees motions cannot be recharacterized as Rule 59 motions to extend the time to appeal an underlying judgment.

Because appellant did not file a notice of appeal within 30 days of the district court's judgment or obtain a Rule 58(e) order extending the time to appeal, the notice of appeal was untimely as to the district court's underlying judgment. The notice of appeal was timely as to the district court's later order denying attorneys' fees. We affirm the denial of fees, and otherwise dismiss the appeal for lack of jurisdiction.

I

Appellant Nutrition Distribution LLC filed over eighty false advertising lawsuits between 2015 and 2018. This is one of them. Here, Nutrition Distribution alleged that Appellee IronMag Labs, LLC violated the Lanham Act, 15 U.S.C. §§ 1051–1141n, by falsely advertising IronMag's

nutritional supplements as having "no toxicity" or "unwanted side effects."

Following discovery, the parties cross moved for summary judgment. On November 16, 2018, the district court granted in part and denied in part the motions. The district court rejected Nutrition Distribution's claim for monetary relief because there was "no genuine dispute of fact regarding whether [Nutrition Distribution] ha[d] shown any injury caused by" IronMag's advertising. But the district court issued an injunction because IronMag's statements were likely to deceive consumers. In the same order, the district court denied Nutrition Distribution's request for attorneys' fees, finding that the case was not "exceptional," as required for an award of fees under the Lanham Act. *See* 15 U.S.C. § 1117(a).

On December 13, 2018, the district court issued findings of fact and conclusions of law consistent with its November 16, 2018 order. The district court also entered judgment that same day in a separate document. *See* Fed. R. Civ. P. 58(a). Nutrition Distribution did not file a notice of appeal at this time.

Instead, on December 27, 2018, Nutrition Distribution filed a motion for attorneys' fees under Federal Rule of Civil Procedure 54(d). Like its prior fee request, Nutrition Distribution argued that the case was "exceptional" under the Lanham Act. The district court denied Nutrition Distribution's post-judgment fees motion on January 30, 2019.

Nutrition Distribution filed a notice of appeal on March 1, 2019, within 30 days of the ruling on the fees motion. The notice of appeal purported to appeal both the district court's underlying December 13, 2018 judgment and

its January 30, 2019 denial of attorneys' fees.  In this court, IronMag moved to dismiss the appeal as untimely.  After a motions panel denied that request without prejudice, IronMag renewed the argument in its answering brief.

## II

Because the 30-day period in Federal Rule of Appellate Procedure 4(a)(1)(A) is based in statute, *see* 28 U.S.C. § 2107(a), the "timely notice of appeal is a non-waivable jurisdictional requirement."  *Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 703 (9th Cir. 2007); *Bowles v. Russell*, 551 U.S. 205, 212–13 (2007).  If the time to appeal ran from the December 13, 2018 entry of judgment, Nutrition Distribution's appeal of that judgment is untimely.  If, however, the time to appeal was extended until the district court disposed of Nutrition Distribution's motion for attorneys' fees, its appeal of the underlying judgment is timely.

We hold that Nutrition Distribution's appeal of the December 13, 2018 judgment is untimely and dismiss it for lack of jurisdiction.  We take this opportunity to address the rules and precedents that compel this conclusion, for the benefit of litigants who wish to ensure the timeliness of their appeals in cases involving post-judgment motions for attorneys' fees.

## A

The Federal Rules of Appellate and Civil Procedure work in combination to set forth the rules governing when notices of appeal must be filed.  Typically, a notice of appeal in a civil case "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).  The time to appeal generally

8      NUTRITION DISTRIBUTION V. IRONMAG LABS

runs from the entry of judgment.   Fed. R. App. P.
4(a)(7)(A)(ii); *see* Fed. R. Civ. P. 58(a).

But rules often have exceptions.   As relevant here,
Federal Rule of Appellate Procedure 4(a) specifies that the
time to file a notice of appeal is extended if a party timely
files certain qualifying motions in the district court:

> (A) If a party files in the district court any of
> the following motions under the Federal
> Rules of Civil Procedure—and does so
> within the time allowed by those rules—the
> time to file an appeal runs for all parties from
> the entry of the order disposing of the last
> such remaining motion:
>
> . . .
>
> > (iii) for attorney's fees under Rule 54 if
> > the district court extends the time to
> > appeal under Rule 58; [or]
> >
> > (iv) to alter or amend the judgment under
> > Rule 59;
>
> . . . .

Fed. R. App. P. 4(a)(4)(A).

Rule 4(a)(4)(A) lists various other qualifying motions,
but for ease of exposition we have quoted above the ones
that matter here.   It is important to see that this Rule treats
motions for attorneys' fees differently from other qualifying
motions, the filing of which extends the time to appeal: an
attorneys' fees motion, unlike the other motions listed,
requires additional action by the district court.   Specifically,

the time to file an appeal runs from the denial of an attorneys' fees motion "*if the district court extends the time to appeal under Rule 58*." Fed. R. App. P. 4(a)(4)(A)(iii) (emphasis added). That is a reference to Federal Rule of Civil Procedure 58(e), which states:

> Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

Fed. R. Civ. P. 58(e).

Together, Rule 58(e) and Federal Rule of Appellate Procedure 4(a)(4)(A)(iii) give district courts the ability to ensure that an attorneys' fees request is treated like a Rule 59 motion for purposes of extending the time for filing a notice of appeal. *See, e.g.*, *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emps.*, 571 U.S. 177, 186–87 (2014); *Moody Nat'l Bank of Galveston v. GE Life & Annuity Assurance Co.*, 383 F.3d 249, 252–53 (5th Cir. 2004). As noted above, filing a Rule 59 motion extends the time for filing a notice of appeal, so that the deadline to appeal runs from the order disposing of the Rule 59 motion. *See* Fed. R. App. P. 4(a)(4)(A)(iv).

Rule 58(e) was added to the Federal Rules in 1993.[1] As the Advisory Committee explained, "[t]his revision permits, but does not require, the court to delay the finality of the judgment for appellate purposes under revised Fed. R. App. P. 4(a) until the fee dispute is decided." Fed. R. Civ. P. 58, adv. comm. note (1993). To obtain such an extension "requires entry of an order by the district court before the time a notice of appeal becomes effective for appellate purposes." *Id.* The upshot is that a motion for attorneys' fees does not extend the time to appeal "unless a district court, acting under Rule 58, enters an order extending the time for appeal." Fed. R. App. P. 4, adv. comm. note (1993); *see also Stephanie-Cardona*, 476 F.3d at 705 ("The time to appeal is not extended unless the district court, pursuant to its authority under Fed. R. Civ. P. 58[(e)], orders that an attorney's fees motion has the effect of delaying the clock for filing the notice of appeal."); *Moody*, 383 F.3d at 252 ("In 1993, Appellate Rule 4(a)(4) was amended to include among the motions that will toll the time for filing a notice of appeal motions for attorney's fees under Rule 54 *if* the district court extends the time to appeal under Rule 58.").

Once judgment is entered, and absent the filing of a different qualifying motion that would extend the time for filing a notice of appeal, a party who has moved for attorneys' fees has two main options for ensuring a timely appeal of the underlying judgment:

---

[1] The 1993 amendments housed this provision in Rule 58(c)(2), but it was later relocated to Rule 58(e) by the 2007 amendments to the Federal Rules. *See Heck v. Triche*, 775 F.3d 265, 275 n.9 (5th Cir. 2014). For ease of reference, we refer to the rule as Rule 58(e) throughout this opinion.

First, [a party] may appeal the fee award as it would any final judgment. . . . If the party ha[s] also appealed the underlying merits judgment—as is usually the case—the two appeals would proceed independently, but either party could petition for consolidation [in the court of appeals].  Second, the party could move under Fed. R. Civ. P. 58 to enlarge the time to appeal the underlying judgment until the fee judgment is rendered.  The party could then appeal the merits judgment and the fee award together.

*Cal. Med. Ass'n v. Shalala*, 207 F.3d 575, 576 (9th Cir. 2000) (citations omitted).  The first option requires two notices of appeal, the second option just one.

Perhaps due to a healthy lawyerly paranoia for missing deadlines, common experience indicates that many litigants choose the first option.  Consolidating the appeals in this circumstance is straightforward, and there is no penalty for timely (but separately) appealing a judgment and a later-issued fee decision.  *See* Fed. R. App. P. 4(a)(4)(B)(i).[2]

---

[2] Premature notices of appeal once created serious problems.  Before 1993, the Federal Rules of Appellate Procedure provided that a notice of appeal "shall have no effect" if it was filed before the district court ruled on a qualifying post-judgment motion that extended the time to appeal. Fed. R. App. P. 4(a)(4)(A) (1979).  This created a "dire trap for the unwary," because a litigant who failed to file a new notice of appeal after a post-judgment motion was adjudicated "lost [its] chance to appeal." 16A Charles Alan Wright et al., Federal Practice & Procedure § 3950.4, at 366 (5th ed. 2019) ("Wright & Miller"); *see also Orr v. Plumb*, 884 F.3d 923, 927 (9th Cir. 2018) (explaining that confusion over a judgment's finality "could have harsh consequences, particularly with

B

Nutrition Distribution did not file a notice of appeal within 30 days of the district court's December 13, 2018 judgment. Nutrition Distribution also did not file a motion under Rule 58(e) seeking an order that the time to appeal should run from the disposition of its post-judgment attorneys' fees motion. Nor did the district court enter such an order. This leaves Nutrition Distribution in the unenviable position of asking that its motion for attorneys' fees—which was clearly styled as such and requested fees under Rule 54(d)—be recharacterized as a motion to alter or amend the judgment under Rule 59.

Our cases allow us to reconstrue a motion filed in the district court as part of ascertaining whether an appeal is timely. *See, e.g.*, *United States ex rel. Hoggett v. Univ. of Phx.*, 863 F.3d 1105, 1108 (9th Cir. 2017) ("A motion's 'nomenclature is not controlling.' Instead, 'we construe [the motion], however styled, to be the type proper for the relief requested.'") (alteration in original) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983)). And if Nutrition Distribution's Rule 54(d) motion for attorneys' fees could be recharacterized as a Rule 59 motion, the appeal of the district court's underlying judgment would be timely, because a Rule 59 motion

---

the rule then in effect that a premature notice of appeal was ineffectual if certain post-decision motions were also filed"). The 1993 amendments to the Federal Rules cured this problem by allowing a previously-filed notice of appeal to become effective after the district court's adjudication of a qualifying post-judgment motion. *See* Fed. R. App. P. 4(a)(4)(B)(i); Fed. R. App. P. 4(a)(2); Wright & Miller § 3950.4, at 366–67. As discussed below, several of the older precedents involving Rule 59 were decided in the prior regime in which premature notices of appeal were ineffective.

extends the time for filing an appeal.   Fed. R. App. P. 4(a)(4)(A)(iv).

It should be clear that Nutrition Distribution's argument, if accepted, would facilitate an end-run around Rule 58(e). Rather than having to seek the district court's permission that the time to file a notice of appeal run from the later disposition of the post-judgment fees motion, *see* Fed. R. Civ. P. 58(e), Nutrition Distribution would grant itself an extension through the expedient of recharacterizing its own motion for attorneys' fees.  The whole point of Rule 58(e) is to allow—but not require—district courts to treat attorneys' fees motions as having "the same effect" as a Rule 59 motion for purposes of filing a notice of appeal. *Ray Haluch Gravel Co.*, 571 U.S. at 186–87.   Nutrition Distribution would instead make Rule 58(e)'s procedure advisory.  It is hard to imagine this is what the drafters of the 1993 amendments to the Federal Rules had in mind.

But, as it happens, this is not what they had in mind: the 1993 amendments to the Federal Rules are based on Supreme Court cases that make clear that attorneys' fees motions cannot be recharacterized as Rule 59 motions to alter or amend the judgment.  In *White v. New Hampshire Department of Employment Security*, 455 U.S. 445 (1982), the Supreme Court rejected the view that a post-judgment motion for attorneys' fees under 42 U.S.C. § 1988 was a motion to alter or amend the judgment under Rule 59.  The Court held that "[a] motion for attorney's fees is unlike a motion to alter or amend a judgment" because "[i]t does not imply a change in the judgment, but merely seeks what is due because of the judgment." *Id.* at 452 (quotations omitted).  For this reason, "the federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits."

*Id.* at 451.  Unlike a post-judgment motion on the merits, "a request for attorney's fees under § 1988 raises legal issues collateral to the main cause of action—issues to which Rule 59(e) was never intended to apply."  *Id.*

Several years later, in *Buchanan v. Stanships, Inc.*, 485 U.S. 265 (1988) (per curiam), the Supreme Court held that a post-judgment motion for costs could not be treated as a Rule 59 motion to alter or amend the judgment.  Relying on *White*, the Court explained that like fees, the "[a]ssessment of such costs does not involve reconsideration of any aspect of the decision on the merits."  *Id.* at 268.  The Supreme Court made clear that the Federal Rules reflected "[a] sharp distinction between the judgment on the merits and an award of costs under Rule 54(d)," reiterating that "a request for costs raises issues wholly collateral to the judgment in the main cause of action."  *Id.* at 268–69.

Building further on *White*, the Supreme Court made this same point again in *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988), holding that a post-judgment motion for attorneys' fees did not prevent a judgment from becoming final.  It is "indisputable," the Court explained, "that a claim for attorney's fees is not part of the merits of the action to which the fees pertain."  *Id.* at 200.  For that reason, "[c]ourts and litigants are best served by the bright-line rule, which accords with traditional understanding, that a decision on the merits is a 'final decision' for purposes of [28 U.S.C.] § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case."  *Id.* at 202–03.

Our precedents are in accord, recognizing "*Budinich*'s emphasis on the need for a bright-line rule" based on the overarching principle that attorneys' fees "associated with the litigation at hand are indeed *always* collateral."  *U.S. for*

*Use & Benefit of Familian Nw., Inc. v. RG & B Contractors, Inc.*, 21 F.3d 952, 955 (9th Cir. 1994) (emphasis added). Indeed, we had reached substantially the same conclusion even before *Budinich* was decided.

In *Durham v. Kelly*, 810 F.2d 1500 (9th Cir. 1987), a district court entered final judgment on the merits and simultaneously ordered the parties to bear their own costs. *Id.* at 1502.  The plaintiff then filed a post-judgment motion for costs under Rules 54 and 59 and a notice of appeal, and the district court ruled on the costs request.  *Id.*  As noted above, *ante* at 11 n.2, at the time the Federal Rules provided that if a party filed a Rule 59 motion, a notice of appeal filed before a ruling on that motion "shall have no effect."  Fed. R. App. P. 4(a)(4)(A) (1979).  The question in *Durham* was thus whether the plaintiff should have filed a second notice of appeal because its costs motion was styled as a motion under Rule 59.

Relying on *White*, we held that the costs motion was not a Rule 59 motion.  And we "adopt[ed] as the law of this circuit the rule that a motion to alter or amend a judgment to award costs does not come within Rule 59(e)."  *Durham*, 810 F.2d at 1503.  Of note, the Supreme Court in *Buchanan* identified *Durham* as being on the prevailing side of the circuit split that the Court addressed in that case.  *See Buchanan*, 485 U.S. at 267.

The Supreme Court precedent discussed above provides the basis for the current state of the Federal Rules. Following *Budinich*, the Federal Rules were amended in 1993 to codify *Budinich*'s bright-line rule.  The addition of Federal Rule of Civil Procedure 58(e) and related changes to Federal Rule of Appellate Procedure 4(a)(4) make plain that a motion for attorneys' fees will not extend the time to appeal unless the district court specifically says so.  As the 1993

Advisory Committee Notes to Federal Rule of Appellate Procedure 4(a)(4) explained, "[t]o conform to a recent Supreme Court decision, however—*Budinich v. Becton Dickinson and Co.*, 486 U.S. 196 (1988)—the amendment excludes motions for attorney's fees from the class of motions that extend the filing time unless a district court, acting under Rule 58, enters an order extending the time for appeal." Fed. R. App. P. 4, adv. comm. note (1993); *see also* Fed. R. Civ. P. 58, adv. comm. note (1993) (citing *Budinich* as the background to the addition of Rule 58(e)); *Heck*, 775 F.3d at 273 ("In 1993, Congress amended FRAP 4(a)(4) to conform to *Budinich*.").

Under this framework, Nutrition Distribution's post-judgment motion for attorneys' fees cannot be treated as a Rule 59 motion to alter or amend the judgment. The text of the relevant rules distinguishes between motions for attorneys' fees under Rule 54 and motions under Rule 59. *See* Fed. R. App. P. 4(a)(4)(A)(iii)–(iv); Fed. R. Civ. P. 58(e). And *White*, *Buchanan*, and *Budinich* establish that Rule 59 does not extend to issues "collateral" to the merits of a case, such as a post-judgment motion for attorneys' fees. *See White*, 455 U.S. at 451–52; *Buchanan*, 485 U.S. at 268; *Budinich*, 486 U.S. at 200–03. Indeed, the Supreme Court reiterated this core principle just this Term. *See Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *White* for the proposition that Rule 59 generally has "only" been used to reconsider "matters properly encompassed in a decision on the merits" (quotations omitted)). The 1993 Amendments to the Federal Rules and the Supreme Court precedent upon which they were premised thus prohibit us from recharacterizing Nutrition Distribution's attorneys' fees motion as a motion under Rule 59.

## C

Against all of this, Nutrition Distribution offers three arguments for why, under the circumstances of this case, we should construe its fees motion as one under Rule 59. None of these arguments is persuasive.

### 1

Nutrition Distribution first cites *Whittaker v. Whittaker Corp.*, 639 F.2d 516 (9th Cir. 1981),[3] and *Munden v. Ultra-Alaska Associates*, 849 F.2d 383 (9th Cir. 1988), for the proposition that a fees motion is a motion under Rule 59 when it substantively challenges whether fees should be awarded "at all." But *Whittaker* and *Munden* did not involve fees motions and they both predated Rule 58(e). They are also not easily squared with the Supreme Court decisions discussed above.

*Whittaker* involved a judgment in which the district court also "included [an] award of costs to the plaintiffs" "as the prevailing party." 639 F.2d at 520. After judgment was entered, but before the time to appeal expired, the defendant moved to have the parties bear their own costs, arguing that it, and "not the plaintiffs, should be considered the prevailing party." *Id.* The district court denied the motion. *Id.* After learning that the plaintiffs would argue that the time to appeal ran from the date judgment was initially entered—and not the date of the district court's costs order—the defendant asked the district court to "determin[e] that the motion to retax costs had extended the time for filing a notice of appeal since it was a Fed. Civ. P. 59(e) motion to alter

---

[3] *Whittaker* was abrogated on grounds not relevant here in *Credit Suisse Securities (USA) LLC v. Simmonds*, 566 U.S. 221 (2012).

or amend the judgment." *Id.* The district court did so and ordered the defendant's notice of appeal accepted for filing. *Id.*

On appeal, we held that the defendant's costs motion extended the time to appeal and could be construed as a motion under Rule 59. *Whittaker* explained that "[f]or substantive challenges as to the appropriateness of awarding costs at all, especially where such challenge involves a redetermination of who was the prevailing party, Rule 59(e) may be appropriate." *Id.* at 521. Because the defendant's motion "went to the heart of how the judgment was to be characterized"—and the district court was "surely in a position to understand the ramifications of the motion"—we held that the defendant's motion to re-tax costs was "correctly construed as a Rule 59(e) motion" and thus "extended the time for filing the notice of appeal." *Id.*

*Munden* reflected a similar analysis. The plaintiff in *Munden* recovered damages in a judgment that also awarded "prejudgment interest from the date of injury." 849 F.2d at 384–85. After judgment was entered, the defendants moved to "deny [the plaintiff] prejudgment interest that had accrued after the expiration of an offer of judgment" and also "to amend the court's findings of fact and judgment." *Id.* at 385. The district court rejected the defendants' prejudgment interest argument, but "modified its damages calculation, incorporated new conclusions, and amended its findings." *Id.* The district court thereafter entered an amended judgment. *Id.*

In response, the defendants filed a further "Motion to Amend Form of Judgment," again asking the district court "to delete those costs awarded . . . that were incurred after the offer of judgment" and to award defendants their post-offer costs. *Id.* While the defendants' motion was pending,

the plaintiff filed a notice of appeal. *Id.* After the appeal was filed, the district court granted the defendants' renewed motion in an order titled "Order (Motion to Amend Judgment Granted)," deleting costs accrued after the defendants' settlement offer and "award[ing] certain costs to the defendants." *Id.* The plaintiff did not file a renewed notice of appeal.

We held that we lacked jurisdiction because the plaintiff's notice of appeal was premature and thus ineffective under the then-governing Federal Rules. *Id.* at 386–87; *see also ante* at 11 n.2. Because we construed the defendant's motion as a Rule 59 motion, the plaintiff's earlier notice of appeal was filed too early and was therefore void. *Munden*, 849 F.2d at 386–87. In reaching this conclusion, we relied on *Whittaker*, explaining that "the defendants challenged costs previously awarded on a substantive basis." *Id.* at 387. Because the request at issue involved "substantive, not merely ministerial or clerical, relief," *Munden* held that the defendants' motion was effectively a motion under Rule 59 and was treated as such by the district court. *Id.*

It should be clear by this point in our discussion that the substantive-clerical distinction in *Whittaker* and *Munden* is not easily reconciled with Supreme Court precedent. The entire point of the trio of Supreme Court cases discussed above was to fashion a straightforward rule that "looks solely to the character of the issue that remains open after the court has otherwise ruled on the merits of the case." *See Ray Haluch Gravel Co.*, 571 U.S. at 188. *Whittaker* and *Munden* treated motions for costs as cognizable under Rule 59. The Supreme Court has made clear, however, that motions for costs and attorneys' fees raise issues collateral to the judgment—"issues to which Rule 59(e) was never intended

to apply." *See White*, 455 U.S. at 451–52; *Buchanan*, 485 U.S. at 268–69; *Budinich*, 486 U.S. at 200–03.

*Whittaker* was decided before the relevant Supreme Court decisions in this area. But *Munden* was decided after them and understandably has been criticized for failing to mention *White*, *Buchanan*, or *Budinich*. *See Lentomyynti Oy v. Medivac, Inc.*, 997 F.2d 364, 367 (7th Cir. 1993) ("The [*Munden*] court did not discuss any of the relevant Supreme Court cases."). *Munden* also tried to distinguish our prior decision in *Durham* as a "narrow" case "seeking reallocation of costs requiring only clerical changes." 849 F.2d at 387. But we question whether that was a fair reading of *Durham*, 810 F.2d at 1503, a decision that was in accord with *White*, *Buchanan*, and *Budinich*, as well as other pre-existing circuit precedent. *See Int'l Ass'n of Bridge, Structural, Ornamental, & Reinforcing Ironworkers' Local Union 75 v. Madison Indus., Inc.*, 733 F.2d 656, 658–59 (9th Cir. 1984) (adopting "bright-line rule" and rejecting "case-by-case approach" to whether "judgments finally disposing of the merits are final and appealable even though questions relating to attorney's fees are unresolved").

Although *Whittaker* and *Munden* are in obvious tension with Supreme Court precedent, this case does not require us to pronounce their ultimate fate. *Whittaker* and *Munden*, which involved costs motions, were decided before the 1993 amendments to the Federal Rules, *see* Fed. R. Civ. P. 58(e); Fed. R. App. P. 4(a)(4)(A)(iii), which lay out the specific rules for the timing of notices of appeal in the context of motions for attorneys' fees. *Whittaker* and *Munden* had no occasion to consider a motion for attorneys' fees, much less Rule 58(e) or the related amendments to Federal Rule of Appellate Procedure 4(a)(4)(A). Today, it is those Rules that dictate when a fees motion can extend the time to appeal.

*See Ray Haluch Gravel Co.*, 571 U.S. at 186–87; *Stephanie-Cardona*, 476 F.3d at 705; *Moody*, 383 F.3d at 252–53; *Cal. Med. Ass'n*, 207 F.3d at 576.

Nutrition Distribution made no effort under Rule 58(e) to obtain—and did not obtain—an extension of the time to appeal due to its filing of an attorneys' fees motion. Its notice of appeal was therefore untimely as to the underlying judgment. *See Stephanie-Cardona*, 476 F.3d at 705. Although we question how *Whittaker* and *Munden* can remain good law, *see Buchanan*, 485 U.S. at 268–69, because this case involves a fees motion and not a costs motion, whether *Whittaker* and *Munden* can still govern motions for costs is a question for another day. It is enough here to hold that, under the 1993 amendments to the Federal Rules, an attorneys' fees motion will not extend the time to appeal unless the district court orders that result under Rule 58(e). *Stephanie-Cardona*, 476 F.3d at 705.

2

Nutrition Distribution next argues that its attorneys' fees motion can be reconstrued as a Rule 59 motion because the district court had previously rejected Nutrition Distribution's fee request in its summary judgment decision. The suggestion is that although an attorneys' fees motion usually cannot be recharacterized as a Rule 59 motion, it can be where there is an extant order denying fees. This theory again fails under the 1993 amendments to the Federal Rules and the decisions in *White*, *Buchanan*, and *Budinich*, which gave rise to them.

That the district court denied fees when ruling on summary judgment did not transform its initial fees ruling into part of the "judgment" to which a Rule 59 motion could apply. The earlier attorneys' fees ruling once again "raise[d]

legal issues collateral to the main cause of action—issues to which Rule 59(e) was never intended to apply." *White*, 455 U.S. at 451.

Other circuits confronting similar situations as here— *i.e.*, an initial decision denying fees and a post-judgment motion renewing the request for fees—have likewise held that the time to appeal the original judgment was not based on the denial of the later fees motion. *See Yost v. Stout*, 607 F.3d 1239, 1243 (10th Cir. 2010) ("[The] 'Motion to Alter or Amend Judgment' did not challenge the district court's judgment on the merits, but only challenged the court's denial of fees. We therefore conclude that the motion concerned only a collateral issue—attorney's fees—and was properly construed as a motion brought pursuant to Rule 54(d) rather than Rule 59(e)."); *Moody*, 383 F.3d at 253 ("[R]eading (4)(a)(4) and the rule it refers to—Rule 58— together, it is clear to us that any post-judgment motion addressing costs or attorney's fees must be considered a collateral issue even when costs or attorney's fees are included in a final judgment."). These authorities as well confirm that under the Federal Rules, it is the character of a motion for attorneys' fees, rather than its timing, that prevents us from recharacterizing Nutrition Distribution's motion as a Rule 59 motion. *See Ray Haluch Gravel Co.*, 571 U.S. at 188; *Budinich*, 486 U.S. at 200–03.

3

Finally, Nutrition Distribution argues that by challenging the district court's finding that the case was not "exceptional" under the Lanham Act, its post-judgment attorneys' fees motion addressed "substantive" issues already adjudicated in the case. This, according to Nutrition Distribution, brings its motion for attorneys' fees under the umbrella of Rule 59.

Nutrition Distribution's argument on this point relies on *Hairline Creations, Inc. v. Kefalas*, 664 F.2d 652 (7th Cir. 1981). In that case, the Seventh Circuit held that a post-judgment motions for attorneys' fees under the Lanham Act should be treated as a Rule 59 motion, explaining that:

> whether a trademark case is "exceptional" cannot be separated from whether trademark rights have been violated or abused. This identity of issues weds the determination of attorneys' fees to the final judgment. It is because of this bond that a motion for fees after judgment is necessarily a Rule 59(e) motion to alter or amend the judgment.

*Id.* at 659.

The Seventh Circuit believed that because any finding that the case was "exceptional" would conflict with the district court's previous rulings in that case, "the attorneys' fees motion thus would have required reexamination of factual findings and legal conclusions in the judgment." *Id.* This meant the motion was really a motion to alter or amend the judgment under Rule 59. *Id.*

*Hairline* is not easily reconciled with the Supreme Court's later decisions in *White*, *Buchanan*, and *Budinich*. Those cases underscored the distinction between the judgment and an award of fees or costs under Rule 54(d). *See White*, 455 U.S. at 451–52; *Buchanan*, 485 U.S. at 268; *Budinich*, 486 U.S. at 200. In fact, *Hairline* relied on the First Circuit's decision in *White*, which the Supreme Court later overruled. *White*, 455 U.S. at 451–52.

For these reasons, the Seventh Circuit has itself questioned whether *Hairline* survives the Supreme Court's

decisions in this area, calling *Hairline* an "outlier" and distinguishing it when possible.   *See Bittner v. Sadoff & Rudoy Indus.*, 728 F.2d 820, 827 (7th Cir. 1984), *overruled on other grounds by McCarter v. Ret. Plan for Dist. Managers of Am. Fam. Ins. Grp.*, 540 F.3d 649 (7th Cir. 2008); *Exch. Nat'l Bank of Chi. v. Daniels*, 763 F.2d 286, 293–94 (7th Cir.), *amended on reh'g in part*, 768 F.2d 140 (7th Cir. 1985) (explaining that the circuit has "distinguished *Hairline* on razor-thin grounds," referred to it an "outlier," and "questioned whether it survived *White*").

Other courts have also recognized that *Hairline* is inconsistent with later Supreme Court decisions.   *See SGS-Thomson Microelectronics, Inc. v. Int'l Rectifier Corp.*, 31 F.3d 1177 (Table) (Fed. Cir. 1994) ("*Hairline* was decided by the Seventh Circuit before *Budinich* and *White* and hence has little precedential value."); *Specht v. Google, Inc.*, 805 F. Supp. 2d 551, 556 (N.D. Ill. 2011) ("While *Hairline Creations* may technically still be viable, it appears relegated to the back corner of a locked closet, with the Seventh Circuit disregarding it.").

*Hairline*'s endeavor to identify attorneys' fees provisions that touch on the "substance" or "merits" of a case is inconsistent with the "bright-line" rule that attorneys' fees issues are not part of the judgment.   *Budinich*, 486 U.S. at 202.   The Supreme Court in *Budinich* squarely rejected an approach "that requires the merits or nonmerits status of each attorney's fee provision to be clearly established before the time to appeal can be clearly known."   *Id.*   And we cannot revive a framework for assessing fee requests that conflicts with the 1993 amendments to the Federal Rules and the decision in *Budinich* on which those amendments were based.

Our decision in this regard aligns with *Gnesys, Inc. v. Greene*, 437 F.3d 482 (6th Cir. 2005), another Lanham Act case. In *Gnesys*, the notice of appeal was filed within 30 days of the district court's order granting attorneys' fees under the Act's "exceptional case" provision. *Id.* at 485. But the notice of appeal was filed more than 30 days after two other relevant orders in the case (for contempt and damages). *Id.* In holding the appeal was untimely as to the contempt judgment and damages award, the Sixth Circuit relied on the "clear message of *Budinich*" to "reaffirm" that "a decision awarding attorney's fees is not part of the merits for purposes of determining if the lower court issued a 'final decision.'" *Id.* at 487. This was the result commanded by *Budinich*, "even if the attorney's fees" at issue "are authorized by statute," as they are under the Lanham Act. *Id.*

*Gnesys*, and not *Hairline*, is the more faithful application of Supreme Court precedent in the context of notices of appeal involving the Lanham's Act "exceptional case" provision for attorneys' fees.[4]

III

Although its notice of appeal was untimely as to the district court's December 13, 2018 judgment, the notice of appeal was timely filed within 30 days of the district court's January 30, 2019 denial of attorneys' fees. Fed. R. App.

---

[4] Even if the timeliness issue were not jurisdictional, IronMag did not waive or forfeit its timeliness objection. We would therefore still be required to treat the appeal as untimely. *See Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 714 (2019) ("Courts may not disregard a properly raised procedural rule's plain import any more than they may a statute's.").

P. 4(a)(1)(A).  We thus have jurisdiction to review the latter order.[5]

As noted, the Lanham Act allows an award of attorneys' fees in "exceptional cases."  15 U.S.C. § 1117(a).  A denial of attorneys' fees under this Act is reviewed for abuse of discretion.  *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180–81 (9th Cir. 2016) (en banc) (per curiam).  We have held that because the Lanham Act "*permits*, but does not mandate, an award of attorneys' fees" in "exceptional" circumstances, "[a] party alleging that the district court erred by failing to award attorneys' fees under § 1117 faces an uphill battle."  *Gracie v. Gracie*, 217 F.3d 1060, 1071 (9th Cir. 2000).

The district court did not abuse its discretion in denying fees.  The district court found that Nutrition Distribution's post-judgment motion for attorneys' fees violated certain local rules.  The district court also based its denial of fees on the fact that Nutrition Distribution had failed to show injury or damage resulting from IronMag's advertising, or proof that IronMag had engaged in litigation misconduct or violated the district court's injunction.  These facts—combined with Nutrition Distribution's decision to file over 80 similar lawsuits in a three-year span—do not make this case "stand[] out from others" as "exceptional."  *See SunEarth*, 839 F.3d at 1180.

\*   \*   \*

---

[5] Nutrition Distribution's unopposed motion for judicial notice is granted.

We affirm the district court's denial of attorneys' fees. We otherwise dismiss the appeal for lack of jurisdiction.

**DISMISSED IN PART AND AFFIRMED IN PART.**